# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **Cheetah Omni LLC,** a Texas Limited Liability Company, *Plaintiff*, vs. **Alcatel-Lucent USA Inc.**, a Delaware corporation, **Alcatel-Lucent Holdings, Inc.**, a Delaware corporation, **Ciena Corporation**, a Delaware corporation, **Ciena Communications, Inc.**, a Delaware corporation, **Fujitsu Network Communications, Inc.**, a California corporation, **Tellabs, Inc.**, a Delaware corporation, **Tellabs Operations, Inc.**, a Delaware corporation, **Tellabs North America, Inc.**, a Delaware corporation, **Nokia Siemens Networks US LLC**, a Delaware corporation, **Futurewei Technologies, Inc.**, a Texas corporation. *Defendants*. | HONORABLE LEONARD DAVIS<br><br>Case No. 6:11CV390<br><br>JURY TRIAL DEMANDED |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Cheetah Omni L.L.C. ("Cheetah Omni"), by and through its counsel, for its Complaint against Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings, Inc. (collectively "Alcatel-Lucent"), Ciena Communications, Inc. and Ciena Corporation (collectively "Ciena"), Fujitsu Network Communications, Inc. ("Fujitsu"), Tellabs, Inc., Tellabs North America, Inc. and Tellabs Operations, Inc. (collectively "Tellabs"), Nokia Siemens Networks US LLC ("Nokia

Siemens"), and Futurewei Technologies, Inc. ("Futurewei") (all collectively referred to as "defendants") alleges as follows:

## The Parties

1. Plaintiff Cheetah Omni is a Texas Limited Liability Company (Filing No. 800108661) that does business in this judicial district and elsewhere.

2. On information and belief, defendant Alcatel–Lucent USA Inc. is a Delaware corporation with its principal place of business at 600 Mountain Avenue Murray Hill, New Jersey 07974, is doing business at 3400 West Plano Parkway, Plano, Texas 75075, and is registered to do business in the State of Texas (Filing No. 10792706).

3. On information and belief, defendant Alcatel–Lucent Holdings, Inc. is a Delaware corporation with its principal place of business at 3400 West Plano Parkway, Plano, Texas 75075.

4. On information and belief, defendant Ciena Corporation is a Delaware corporation with a principal place of business at 1201 Winterson Road Linthicum, Maryland 21090 and is doing business in the Eastern District and elsewhere in the State of Texas.

5. On information and belief, defendant Ciena Communications, Inc. is a Delaware corporation with its principal place of business at 1201 Winterson Road Linthicum, Maryland 21090, is doing business at 2425 North Central Expressway, Suite 900, Richardson, Texas 75080, and is registered to do business in the State of Texas (Filing No. 12044806).

6. On information and belief, defendant Fujitsu is a California corporation with a place of business at 2801 Telecom Parkway, Richardson, Texas 75082 and is registered to do business in the State of Texas (Filing No. 8949606).

7. On information and belief, defendant Tellabs, Inc. is a Delaware corporation with its principal place of business at One Tellabs Center 1415 West Diehl Road Naperville, Illinois 60563 and is doing business in the Eastern District and elsewhere in the State of Texas.

8. On information and belief defendant Tellabs North America, Inc. is a Delaware corporation with its principal place of business at One Tellabs Center 1415 West Diehl Road Naperville, Illinois 60563, is doing business in the Eastern District and elsewhere in the State of Texas, and is registered to do business in the State of Texas (Filing No. 12482506).

9. On information and belief, defendant Tellabs Operations, Inc. is a Delaware corporation with its principal place of business at One Tellabs Center 1415 West Diehl Road Naperville, Illinois 60563, is doing business at 18583 North Dallas Parkway, Dallas, Texas 75287, and is registered to do business in the State of Texas (Filing No. 9048606).

10. On information and belief, defendant Nokia Siemens is a Delaware limited liability company with its principal place of business at 1614 Sidney Baker Street Kerrville, Texas 78028, is doing business at 6000 Connection Drive, Irving, Texas 75039, and is registered to do business in the State of Texas (Filing No. 800745264).

11. On information and belief, defendant Futurewei Technologies, Inc. is a Texas corporation with its principal place of business at 5700 Tennyson Parkway Suite 500 Plano, Texas 75024 and is registered to do business in the State of Texas (Filing No. 801242979).

