# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **CHEETAH OMNI LLC,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **ALCATEL-LUCENT USA INC.,** | ) |
| **ALCATEL-LUCENT HOLDINGS, INC.,** | ) |
| **CIENA CORPORATION, CIENA** | ) Civil Action No. 6:11-cv-390 (LED) |
| **COMMUNICATIONS, INC., FUJITSU** | ) |
| **NETWORK COMMUNICATIONS, INC.,** | ) **JURY TRIAL DEMANDED** |
| **TELLABS, INC., TELLABS** | ) |
| **OPERATIONS, INC., TELLABS NORTH** | ) |
| **AMERICA, INC., NOKIA SIEMENS** | ) |
| **NETWORKS US LLC, FUTUREWEI** | ) |
| **TECHNOLOGIES, INC.** | ) |
| | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT ALCATEL-LUCENT USA INC.'S ANSWER TO AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS

Defendant Alcatel-Lucent USA Inc. ("Alcatel-Lucent") for its Answer to the Amended Complaint For Patent Infringement and Demand for Jury Trial ("Amended Complaint") of Plaintiff Cheetah Omni LLC ("Cheetah Omni") responds to the numbered paragraphs of the Amended Complaint with the following corresponding paragraphs:

To the extent any response is required to the unnumbered preamble of the Amended Complaint: Denied.

## PARTIES

1. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and therefore denies them.

2. Alcatel-Lucent admits that it is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ 07974. Alcatel-Lucent further admits that it is registered to do business in the State of Texas. Except as so admitted, Alcatel-Lucent denies the allegations of paragraph 2.

3. Alcatel-Lucent Holdings, Inc. was dismissed from this action and therefore no response to paragraph 3 is required.

4. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 and therefore denies them.

5. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 and therefore denies them.

6. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 and therefore denies them.

7. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 and therefore denies them.

8. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore denies them.

9. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore denies them.

10. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore denies them.

11. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore denies them.

## JURISDICTION AND VENUE

12.     Alcatel-Lucent admits that Cheetah Omni's Amended Complaint purports to bring an action under the Patent Act, 35 U.S.C. §1 *et seq.*, but denies that Alcatel-Lucent has committed any acts of infringement and further denies that Cheetah Omni is entitled to any relief.  Alcatel-Lucent denies any remaining allegations of paragraph 12.

13.     Alcatel-Lucent admits that this Court has subject matter jurisdiction over these patent law claims.  Alcatel-Lucent denies any remaining allegations of paragraph 13.

14.     Alcatel-Lucent admits that venue is proper in the Eastern District of Texas for purposes of this particular action, but denies that venue in this judicial district is convenient or in the interest of justice under 28 U.S.C. 1404(a).  Alcatel-Lucent further admits that it has transacted certain business in this judicial district, but denies that such business included any acts of patent infringement.  Alcatel-Lucent denies any remaining allegations of paragraph 14.

## THE PATENTS-IN-SUIT

15.     Alcatel-Lucent admits that U.S. Patent No. 6,882,771 ("the '771 patent") is entitled "Apparatus and Method for Providing Gain Equalization" and that a copy of the '771 patent is attached to Cheetah Omni's Amended Complaint as Exhibit A.  Alcatel-Lucent also admits that, on its face, the '771 patent bears an issue date of April 19, 2005 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, but denies that the '771 patent was duly and lawfully issued.   Alcatel-Lucent denies any remaining allegations of paragraph 15.

16.     Alcatel-Lucent admits that U.S. Patent No. 7,339,714 ("the '714 patent") is entitled "Variable Blazed Grating Based Signal Processing" and that a copy of the '714 patent is attached to Cheetah Omni's Amended Complaint as Exhibit B.  Alcatel-Lucent also admits that, on its face, the '714 patent bears an issue date of March 4, 2008 and identifies Mohammed N.

Islam as the named inventor, but denies that the '714 patent was duly and lawfully issued. Alcatel-Lucent denies any remaining allegations of paragraph 16.

