## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| CHEETAH OMNI, LLC, <br><br> Plaintiff, <br><br> v. <br><br> ALCATEL-LUCENT USA INC., CIENA CORPORATION, CIENA COMMUNICATIONS, INC., FUJITSU NETWORK COMMUNICATIONS, INC., TELLABS, INC., TELLABS OPERATIONS, INC., TELLABS NORTH AMERICA, INC., NOKIA SIEMENS NETWORKS US LLC, FUTUREWEI TECHNOLOGIES, INC. <br><br> Defendants. | Civil Action No. 6:11cv390-LED <br><br> JURY TRIAL DEMANDED |

## CIENA'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO CHEETAH OMNI'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendants Ciena Corporation and Ciena Communications Inc. ("Ciena") respectfully submit this Answer, these Affirmative Defenses, and these Counterclaims in response to the Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff Cheetah Omni LLC ("Cheetah Omni"). To the extent not specifically admitted herein, the allegations of the Complaint are denied.

## ANSWER

## THE PARTIES

1.      Ciena is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1, and on that basis denies them.

2–3.      The allegations set forth in Paragraphs 2–3 are not directed to Ciena, and therefore no answer is required. To the extent that a response is required, Ciena lacks

information sufficient to form a belief as to the truth of the allegations of Paragraphs 2–3, and therefore denies them.

4.       Ciena admits that Ciena Corporation is a Delaware corporation with a place of business at 1201 Winterson Rd, Linthicum, Maryland 21090.   Ciena denies that Ciena Corporation does business in the Eastern District and elsewhere in the state of Texas sufficient to establish personal jurisdiction over Ciena Corporation.   Ciena denies that this District is the most appropriate or convenient forum to exercise jurisdiction over this case.

5.       Ciena admits that Ciena Communications, Inc. is a Delaware corporation with a place of business at 1201 Winterson Rd, Linthicum, Maryland 21090.   Ciena admits that Ciena Communications, Inc. is doing business at 2425 North Central Expressway, Suite 900, Richardson, TX 75080.   Ciena admits that Ciena Communications, Inc. is registered to do business in the State of Texas.   However, Ciena denies that this District is the most appropriate or convenient forum to exercise jurisdiction over this case.

6–11.       The allegations set forth in Paragraphs 6-11 are not directed to Ciena, and therefore no answer is required.   To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 6–11, and therefore denies them.

## JURISDICTION AND VENUE

12.       Ciena admits that the Complaint purports to set forth a cause of action that arises under the patent laws of the United States, Title 35 of the United States Code, but Ciena denies that Cheetah Omni's claims against Ciena have any factual or legal basis.

13.       Ciena admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims

for patent infringement arising under Title 35 of the United States Code, but Ciena denies any wrongdoing or infringement.

14.      Ciena admits that it does business in the State of Texas.  Except as expressly admitted herein, to the extent that Paragraph 14 contains any other allegations of fact directed to Ciena, they are denied.  Ciena admits that the Complaint purports to base venue in this District on 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b); however Ciena denies that this District is the most appropriate or convenient forum to exercise jurisdiction over this case.  To the extent that Paragraph 14 contains conclusions of law as opposed to allegations of fact, no answer is required.  Ciena lacks information sufficient to form a belief as to the allegations of Paragraph 14 directed to Cheetah Omni or the other defendants, and on that basis denies them.

## PATENTS-IN SUIT

15.      Ciena admits that, on its face, U.S. Patent No. 6,882,771 ("the '771 patent") is titled "Apparatus and Method for Providing Gain Equalization" and that what appears to be a copy of the '771 patent is attached to the Complaint as Exhibit A.  Ciena further admits that, on its face, the '771 patent bears an issue date of April 19, 2005 and identifies Mohammed N. Islam and Amos Kuditcher as the named inventors.  To the extent that Paragraph 15 contains conclusions of law as opposed to allegations of fact, no answer is required.  Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 15, and on that basis denies them.

16.      Ciena admits that, on its face, U.S. Patent No. 7,339,714 ("the '714 patent") is titled "Variable Blazed Grating Based Signal Processing" and that what appears to be a copy of the '714 patent is attached to the Complaint as Exhibit B.  Ciena further admits that, on its face, the '714 patent bears an issue date of March 4, 2008 and identifies Mohammed N. Islam as the

named inventor.   To the extent that Paragraph 16 contains conclusions of law as opposed to allegations of fact, no answer is required.   Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 16, and on that basis denies them.

