# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| Cheetah Omni LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| Alcatel-Lucent USA Inc.; Alcatel-Lucent § | Civil Action No. 6:11cv390 |
| Holdings, Inc.; Ciena Corporation; Ciena § | |
| Communications, Inc.; Fujitsu Network § | |
| Communications, Inc.; Tellabs, Inc.; § | |
| Tellabs Operations, Inc.; Tellabs North § | |
| America, Inc.; Nokia Siemens Networks § | |
| US LLC; and Futurewei Technologies, Inc. § | |
| § | |
| Defendants. § | |
| § | |

## ANSWER OF NOKIA SIEMENS NETWORKS US LLC TO
## CHEETAH OMNI LLC'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Nokia Siemens Networks US LLC ("NSN"), by and through its undersigned attorneys, hereby responds to the Amended Complaint for Patent Infringement and Demand for Jury Trial ("Complaint") of Plaintiff Cheetah Omni LLC ("Plaintiff") as follows.

To the extent any response is required to the unnumbered preamble of the Complaint: Denied.

NSN hereby responds to the numbered paragraphs of the Complaint with the following corresponding paragraphs.

## **THE PARTIES**

1. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

2. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

3. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

4. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

5. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

6. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

7. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

8. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

9. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

10. Denied, except that NSN is a Delaware limited liability company and is registered to do business in the State of Texas.

11. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

## JURISDICTION AND VENUE

12. To the extent any response is required: Denied, except that Plaintiff has alleged an action arising under certain provisions of Title 35 of the United States Code.

13. Denied, except that NSN does not contest that this Court has subject matter jurisdiction over claims for patent infringement.

14. As to NSN: Denied, except that NSN does not have one or more regular and established places of business within this district. For the purposes of this action only, NSN does not contest that venue over this action is proper in this district, but states that it is not convenient or in the interests of justice under 28 U.S.C. § 1404(a). As to defendants other than NSN: Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

## PATENTS-IN-SUIT

15. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit A to the Original Complaint is a copy of U.S. Patent No. 6,882,771 ("the '771 patent"), entitled "Apparatus and Method for Providing Gain Equalization," identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, and issued on April 19, 2005.

16. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit B to the Original Complaint is a copy of U.S. Patent No. 7,339,714 ("the '714 patent"), entitled "Variable Blazed Grating Based Signal Processing," identifies Mohammed N. Islam as the named inventor, and issued on March 4, 2008.

17. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit C to the Original Complaint is a copy of U.S. Patent No. 6,888,661 ("the '661 patent"), entitled "Square Filter Function Tunable Optical Devices," identifies Mohammed N. Islam and Amos Kuditcher as the named inventors and issued on May 3, 2005.

18. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit D to the Original Complaint is a copy of U.S. Patent No. 6,847,479 ("the '479 patent"), entitled "Variable Blazed Grating," identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, and issued on January 25, 2005.

19. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit E to the Original Complaint is a copy of U.S. Patent No. 6,856,459 ("the '459 patent"), entitled "Apparatus and Method for Controlling Polarization of an Optical Signal," identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, and issued on February 15, 2005.

20. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit F to the Original Complaint is a copy of U.S. Patent No. 6,940,647 ("the '647 patent"), entitled "Apparatus and Method for Controlling Polarization of an Optical Signal," identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, and issued on September 6, 2005.

21. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, except that Plaintiff avers Exhibit G to the Original Complaint is a copy of U.S. Patent No. 7,116,862 ("the '862 patent"), entitled "Apparatus and

Method for Providing Gain Equalization," identifies Mohammed N. Islam and Amos Kuditcher as the named inventors, and issued on October 3, 2006.

22. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

### ANSWER TO COUNT I - PATENT INFRINGEMENT OF U.S. PATENT NO. 6,882,771

23. To the extent any response is required: NSN restates its responses to the above paragraphs 1-22 of this Answer as if fully set forth herein.

24. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

25. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

26. Denied.

27. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

28. As to NSN: Denied. As to defendants other than NSN: Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

### ANSWER TO COUNT II - PATENT INFRINGEMENT OF U.S. PATENT NO. 7,339,714

29. To the extent any response is required: NSN restates its responses to the above paragraphs 1-28 of this Answer as if fully set forth herein.

30. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

31. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

32. Denied.

33. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

34. As to NSN: Denied. As to defendants other than NSN: Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

### ANSWER TO COUNT III - PATENT INFRINGEMENT
### OF U.S. PATENT NO. 6,888,661

35. To the extent any response is required: NSN restates its responses to the above paragraphs 1-34 of this Answer as if fully set forth herein.

36. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

37. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

38. Denied.

39. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

40. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

41. As to NSN: Denied. As to defendants other than NSN: Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

### ANSWER TO COUNT IV - PATENT INFRINGEMENT
### OF U.S. PATENT NO. 6,847,479

42. To the extent any response is required: NSN restates its responses to the above paragraphs 1-41 of this Answer as if fully set forth herein.

43. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

44. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

45. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

46. Denied.

47. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

48. As to NSN: Denied. As to defendants other than NSN: Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

## ANSWER TO COUNT V - PATENT INFRINGEMENT OF U.S. PATENT NO. 6,856,459

49. To the extent any response is required: NSN restates its responses to the above paragraphs 1-48 of this Answer as if fully set forth herein.

50. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

51. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

52. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

53. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

54. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

55. The averments are not directed at NSN, and therefore no response is required. NSN is without knowledge or information sufficient to form a belief as to the truth of the averments, and therefore denies them.

### ANSWER TO COUNT VI - PATENT INFRINGEMENT OF U.S. PATENT NO. 6,940,647

56. To the extent any response is required: NSN restates its responses to the above paragraphs 1-55 of this Answer as if fully set forth herein.

57. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

58. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

59. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

60. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

61. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

62. The averments are not directed at NSN, and therefore no response is required. NSN is without knowledge or information sufficient to form a belief as to the truth of the averments and therefore denies them.

## ANSWER TO COUNT VII - PATENT INFRINGEMENT
## OF U.S. PATENT NO. 7,116,862

63. To the extent any response is required: NSN restates its responses to the above paragraphs 1-62 of this Answer as if fully set forth herein.

64. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

65. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

66. Denied.

67. Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

68. As to NSN: Denied. As to defendants other than NSN: Denied, because NSN is without knowledge or information sufficient to form a belief as to the truth of the averments.

## RESPONSE TO PRAYER FOR RELIEF

69. To the extent any response is required to any paragraph of Plaintiff's Prayer for Relief, including without limitation its unnumbered paragraph and the paragraphs it has labeled A-P: Denied.

## RESPONSE TO DEMAND FOR JURY TRIAL

70. To the extent that any response is required to Plaintiff's demand for a jury trial: Denied.

## DEFENSES

71. Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiff's burdens of proof on its affirmative claims against NSN, reserving its right to assert additional defenses, and

affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, NSN asserts the following defenses to the Complaint:

### FIRST DEFENSE

72. NSN does not and has not infringed any valid and enforceable claim of the '771, '714, '661, '479, and '862 patents literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

### SECOND DEFENSE

73. Each of the claims of the '771, '714, '661, '479, and '862 patents are invalid and/or unenforceable for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

### THIRD DEFENSE

74. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to NSN or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

### FOURTH DEFENSE

75. Plaintiff is barred in whole or in part under principles of equity, including without limitation, laches, prosecution laches, waiver, estoppel, and/or unclean hands.

### FIFTH DEFENSE

76. Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing

of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE

77. Plaintiff is not entitled to injunctive relief under any theory, including without limitation, because any alleged injury to Plaintiff is not immediate or irreparable, Plaintiff has an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

## SEVENTH DEFENSE

78. Plaintiff has failed to state a claim upon which relief can be granted.

## PRAYER FOR RELIEF

WHEREFORE, NSN respectfully requests a judgment against Plaintiff as follows:

A. that Plaintiff take nothing by its Complaint in this action;

B. that the Court enter judgment against Plaintiff and in favor of NSN, and that the Complaint in this action be dismissed with prejudice;

C. that the Court enter judgment that NSN does not infringe any claim of the '771, '714, '661, '479, and '862 patents;

D. that the Court enter judgment that the claims of the '771, '714, '661, '479, and '862 patents are invalid and/or void;

E. that the Court declare this is an exceptional case under 35 U.S.C. § 285 and award NSN its costs and attorneys' fees; and

F. that the Court award NSN any and all other relief to which it may be entitled, or which the Court deems just and proper.

Dated: November 22, 2011                          Respectfully submitted,

                                                  */s/ Michael E. Jones*
                                                  Michael E. Jones
                                                  State Bar No. 10929400
                                                  Allen F. Gardner
                                                  State Bar No. 24043679
                                                  POTTER MINTON PC
                                                  110 North College
                                                  Suite 500
                                                  Tyler, Texas 75702
                                                  Tel: 903-597-8311
                                                  Fax: 903-593-0846
                                                  mikejones@potterminton.com
                                                  allengardner@potterminton.com

                                                  **ATTORNEYS FOR DEFENDANT
                                                  NOKIA SIEMENS NETWORKS US LLC**

Of Counsel:

Alexas D. Skucas
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036
Tel: 212-556-2100
Fax: 212-556-2222
askucas@kslaw.com

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on November 22, 2011. Any other counsel of record will be served by First Class U.S. mail on this same date.

                                                  */s/ Michael E. Jones*
                                                  Michael E. Jones