## Jurisdiction and Venue

12. The claims pleaded herein arise under the Patent Act, 35 U.S.C. § 1 et seq.

13. Subject matter jurisdiction for the pleaded claims is conferred upon the Court by 28 U.S.C. §§ 1331 and 1338.

14. Plaintiff Cheetah Omni resides in this district. Upon information and belief, all defendants regularly and continuously engage in substantial sales and other business transactions in the Eastern District of Texas, all defendants except Nokia Siemens have one or more regular and established places of business within this district, and all defendants have committed acts of patent infringement in this district. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400.

## Patents-In-Suit

15. On April 19, 2005, U.S. Patent No. 6,882,771 ("the '771 patent") (Exhibit A), titled "Apparatus and Method for Providing Gain Equalization," was duly and lawfully issued to inventors Mohammed N. Islam and Amos Kuditcher.

16. On March 4, 2008, U.S. Patent No. 7,339,714 ("the '714 patent") (Exhibit B), titled "Variable Blazed Grating Based Signal Processing," was duly and lawfully issued to inventor Mohammed N. Islam.

17. On May 3, 2005, U.S. Patent No. 6,888,661 ("the '661 patent") (Exhibit C), titled "Square Filter Function Tunable Optical Devices," was duly and lawfully issued to inventors Mohammed N. Islam and Amos Kuditcher.

18. On January 25, 2005, U.S. Patent No. 6,847,479 ("the '479 patent") (Exhibit D), titled "Variable Blazed Grating," was duly and lawfully issued to inventors Mohammed N. Islam and Amos Kuditcher.

19. On February 15, 2005, U.S. Patent No. 6,856,459 ("the '459 patent") (Exhibit E), titled "Apparatus and Method for Controlling Polarization of an Optical Signal," was duly and lawfully issued to inventors Mohammed N. Islam and Amos Kuditcher.

20. On September 6, 2005, U.S. Patent No. 6,940,647 ("the '647 patent") (Exhibit F), titled "Apparatus and Method for Controlling Polarization of an Optical Signal," was duly and lawfully issued to inventors Mohammed N. Islam and Amos Kuditcher.

21. On "October 3, 2006, U.S. Patent No. 7,116,862 ("the '862 patent") (Exhibit G), titled "Apparatus and Method for Providing Gain Equalization," was duly and lawfully issued to inventors Mohammed N. Islam and Amos Kuditcher.

22. Plaintiff Cheetah Omni has been, and is, the owner throughout the period of the defendants' infringing acts by assignment of the '771, '714, '661, '479, '459, '647 and '862 patents.

## Count I - Patent Infringement of U.S. Patent No. 6,882,771

23. Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-22.

24. Defendant Ciena has infringed and is directly infringing claims 8, 11-15, and 18-21 of the '771 patent, by making, using, offering for sale, selling, and/or importing in the United States certain Reconfigurable Optical Add-Drop Multiplexer ("ROADM") products that embody the claimed invention, including but not limited to the Nortel 6500 ROADM.

25. Defendant Fujitsu has infringed and is directly infringing claims 8, 11-15, and 18-21 of the '771 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the Flashwave 7500. The infringement allegations of this paragraph do not include the manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

26. Defendant Nokia Siemens has infringed and is directly infringing claims 8, 11-15, and 18-21 of the '771 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the SURPASS hiT 7500.

27. Defendant Futurewei has infringed and is directly infringing claims 8, 11-15, and 18-21 of the '771 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the OSN8800/6800.

28. Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Count II - Patent Infringement of U.S. Patent No. 7,339,714

29. Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-28.

30. Defendant Ciena has infringed and is directly infringing claims 1-3, 5, 7 and 18-19 of the '714 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the Nortel 6500 ROADM.

31. Defendant Fujitsu has infringed and is directly infringing claims 1-3, 5, 7 and 18-19 of the '714 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the Flashwave 7500. The infringement allegations of this paragraph do not include the

manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

32. Defendant Nokia Siemens has infringed and is directly infringing claims 1-3, 5, 7 and 18-19 of the '714 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the SURPASS hiT 7500.

33. Defendant Futurewei has infringed and is directly infringing claims 1-3, 5, 7 and 18-19 of the '714 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

34. Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Count III - Patent Infringement of U.S. Patent No. 6,888,661

35. Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-34.