17. Alcatel-Lucent admits that U.S. Patent No. 6,888,661 ("the '661 patent") is entitled "Square Filter Function Tunable Optical Devices" and that a copy of the '661 patent is attached to Cheetah Omni's Amended Complaint as Exhibit C. Alcatel-Lucent also admits that, on its face, the '661 patent bears an issue date of May 3, 2005 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, but denies that the '661 patent was duly and lawfully issued. Alcatel-Lucent denies any remaining allegations of paragraph 17.

18. Alcatel-Lucent admits that U.S. Patent No. 6,847,479 ("the '479 patent") is entitled "Variable Blazed Grating" and that a copy of the '479 patent is attached to Cheetah Omni's Amended Complaint as Exhibit D. Alcatel-Lucent also admits that, on its face, the '479 patent bears an issue date of January 25, 2005 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, but denies that the '479 patent was duly and lawfully issued. Alcatel-Lucent denies any remaining allegations of paragraph 18.

19. Alcatel-Lucent admits that U.S. Patent No. 6,856,459 ("the '459 patent") is entitled "Apparatus and Method for Controlling Polarization of an Optical Signal" and that a copy of the '459 patent is attached to Cheetah Omni's Amended Complaint as Exhibit E. Alcatel-Lucent also admits that, on its face, the '459 patent bears an issue date of February 15, 2005 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, but denies that the '459 patent was duly and lawfully issued. Alcatel-Lucent denies any remaining allegations of paragraph 19.

20. Alcatel-Lucent admits that U.S. Patent No. 6,940,647 ("the '647 patent") is entitled "Apparatus and Method for Controlling Polarization of an Optical Signal" and that a

copy of the '647 patent is attached to Cheetah Omni's Amended Complaint as Exhibit F. Alcatel-Lucent also admits that, on its face, the '647 patent bears an issue date of September 6, 2005 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, but denies that the '647 patent was duly and lawfully issued. Alcatel-Lucent denies any remaining allegations of paragraph 20.

21. Alcatel-Lucent admits that U.S. Patent No. 7,116,862 ("the '862 patent") is entitled "Apparatus and Method for Providing Gain Equalization" and that a copy of the '862 patent is attached to Cheetah Omni's Amended Complaint as Exhibit G. Alcatel-Lucent also admits that, on its face, the '862 patent bears an issue date of October 3, 2006 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, but denies that the '862 patent was duly and lawfully issued. Alcatel-Lucent denies any remaining allegations of paragraph 21.

22. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and therefore denies them.

## **COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,882,771**

23. Alcatel-Lucent restates its responses contained in the above paragraphs 1-22 of this Answer as if fully set forth herein.

24. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25, and therefore denies them.

26. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.

28. The allegations of paragraph 28 are not directed at Alcatel-Lucent, and therefore no answer is required. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 7,339,714

29. Alcatel-Lucent restates its responses contained in the above paragraphs 1-28 of this Answer as if fully set forth herein.

30. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30, and therefore denies them.

31. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31, and therefore denies them.

32. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32, and therefore denies them.

33. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34. The allegations of paragraph 34 are not directed at Alcatel-Lucent, and therefore no answer is required. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34, and therefore denies them.

## COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,888,661

35. Alcatel-Lucent restates its responses contained in the above paragraphs 1-34 of this Answer as if fully set forth herein.

36. Denied.

37. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

39. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, and therefore denies them.

40. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40, and therefore denies them.

41. To the extent paragraph 41 contains allegations directed to Alcatel-Lucent, those allegations are denied. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

## **COUNT IV: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,847,479**

42. Alcatel-Lucent restates its responses contained in the above paragraphs 1-41 of this Answer as if fully set forth herein.

43. Denied.

44. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore denies them.

45. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, and therefore denies them.

46. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore denies them.

47. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and therefore denies them.

48. To the extent paragraph 48 contains allegations directed to Alcatel-Lucent, those allegations are denied. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 48, and therefore denies them.