17.       Ciena admits that, on its face, U.S. Patent No. 6,888,661 ("the '661 patent") is titled "Square Filter Function Tunable Optical Devices" and that what appears to be a copy of the '661 patent is attached to the Complaint as Exhibit C.   Ciena further admits that, on its face, the '661 patent bears an issue date of May 3, 2005 and identifies Mohammad N. Islam and Amos Kuditcher as the named inventors.   To the extent that Paragraph 17 contains conclusions of law as opposed to allegations of fact, no answer is required.   Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 17, and on that basis denies them.

18.       Ciena admits that, on its face, U.S. Patent No. 6,847,479 ("the '479 patent") is titled "Variable Blazed Grating" and that what appears to be a copy of the '479 patent is attached to the Complaint as Exhibit D.   Ciena further admits that, on its face, the '479 patent bears an issue date of January 25, 2005 and identifies Mohammad N. Islam and Amos Kuditcher as the named inventors.   To the extent that Paragraph 18 contains conclusions of law as opposed to allegations of fact, no answer is required.   Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 18, and on that basis denies them.

19.       Ciena admits that, on its face, U.S. Patent No. 6,856,459 ("the '459 patent") is titled "Apparatus and Method for Controlling Polarization of an Optical Signal" and that what appears to be a copy of the '459 patent is attached to the Complaint as Exhibit E.   Ciena further admits that, on its face, the '459 patent bears an issue date of February 15, 2005 and identifies Mohammad N. Islam and Amos Kuditcher as the named inventors.   To the extent that Paragraph 19 contains conclusions of law as opposed to allegations of fact, no answer is required.   Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 19, and

on that basis denies them.

20.       Ciena admits that, on its face, U.S. Patent No. 6,940,647 ("the '647 patent") is titled "Apparatus and Method for Controlling Polarization of an Optical Signal" and that what appears to be a copy of the '647 patent is attached to the Complaint as Exhibit F.  Ciena further admits that, on its face, the '647 patent bears an issue date of September 6, 2005 and identifies Mohammad N. Islam and Amos Kuditcher as the named inventors.  To the extent that Paragraph 20 contains conclusions of law as opposed to allegations of fact, no answer is required.  Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 20, and on that basis denies them.

21.       Ciena admits that, on its face, U.S. Patent No. 7,116,862 ("the '862 patent") is titled "Apparatus and Method for Providing Gain Equalization" and that what appears to be a copy of the '862 patent is attached to the Complaint as Exhibit G.  Ciena further admits that, on its face, the '862 patent bears an issue date of October 3, 2006 and identifies Mohammad N. Islam and Amos Kuditcher as the named inventors.  To the extent that Paragraph 21 contains conclusions of law as opposed to allegations of fact, no answer is required.  Ciena lacks information sufficient to form a belief as to any additional allegations of Paragraph 21, and on that basis denies them.

22.       To the extent that Paragraph 22 contains conclusions of law as opposed to allegations of fact, no answer is required.  Ciena lacks information sufficient to form a belief as to the ownership of the patents, and on that basis denies these allegations.  To the extent that Paragraph 22 contains allegations that are not directed to Ciena, Ciena lack information sufficient to form a belief as to the truth of the allegations, and therefore denies them.  Ciena denies that Cheetah Omni's claims against Ciena have any factual or legal basis and denies that it infringes any valid claim of any of the patents asserted against Ciena.

## COUNT I

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 6,882,771

23.      Ciena repeats and realleges Paragraphs 1 through 22 of the Answer as if fully set forth herein.

24.      Denied.

25–27.      The allegations set forth in Paragraphs 25–27 are not directed to Ciena and therefore no answer is required.   To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 25-27, and therefore denies them.

28.      Denied.   To the extent the allegations set forth in Paragraph 28 are not directed to Ciena, no answer is required.

## COUNT II

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 7,339,714

29.      Ciena repeats and realleges Paragraphs 1 through 28 of the Answer as if fully set forth herein.

30.      Denied.

31–33.      The allegations set forth in Paragraphs 31-33 are not directed to Ciena and therefore no answer is required.   To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 31-33, and therefore denies them.

34.      Denied.   To the extent the allegations set forth in Paragraph 34 are not directed to Ciena, no answer is required.