36. Defendant Alcatel-Lucent has infringed and is directly infringing claims 1-2, 6-8, 11, 15, 25-27, 29-31, 48-50, 52, 55 and 60 of the '661 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

37. Defendant Fujitsu has infringed and is directly infringing claims 1-2, 6-8, 11, 15, 25-27, 29-31, 48-50, 52, 55 and 60 of the '661 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed

invention, including but not limited to the 9500 ROADM. The infringement allegations of this paragraph do not include the manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

38. Defendant Nokia Siemens has infringed and is directly infringing claims 1-2, 6-8, 11, 15, 25-27, 29-31, 48-50, 52, 55 and 60 of the '661 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the SURPASS hiT 7500.

39. Defendant Futurewei has infringed and is directly infringing claims 1-2, 6-8, 11, 15, 25-27, 29-31, 48-50, 52, 55 and 60 of the '661 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the OSN 6800 ROADM.

40. Defendant Tellabs has infringed and is directly infringing claims 1-2, 6-8, 11, 15, 25-27, 29-31, 48-50, 52, 55 and 60 of the '661 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody that claimed invention, including but not limited to the 7100 ROADM.

41. Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Count IV - Patent Infringement of U.S. Patent No. 6,847,479

42. Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-41.

43. Defendant Alcatel-Lucent has infringed and is directly infringing claims 13-18, 20, 23-27, 50-60 and 64 of the '479 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

44. Defendant Fujitsu has infringed and is directly infringing claims 13-18, 20, 23-27, 50-60 and 64 of the '479 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the 9500 ROADM. The infringement allegations of this paragraph do not include the manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

45. Defendant Tellabs has infringed and is directly infringing claims 13-15, 17, 18, 20, 23, 25-27 of the '479 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the 7100 ROADM.

46. Defendant Nokia Siemens has infringed and is directly infringing claims 13-18, 20, 23-27, 50-60 and 64 of the '479 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody that claimed invention, including but not limited to the hiT 7500.

47. Defendant Futurewei has infringed and is directly infringing claims 13-18, 20, 23-27, 50-60 and 64 of the '479 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the OSN 6800 ROADM.

48. Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Count V - Patent Infringement
## of U.S. Patent No. 6,856,459

49. Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-48.

50. Defendant Tellabs has infringed and is directly infringing claims 1 and 14-17 of the '459 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

51. Defendant Alcatel-Lucent has infringed and is directly infringing claims 1 and 14-17 of the '459 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

52. Defendant Ciena has infringed and is directly infringing claims 1 and 14-17 of the '459 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

53. Defendant Fujitsu has infringed and is directly infringing claims 1 and 14-17 of the '459 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention. The infringement allegations of this paragraph do not include the manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

54. Defendant Futurewei has infringed and is directly infringing claims 1 and 14-17 of the '459 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

55.     Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Count VI - Patent Infringement
## of U.S. Patent No. 6,940,647

56.     Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-55.

57.     Defendant Tellabs has infringed and is directly infringing claims 1-2, 8-12, 15-16, 20, 22, 24, 26 and 29 of the '647 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

58.     Defendant Alcatel-Lucent has infringed and is directly infringing claims 1-2, 8-12, 15-16, 20, 22, 24, 26 and 29 of the '647 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

59.     Defendant Ciena has infringed and is directly infringing claims 1-2, 8-12, 15-16, 20, 22, 24, 26 and 29 of the '647 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

60.     Defendant Fujitsu has infringed and is directly infringing claims 1-2, 8-12, 15-16, 20, 22, 24, 26 and 29 of the '647 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention. The infringement allegations of this paragraph do not include the manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

61. Defendant Futurewei has infringed and is directly infringing claims 1-2, 8-12, 15-16, 20, 22, 24, 26 and 29 of the '647 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

62. Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Count VII - Patent Infringement of U.S. Patent No. 7,116,862

63. Plaintiff Cheetah Omni reaffirms and realleges the allegations contained in the above paragraphs 1-62.

64. Defendant Ciena has infringed and is directly infringing claims 1-7 and 9-20 of the '862 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the 6500 ROADM.

65. Defendant Fujitsu has infringed and is directly claims 1-7 and 9-20 of the '862 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the 7500 ROADM. The infringement allegations of this paragraph do not include the manufacture, use, sale, offer for sale, lease, license, importation or other provisions of products, systems and services to Verizon, for which Cheetah has granted Fujitsu a license.

66. Defendant Nokia Siemens has infringed and is directly infringing claims 1-7 and 9-20 of the '862 patent, by making, using, offering for sale, selling, and/or importing in the

United States certain ROADM products that embody the claimed invention, including but not limited to the SURPASS hiT 7500.

67. Defendant Futurewei has infringed and is directly infringing claims 1-7 and 9-20 of the '862 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention.