### COUNT V: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,856,459

49. Alcatel-Lucent restates its responses contained in the above paragraphs 1-48 of this Answer as if fully set forth herein.

50. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

51. Denied.

52. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52, and therefore denies them.

53. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53, and therefore denies them.

54. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54, and therefore denies them.

55. To the extent paragraph 55 contains allegations directed to Alcatel-Lucent, those allegations are denied. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 55, and therefore denies them.

### COUNT VI: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,940,647

56. Alcatel-Lucent restates its responses contained in the above paragraphs 1-55 of this Answer as if fully set forth herein.

57. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57, and therefore denies them.

58. Denied.

59. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59, and therefore denies them.

60. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 60, and therefore denies them.

61. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61, and therefore denies them.

62. To the extent paragraph 62 contains allegations directed to Alcatel-Lucent, those allegations are denied. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 62, and therefore denies them.

**COUNT VII: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,940,647**

63. Alcatel-Lucent restates its responses contained in the above paragraphs 1-62 of this Answer as if fully set forth herein.

64. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64, and therefore denies them.

65. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65, and therefore denies them.

66. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, and therefore denies them.

67. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67, and therefore denies them.

68. The allegations of paragraph 68 are not directed at Alcatel-Lucent, and therefore no answer is required. Alcatel-Lucent is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68, and therefore denies them.

## ANSWER TO PRAYER FOR RELIEF

To the extent any response is required to any paragraph of Cheetah Omni's Prayer for Relief, including without limitation its unnumbered paragraph and paragraphs it has labeled A-P, Alcatel-Lucent denies that Cheetah Omni is entitled to any of the requested relief and denies any allegations of its Prayer for Relief. Alcatel-Lucent further denies each and every allegation in the Amended Complaint to which it has not specifically responded.

## DEMAND FOR JURY TRIAL

This paragraph sets forth Cheetah Omni's request for a trial by jury of any and all issues triable of right before a jury to which no response is required.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Alcatel-Lucent alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law and without reducing or removing Cheetah Omni's burden of proof on its affirmative claims against Alcatel-Lucent, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Alcatel-Lucent specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

1. Alcatel-Lucent does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '661, '459, '647, or '479 patents, either literally or under the doctrine of equivalents.

2. The claims of the '661, '459, '647, or '479 patents are invalid and/or unenforceable for failure to satisfy one or more of the requirements of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

3. Cheetah Omni is estopped, based on statements, representations, and admissions made during prosecution of the applications that led to the '661, '459, '647, or '479 patents from asserting any interpretation of the claims of those patents that would be broad enough to cover any of Alcatel-Lucent's products or methods alleged to infringe those patents, either literally or under the doctrine of equivalents.

4. Cheetah Omni's claims are barred, in whole in part, by the doctrine of waiver (express or implied), laches, acquiescence, estoppel, and/or equitable estoppel.

5. Cheetah Omni is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Cheetah Omni is no immediate or irreparable, Cheetah Omni has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

6. Any claim by Cheetah Omni for damages is limited by 35 U.S.C. §§ 286 or 287. Cheetah Omni is barred by 35 U.S.C. § 288 from recovering costs associated with this action.

7. Alcatel-Lucent reserves the right to amend its Answer to add additional Affirmative Defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity (including but not limited to instances of inequitable conduct, unclean hands, patent misuse, and/or implied license) as they become known throughout the course of discovery in this case. Assertion of a defense is not a concession that Alcatel-Lucent has the burden of proving the matter asserted.

## COUNTERCLAIMS

Alcatel-Lucent, for its Counterclaims against Cheetah Omni, states as follows:

## THE PARTIES

1. Defendant Alcatel-Lucent USA Inc. ("Alcatel-Lucent") is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974.

2. On information and belief, Plaintiff Cheetah Omni LLC ("Cheetah Omni") is a corporation organized and existing under the laws of Texas having an address at 907 Twin Creeks Drive, Allen, Texas 75013.