## COUNT III

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 6,888,661

35.        Ciena repeats and realleges Paragraphs 1 through 34 of the Answer as if fully set forth herein.

36-41.     The allegations set forth in Paragraphs 36-41 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 36-41, and therefore denies them.

## COUNT IV

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 6,847,449

42.        Ciena repeats and realleges Paragraphs 1 through 41 of the Answer as if fully set forth herein.

43-48.     The allegations set forth in Paragraphs 43-48 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 43-48, and therefore denies them.

## COUNT V

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 6,856,459

49.        Ciena repeats and realleges Paragraphs 1 through 48 of the Answer as if fully set forth herein.

50-51.     The allegations set forth in Paragraphs 50-51 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks

information sufficient to form a belief as to the truth of the allegations of Paragraphs 50-51, and therefore denies them.

52.     Denied.

53-54.     The allegations set forth in Paragraphs 53-54 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 53-54, and therefore denies them.

55.     Denied.  To the extent the allegations set forth in Paragraph 55 are not directed to Ciena, no answer is required.

## COUNT VI

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 6,940,647

56.     Ciena repeats and realleges Paragraphs 1 through 55 of the Answer as if fully set forth herein.

57-58.     The allegations set forth in Paragraphs 57-58 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 57-58, and therefore denies them.

59.     Denied.

60-61.     The allegations set forth in Paragraphs 60-61 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 60-61, and therefore denies them.

62.     Denied.  To the extent the allegations set forth in Paragraph 62 are not

directed to Ciena, no answer is required.

## COUNT VII

## PATENT INFRINGEMENT OF  U.S. PATENT NO. 7,116,862

63.　　　　Ciena repeats and realleges Paragraphs 1 through 62 of the Answer as if fully set forth herein.

64.　　　　Denied.

65-67.　　　The allegations set forth in Paragraphs 65-67 are not directed to Ciena and therefore no answer is required.  To the extent that a response is required, Ciena lacks information sufficient to form a belief as to the truth of the allegations of Paragraphs 65-67, and therefore denies them.

68.　　　　Denied.  To the extent the allegations set forth in Paragraph 69 are not directed to Ciena, no answer is required.

## RESPONSE TO CHEETAH OMNI'S PRAYER FOR RELIEF

Ciena denies that Cheetah Omni is entitled to any of the relief that it seeks in the prayer.

## GENERAL DENIAL

Ciena denies each and every allegation contained in the Complaint to which Ciena has not specifically responded or expressly admitted.

## AFFIRMATIVE DEFENSES

Ciena alleges and asserts the following defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative

defenses by law, regardless of how such defenses are denominated herein.  In addition to the affirmative defenses described below, Ciena specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.  For its affirmative defenses to the Complaint, Ciena alleges as follows:

## FIRST AFFIRMATIVE  DEFENSE

### (Failure to State a Claim)

Cheetah Omni's Complaint fails to state any claim against Ciena upon which relief can be granted.

## SECOND AFFIRMATIVE  DEFENSE

### (Noninfringement of the '771 patent)

Ciena does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '771 patent, either literally or under the doctrine of equivalents.  Ciena has no liability for alleged infringement of the '771 patent.

## THIRD AFFIRMATIVE  DEFENSE

### (Noninfringement of the '459 patent)

Ciena does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '459 patent, either literally or under the doctrine of equivalents.  Ciena has no liability for alleged infringement of the '459 patent.

## FOURTH AFFIRMATIVE  DEFENSE

### (Noninfringement of the '647 patent)

Ciena does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '647 patent, either literally or under the doctrine of

equivalents.  Ciena has no liability for alleged infringement of the '647 patent.

## FIFTH AFFIRMATIVE  DEFENSE

### (Noninfringement of the '714 patent)

Ciena does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '714 patent, either literally or under the doctrine of equivalents.  Ciena has no liability for alleged infringement of the '714 patent.

## SIXTH AFFIRMATIVE  DEFENSE

### (Noninfringement of the '862 patent)

Ciena does not infringe and has not infringed, either directly or indirectly, any valid and enforceable claim of the '862 patent, either literally or under the doctrine of equivalents.  Ciena has no liability for alleged infringement of the '862 patent.