68. Plaintiff Cheetah Omni has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

## Prayer for Relief

**WHEREFORE**, Plaintiff Cheetah Omni requests entry of a judgment against defendants granting relief as follows:

A. Finding defendant Alcatel-Lucent liable for infringement of the '661, '459, '647 and '479 patents;

B. Finding defendant Ciena liable for infringement of the '771, '459, '647, '714 and '862 patents;

C. Finding defendant Fujitsu liable for infringement of the '771, '459, '647, '714, '661, '479 and '862 patents beyond the license Cheetah granted to Fujitsu;

D. Finding defendant Tellabs liable for infringement of the '661, '479, '459 and '647 patents;

E. Finding defendant Nokia Siemens liable for infringement of the '771, '714, '661, '479 and '862 patents;

F. Finding defendant Futurewei liable for infringement of the '771, '459, '647, '714, '661, '479 and '862 patents;

G. Preliminary and permanent injunctive relief restraining Alcatel-Lucent, together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert or participation with the defendants who receive actual notice of the order, from further infringement of the '661, '459, '647 and '479 patents;

H. Preliminary and permanent injunctive relief restraining Ciena, together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert or participation with the defendants who receive actual notice of the order, from further infringement of the '771, '459, '647, '714 and '862 patents;

I. Preliminary and permanent injunctive relief restraining Fujitsu, together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert or participation with the defendants who receive actual notice of the order, from further infringement of the '771, '459, '647, '714, '661, '479 and '862 patents beyond the license Cheetah granted to Fujitsu;

J. Preliminary and permanent injunctive relief restraining Tellabs, together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert or participation with the defendants who receive actual notice of the order, from further infringement of the '661, '479, '459 and '647 patents;

K. Preliminary and permanent injunctive relief restraining Nokia Siemens, together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert or participation with the defendants who receive actual notice of the order, from further infringement of the '771, '714, '661, '479 and '862 patents;

L. Preliminary and permanent injunctive relief restraining Futurewei, together with any officers, agents, servants, employees, and attorneys, and such other persons in active concert

or participation with the defendants who receive actual notice of the order, from further infringement of the '771, '459, '647, '714, '661, '479 and '862 patents;

M.  Awarding plaintiff Cheetah Omni damages adequate to compensate for defendants' infringement;

N.  Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding plaintiff Cheetah Omni its reasonable attorney's fees, costs, and disbursements;

O.  Awarding plaintiff Cheetah Omni interest on all damages awarded; and

P.  Granting such other, further and different relief as may be just and equitable on the proofs.

## Demand for Jury Trial

Plaintiff Cheetah Omni demands a trial by jury for all issues so triable.

Respectfully submitted,

Date: October 14, 2011          By:  /s/ Thomas A. Lewry
                                Thomas A. Lewry (MI Bar No. P36399)
                                (Lead Attorney)
                                John S. Le Roy (MI Bar No. P61964)
                                Robert C.J. Tuttle (MI Bar No. P25222)
                                John M. Halan (MI Bar No. P37616)
                                John R. Buser (MI Bar No. P64758)
                                Christopher C. Smith (MI Bar No. P73936)
                                **BROOKS KUSHMAN P.C.**
                                1000 Town Center, 22nd Floor
                                Southfield, Michigan 48075-1238
                                Tel:  (248) 358-4400 C Fax:  (248) 358-3351
                                Email: tlewry@brookskushman.com
                                       jleroy@brookskushman.com
                                       rtuttle@brookskushman.com
                                       jhalan@brookskushman.com
                                       jbuser@brookskushman.com
                                       csmith@brookskushman.com

        T. John Ward, Jr. (TX State Bar No. 00794818)
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Tel: (903) 757-6400 C Fax: (903) 757-2323
Email: jw@jwfirm.com

Joe Kendall (TX State Bar No. 11260700)
**Provost Umphrey, L.L.P.**
490 Park Street, P.O. Box 4905
Beaumont, Texas 77704
Tel: (409) 835-6000 C Fax: (409) 838-8888
Email: jkendall@provostumphrey.com

*Attorneys for Plaintiff Cheetah Omni LLC*

## CERTIFICATE OF ELECTRONIC SERVICE

The undersigned hereby certifies that counsel of record for all named Defendants who are registered and have consented to electronic filing are being served with a copy of this document via e-mail pursuant to LR CV-5(d) on **October 14, 2011**.

      /s/ Thomas A. Lewry
Thomas A. Lewry