## JURISDICTION AND VENUE

3. Subject to Alcatel-Lucent's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

4. To the extent Cheetah Omni's claims are adjudicated in this venue, venue for these Counterclaims is proper in this district for purposes of this particular action only, but, as indicated above, Alcatel-Lucent disputes that venue is more proper or more convenient here than in other jurisdictions. Alcatel-Lucent reserves its rights to seek transfer of this case to another jurisdiction pursuant to Federal Rule of Civil Procedure § 1404(a).

5. This Court has personal jurisdiction over Cheetah Omni because, at a minimum, it is alleged to reside in this State and Judicial District and has subjected itself to same by filing the underlying action for alleged infringement.

## COUNT ONE

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,888,661

6. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

7. By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,888,661 ("the '661 patent").

8. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '661 patent.

9. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '661 patent, either literally or under the doctrine of equivalents.

## COUNT TWO

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,888,661

10. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11. By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '661 patent.

12. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '661 patent.

13. The '661 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT THREE

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,847,479

14. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

15.     By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,847,479 ("the '479 patent").

16.     A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '479 patent.

17.     Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '479 patent, either literally or under the doctrine of equivalents.

## COUNT FOUR

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,847,479

18.     Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 17 of its Counterclaims.

19.     By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '479 patent.

20.     A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '479 patent.

21.     The '479 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT FIVE

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,856,459

22.     Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 21 of its Counterclaims.

23. By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,856,459 ("the '459 patent").

24. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '459 patent.

25. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '459 patent, either literally or under the doctrine of equivalents.

## COUNT SIX

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,856,459

26. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 25 of its Counterclaims.

27. By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '459 patent.

28. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '459 patent.

29. The '459 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## COUNT SEVEN

### Declaratory Judgment of Noninfringement of U.S. Patent No. 6,940,647

30. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 29 of its Counterclaims.

31. By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,940,647 ("the '647 patent").

32. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '647 patent.

33. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '647 patent, either literally or under the doctrine of equivalents.

## COUNT EIGHT

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,940,647

34. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 33 of its Counterclaims.

35. By virtue of the Amended Complaint in this action and Alcatel-Lucent's Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '647 patent.

36. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '647 patent.

37. The '647 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

## PRAYER FOR RELIEF

WHEREFORE, Alcatel-Lucent prays for judgment as follows:

a. A judgment dismissing Cheetah Omni's Amended Complaint against Alcatel-Lucent with prejudice;

      b.      A judgment in favor of Alcatel-Lucent on all of its Counterclaims;

      c.      A declaration that Alcatel-Lucent has not infringed, either directly or indirectly, any valid and enforceable claim of the '661, '459, '647, or '479 patents;

      d.      A declaration that the '661, '459, '647, and '479 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 101, 102, 103, and 112;

      e.      A declaration that this case is exceptional case under 35 U.S.C. § 285 and an award to Alcatel-Lucent of its reasonable costs and attorneys' fees;

      f.      A judgment limiting or barring Cheetah Omni's ability to enforce the '661, '459, '647, and '479 patents in equity;

      g.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Under Rule 38 of the Federal Rules of Civil Procedure, Alcatel-Lucent hereby demands a trial by jury for all triable issues in Cheetah Omni's Amended Complaint and Alcatel-Lucent's Answer and Counterclaims.

Dated:  October 28, 2011                                  Respectfully submitted,

*/s/ Michael E. Jones*
Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON PC
110 North College
Suite 500
Tyler, Texas 75702
Tel:   903-597-8311
Fax:  903-593-0846
*mikejones@potterminton.com*
*allengardner@potterminton.com*

Robert F. Perry
Allison H. Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 556 2100
Facsimile:  (212) 556 2222
*rperry@kslaw.com*
*aaltersohn@kslaw.com*

**ATTORNEYS FOR DEFENDANT ALCATEL-LUCENT USA INC.**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 28, 2011.  Any other counsel of record will be served by First Class U.S. mail on this same date.

*/s/ Michael E. Jones*
Michael E. Jones