## SEVENTH AFFIRMATIVE  DEFENSE

### (Invalidity of the '771 patent)

The claims of the '771 patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, et seq., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## EIGHTH AFFIRMATIVE  DEFENSE

### (Invalidity of the '459 patent)

The claims of the '459 patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, et seq., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## NINTH AFFIRMATIVE  DEFENSE

**(Invalidity of the '647 patent)**

The claims of the '647 patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, et seq., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## TENTH AFFIRMATIVE DEFENSE

**(Invalidity of the '714 patent)**

The claims of the '714 patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, et seq., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## ELEVENTH AFFIRMATIVE DEFENSE

**(Invalidity of the '862 patent)**

The claims of the '862 patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. § 101, et seq., including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## TWELFTH AFFIRMATIVE DEFENSE

**(Waiver, Laches, Estoppel)**

Cheetah Omni's claims are barred, in whole or in part, by the doctrines of waiver (express or implied), laches, acquiescence, estoppel and/or equitable estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Prosecution History Estoppel, Prosecution Disclaimer, Prosecution Laches)**

Cheetah Omni's claims are barred by the doctrines of prosecution history estoppel, prosecution disclaimer, and prosecution laches.

## FOURTEENTH AFFIRMATIVE  DEFENSE

### (Failure to Mark)

Cheetah Omni's claim for relief is limited in whole or in part by its failure to comply with 35 U.S.C. § 287.

## FIFTEENTH AFFIRMATIVE  DEFENSE

### (No Injunctive Relief)

Cheetah Omni is not entitled to injunctive relief because, at a minimum, Cheetah Omni has an adequate remedy at law and because Cheetah Omni's claims otherwise fail to meet the requirements for such relief, including at least that Cheetah Omni will not suffer irreparable harm and/or public policy concerns weigh against any injunctive relief.

## SIXTEENTH AFFIRMATIVE  DEFENSE

### (Impermissible Venue)

Venue in this judicial district is improper and/or inconvenient.

## SEVENTEENTH AFFIRMATIVE  DEFENSE

### (Impermissible Joinder of Defendants)

Cheetah Omni's joinder of multiple, unrelated defendants into this single action is improper under Rule 20 of the Federal Rules of Civil Procedure in that the claims asserted by Cheetah Omni in the Complaint do not arise out of the same transaction or occurrence or series of transactions or occurrences as required by the Federal Rules, and is prejudicial to Ciena.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Cheetah Omni had a duty to mitigate its alleged damages and failed to do so. Its damages are therefore either barred or reduced.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Defense - Other)

Ciena provides notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above-delineated defenses as discovery proceeds.

WHEREFORE, Ciena denies that it infringes or has infringed any valid and enforceable claim of the '771, '459, '647, '714 and/or '862 patents and further denies that Cheetah Omni is entitled to any judgment against Ciena whatsoever.  Ciena asks that Cheetah Omni's Complaint be dismissed with prejudice, that judgment be entered for Ciena, and that Ciena be awarded its attorneys' fees, expenses, and costs incurred in defending against Cheetah Omni's Complaint, together with such other relief the Court deems appropriate.

## COUNTERCLAIMS

For their counterclaims against Cheetah Omni LLC ("Cheetah Omni"), Counterclaimants Ciena Corporation and Ciena Communications, Inc. ("Ciena") allege as follows:

## PARTIES

1.      Ciena is a Delaware corporation with a principal place of business at 1201

Winterson Road, Linthicum, Maryland 21090.

2.        On information and belief, Cheetah Omni is a Texas Limited Liability Company with its place of business at 2500 Dallas Pkwy, Ste 260, Plano, TX 75093-4871.

## JURISDICTION AND VENUE

3.        This is an action for declaratory relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4.        By filing its Original Complaint for Patent Infringement ("Complaint"), Cheetah Omni has consented to the personal jurisdiction of this Court and purports to assert claims against Ciena for infringement of U.S. Patent Nos. 6,882,771 ("the '771 patent"), 7,339,714 ("the '714 patent"), 6,856,459 ("the '459 patent"), 6,940,647 ("the '647 patent") and 7,116,862 ("the '862 patent").

5.        To the extent the underlying action brought by Cheetah Omni against Ciena proceeds in this District, then venue as to these counterclaims is proper under 28 U.S.C. §§ 1391(c) and 1400(b) because Cheetah Omni is subject to the Court's personal jurisdiction in this District and because the facts and circumstances alleged in the counterclaims are related to the facts and circumstances alleged in the Complaint filed by Cheetah Omni.

6.        Ciena denies Cheetah Omni's claims of infringement of the '771 patent, '714 patent, '459 patent, '647 patent and/or '862 patent.

7.        An actual controversy has arisen and now exists between Ciena and Cheetah Omni as to the noninfringement and invalidity of the '771 patent, '714 patent, '459 patent, '647 patent and '862 patent.

## COUNTERCLAIM ONE

### (Declaratory Judgment of Noninfringement of the '771 patent)

8.      Ciena restates and incorporates by reference each of the allegations in Paragraphs 1–7 of its Counterclaims.

9.      Cheetah Omni purports to be the assignee of all right, title and interest in the '771 patent.

10.     In this action, Cheetah Omni asserts in Paragraph 24 of its Complaint that Ciena "has infringed and is directly infringing claims 8, 11-15 and 18-21 of the '771 patent by making, using, offering for sale, selling, and/or importing in the United States certain Reconfigurable Optical Add-Drop Multiplexer ('ROADM') products that embody the claimed invention, including but not limited to the Nortel 6500 ROADM."

11.     Ciena denies Cheetah Omni's claims of infringement and believes that the Complaint has been filed without good cause.

12.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the alleged infringement of the '771 patent.

13.     Ciena is entitled to declaratory judgment that it has not infringed, and is not infringing, the '771 patent.

## COUNTERCLAIM TWO

### (Declaratory Judgment of Invalidity of the '771 patent)

14.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1–13 of its Counterclaims.

15.     Ciena denies that the '771 patent is valid and asserts that the '771 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

16.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the validity of the '771 patent.

17.     Ciena is entitled to declaratory judgment that the '771 patent is invalid.

## COUNTERCLAIM THREE

### (Declaratory Judgment of Noninfringement of the '714 patent)

18.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1–17 of its Counterclaims.

19.     Cheetah Omni purports to be the assignee of all right, title and interest in the '714 patent.

20.     In this action, Cheetah Omni asserts in Paragraph 30 of its Complaint that Ciena "has infringed and is directly infringing claims 1-3, 5, 7 and 18-19 of the '714 patent by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the Nortel 6500 ROADM."

21.     Ciena denies Cheetah Omni's claims of infringement and believes that the Complaint has been filed without good cause.

22.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the alleged infringement of the '714 patent.

23.     Ciena is entitled to declaratory judgment that it has not infringed, and is not infringing, the '714 patent.

## COUNTERCLAIM FOUR

### (Declaratory Judgment of Invalidity of the '714 patent)

24.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1-23 of its Counterclaims.

25.     Ciena denies that the '714 patent is valid and asserts that the '714 patent is

invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

26.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the validity of the '714 patent.

27.     Ciena is entitled to declaratory judgment that the '714 patent is invalid.

## COUNTERCLAIM FIVE

### (Declaratory Judgment of Noninfringement of the '459 patent)

28.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1–27 of its Counterclaims.

29.     Cheetah Omni purports to be the assignee of all right, title and interest in the '459 patent.

30.     In this action, Cheetah Omni asserts in Paragraph 52 of its Complaint that Ciena "has infringed and is directly infringing claims 1 and 14-17 of the '459 patent by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention."

31.     Ciena denies Cheetah Omni's claims of infringement and believes that the Complaint has been filed without good cause.

32.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the alleged infringement of the '459 patent.

33.     Ciena is entitled to declaratory judgment that it has not infringed, and is not infringing, the '459 patent.

## COUNTERCLAIM SIX

### (Declaratory Judgment of Invalidity of the '459 patent)

34.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1-33 of its Counterclaims.

35.     Ciena denies that the '459 patent is valid and asserts that the '459 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

36.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the validity of the '459 patent.

37.     Ciena is entitled to declaratory judgment that the '459 patent is invalid.

## COUNTERCLAIM SEVEN

### (Declaratory Judgment of Noninfringement of the '647 patent)

38.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1–37 of its Counterclaims.

39.     Cheetah Omni purports to be the assignee of all right, title and interest in the '647 patent.

40.     In this action, Cheetah Omni asserts in Paragraph 59 of its Complaint that Ciena "has infringed and is directly infringing claims 1-2, 8-12, 15-16, 20, 22, 24, 26 and 29 of the '647 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention."

41.     Ciena denies Cheetah Omni's claims of infringement and believes that the Complaint has been filed without good cause.

42.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the alleged infringement of the '647 patent.

43.     Ciena is entitled to declaratory judgment that it has not infringed, and is not infringing, the '647 patent.

## COUNTERCLAIM EIGHT

### (Declaratory Judgment of Invalidity of the '647 patent)

44.      Ciena restates and incorporates by reference each of the allegations in Paragraphs 1-43 of its Counterclaims.

45.      Ciena denies that the '647 patent is valid and asserts that the '647 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

46.      An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the validity of the '647 patent.

47.      Ciena is entitled to declaratory judgment that the '647 patent is invalid.

## COUNTERCLAIM NINE

### (Declaratory Judgment of Noninfringement of the '862 patent)

48.      Ciena restates and incorporates by reference each of the allegations in Paragraphs 1–47 of its Counterclaims.

49.      Cheetah Omni purports to be the assignee of all right, title and interest in the '862 patent.

50.      In this action, Cheetah Omni asserts in Paragraph 64 of its Complaint that Ciena "has infringed and is directly infringing claims 1-7 and 9-20 of the '862 patent, by making, using, offering for sale, selling, and/or importing in the United States certain ROADM products that embody the claimed invention, including but not limited to the 6500 ROADM."

51.      Ciena denies Cheetah Omni's claims of infringement and believes that the Complaint has been filed without good cause.

52.      An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the alleged infringement of the '862 patent.

53.     Ciena is entitled to declaratory judgment that it has not infringed, and is not infringing, the '862 patent.

## COUNTERCLAIM TEN

### (Declaratory Judgment of Invalidity of the '862 patent)

54.     Ciena restates and incorporates by reference each of the allegations in Paragraphs 1-53 of its Counterclaims.

55.     Ciena denies that the '862 patent is valid and asserts that the '862 patent is invalid for failure to comply with the requirements of 35 U.S.C. § 101 *et seq.*, including without limitation each of the requirements in 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

56.     An immediate, real, and justiciable controversy exists between Ciena and Cheetah Omni concerning the validity of the '862 patent.

57.     Ciena is entitled to declaratory judgment that the '862 patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Ciena respectfully requests that the Court find and declare as follows:

A.     That Cheetah Omni take nothing by its Amended Complaint for Patent Infringement and that the Amended Complaint for Patent Infringement be dismissed with prejudice;

B.     That Ciena has not infringed, and is not infringing, any valid and enforceable claim of the '771 patent;

C.     That the claims of the '771 patent are invalid;

D.     That Ciena has not infringed, and is not infringing, any valid and enforceable claim of the '714 patent;

E.     That the claims of the '714 patent are invalid;

F.      That Ciena has not infringed, and is not infringing, any valid and enforceable claim of the '459 patent;

G.      That the claims of the '459 patent are invalid;

H.      That Ciena has not infringed, and is not infringing, any valid and enforceable claim of the '647 patent;

I.      That the claims of the '647 patent are invalid;

J.      That Ciena has not infringed, and is not infringing, any valid and enforceable claim of the '862 patent;

K.      That the claims of the '862 patent are invalid;

L.      That this is an exceptional case under 35 U.S.C. § 285 and that Ciena be awarded all of its costs, expenses, and attorneys' fees, together with interest; and

E.      That Ciena be granted such other and additional relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Counterclaimant Ciena demands trial by jury on all issues so triable.

Dated:  November 8, 2011

Respectfully submitted,


_/s/ Elizabeth L. DeRieux_____
Elizabeth L. DeRieux
State Bar No. 05770585
Capshaw DeRieux, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
(903) 236-9800 Telephone
(903) 236-8787 Facsimile
E-mail: ederieux@capshawlaw.com

Tyler S. Brown
Ciena Corporation
1201 Winterson Road
Linthicum, MD 21090
(410) 865-8078 Telephone
(410) 091-7305 Facsimile
Email: tybrown@ciena.com

Matthew J. Moore
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC  20004-1304
(202) 637-2200 Telephone
(202) 637-2201 Facsimile
matthew.moore@lw.com

**Attorneys for Defendants and
Counterclaimants Ciena Corporation and
Ciena Communications, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are

being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-

5(a)(3) on November 8, 2011.  Any other counsel of record will be served by electronic mail or

first class U.S. mail on this same date.


___/s/ Elizabeth L. DeRieux_____
Elizabeth L. DeRieux