UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Cheetah Omni LLC,<br><br>  *Plaintiff*,<br><br>vs.<br><br>Alcatel-Lucent USA Inc.,<br>Alcatel-Lucent Holdings, Inc.,<br>Ciena Corporation,<br>Ciena Communications, Inc.,<br>Fujitsu Network Communications, Inc.,<br>Tellabs, Inc.,<br>Tellabs Operations, Inc.,<br>Nokia Siemens Networks US LLC,<br>FutureWei Technologies, Inc.,<br><br>  *Defendants*. | HONORABLE LEONARD DAVIS<br><br>Case No. 6:11CV390<br><br>**JURY TRIAL DEMANDED** |

**PROTECTIVE ORDER GOVERNING EXCHANGE OF
INFORMATION DEEMED PROTECTED BY THE PARTIES**

  This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

  In support of this Order, the Court finds that:

1. Documents or information containing confidential research, development, proprietary or competitively sensitive business or competitive information or trade secrets, not generally known in the context or form as known by the producing party and not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party would require

such third parties to maintain the information in confidence ("Confidential Information") that bears significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the Confidential Information and could place that party at a competitive disadvantage;

3. Counsel for the party or parties receiving Confidential Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Information as to the confidential, proprietary, and/or trade secret nature of such Confidential Information; and

4. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. "Protected Information" means information that the producing party in good faith contends is Confidential Information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under the standards developed pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. The producing party shall label or mark each document and thing that it deems to be Protected Information with one of the following designations: "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

    (a) The parties may designate as "CONFIDENTIAL" any Protected Information that the producing party in good faith believes constitutes Confidential Information that is

used by it in, or pertaining to, its business, which information is not generally known and which that party would normally not reveal to third parties or, if disclosed, would require such third parties to maintain in confidence.

(b)  The parties may designate as "CONFIDENTIAL—ATTORNEYS' EYES ONLY" any Protected Information that contain Confidential Information that is especially sensitive or could cause significant competitive harm if disclosed to an unauthorized person, including, without limitation, pending but unpublished patent applications, non-public confidential technical, research and development information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology, non-public financial information, license agreements, and information obtained from a non-party pursuant to a current Non-Disclosure Agreement ("NDA").

3. Subject to the limitations set forth in this Order, Protected Information and any information contained therein shall be disclosed only to the following persons ("Qualified Persons"):

(a)  Attorneys and patent agents at law firms of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation;

(b)  Outside experts or outside consultants retained in this action, as well as their support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation, provided that: (1) such consultants or experts are not presently employed by a party hereto; (2) before access is given, trial counsel desiring to disclose Protected Information to experts or consultants shall first obtain a signed Undertaking

from each expert or consultant, in the form of Exhibit A attached hereto, and such counsel shall retain in his/her files the original of each such signed undertaking. A copy of the proposed Undertaking shall be forwarded to opposing counsel with the current curriculum vitae for each such expert or consultant and a list of all consulting relationships in the past four years including at least identification of case by name and number, location of court, and party for whom the expert performed services. No Protected Information shall be disclosed to such expert or consultant until after the expiration of a ten (10) business day period commencing with the service of a copy of the proposed Undertaking and curriculum vitae, provided, however, that if during that ten (10) business day period opposing counsel makes an objection to such disclosure, there shall be no disclosure of Protected Information to such expert or consultant, except by mutual agreement of the parties or further order of the Court. The party desiring disclosure of such Protected Information shall have the burden of filing a motion with the Court seeking leave to make such disclosure. The party objecting to the disclosure shall have the burden of showing that information designated under this Order should not be disclosed to the expert or consultant.

(c) Only with respect to Protected Information designated "CONFIDENTIAL," up to four (4) officers, directors, or employees of a party or party affiliate who either have responsibility for making decisions dealing directly with the litigation of this action or who are assisting outside counsel in preparation for proceedings in this action, *except* that the above-identified employees shall not receive access to or disclosure of Protected Information of another Defendant, absent the written consent of the producing party (for purposes of this provision, "Defendant" refers to a party sued by plaintiff herein, and not a counterclaim defendant). Before access is given, the employee must complete the

Undertaking attached as Exhibit A hereto and counsel must provide the Undertaking to the producing Party.

(d) Translators, stenographic, videographic, and clerical employees associated with the individuals enumerated in 3(a)-3(c) above, but only as part of a disclosure to said individuals in accordance with this stipulation and Order;

(e) Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (expressly excluding mock jurors), and photocopy, document imaging, and database services retained to assist outside counsel with preparation of presentation at trial or other court proceedings in this action;

(f) At a deposition, hearing, or at trial, any person who authored or previously received, including receipt by copy, the Protected Information and, subject to timely objection, including objection that such person is not internally authorized to receive such information, any person currently employed by the designating party. Such persons shall be considered a Qualified Person solely with respect to the specific document, information therein, or tangible medium, and

(g) Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph must complete and sign an Undertaking in the form of Exhibit A, attached hereto. A copy of that Agreement must be given to the other party before access is allowed to the Protected Information.

Except that paragraph 3(c) above shall not apply to Protected Information designated CONFIDENTIAL—ATTORNEYS' EYES ONLY. In addition, any Protected Information designated by a Defendant shall not be provided by the Plaintiff to any other Defendant or

Defendants' counsel absent explicit agreement from the Defendant designating such information, except that, if it is necessary for the Plaintiff to file such Information with the Court, the papers as filed, including the Protected Information, shall be served on all Defendants.  Protected Information and any information contained therein shall be used solely for the purposes of this case and any appeal(s) of this action.

4.      Protected Information designated "CONFIDENTIAL" shall be identified as such by marking the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

5.      Any information designated as Protected Information shall not be (1) shown, disseminated, copied or in any way made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party or any Qualified Person to whom the receiving party disclosed that Protected Information for any other purpose other than in connection with this litigation.

6.      Protected Information designated "CONFIDENTIAL— ATTORNEYS' EYES ONLY" shall only be available to those individuals qualified under paragraphs 3(a), 3(b), 3(d), 3(e), and 3(f) above.  Any conditions set forth in paragraph 3 for disclosure of Protected Information designated as "CONFIDENTIAL" must also be met before disclosure of Attorneys' Eyes Only information.  Protected Information designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" shall be identified as such by marking the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL - ATTORNEYS' EYES ONLY"

or

"CONFIDENTIAL - ATTORNEYS' EYES ONLY

PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

7. In the event that Protected Information designated as "CONFIDENTIAL" is later desired by a party to come within the "CONFIDENTIAL—ATTORNEYS' EYES ONLY" category, that party may unilaterally designate such information and/or documents as "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

8. If either party requests that source code be produced, the parties agree to attempt in good faith to negotiate appropriate protections for such source code, and if they are unsuccessful in doing so, the parties shall promptly submit the issue to the Court for resolution.

9. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated as Protected Information, by indicating (1) on the record at the deposition that the particular testimony is designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY subject to the provisions of this Protective Order or (2) by indicating in writing within twenty (20) days of receipt of the transcript by producing party's counsel that the particular testimony is CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY subject to the provisions of this Protective Order. Until such deposition testimony is so designated or until the twenty (20) day period passes, the material is to be treated as for CONFIDENTIAL—ATTORNEY'S EYES ONLY.

10. Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show a witness any Protected Information that the witness is reasonably believed to have previously authored, received or seen. Notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officer, employee, consultant or agent of the other party any document or thing produced by that other party that (i) has been designated as Protected Information.

11. Use of Protected Information at trial shall be governed by further agreement of the parties prior to trial or further Order of this Court.

12. Nothing shall prevent disclosure beyond the terms of this Order if the party designating Protected Information consents, in writing, to such disclosure or intentionally withdraws the confidentiality designation, or if the Court, after notice to all parties, orders such disclosure.

13. No party shall be responsible to another party for any use made of information produced and not designated as Protected Information, if the information is disclosed by one party to a third party before any time the same is designated as Protected Information, except that information first divulged in a deposition shall not be divulged before the expiration of the twenty (20) day period of paragraph 8 above. If the receiving party is notified, in writing, of the reclassification of the information, document, etc., to Protected Information, even if such information has been previously disclosed to persons other than Qualified Persons or counsel of record, as appropriate, by the time of reclassification, such information so designated by the producing party shall be considered as having been designated as being Protected Information except to the extent such information had been previously disclosed to persons other than Qualified Persons or counsel of record, as appropriate, and the party disclosing such previously undesignated Protected Information shall make its best efforts to retrieve all such disseminated Protected Information, destroy all copies of such unmarked Protected Information, and notify the

persons to whom such Protected Information was disseminated that the Protected Information is subject to the Protective Order, to halt any further dissemination and to return all copies of disseminated Protected Information. The receiving party may not argue waiver of the confidential designation merely by virtue of such later designation even if non-confidential disclosure has occurred in the interim.

14. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS' EYES ONLY that party shall notify the party asserting confidentiality in writing as to specific objections, along with the bases (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest. If the dispute cannot be resolved, or if an emergency develops, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of proving the same.

15. All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Protected Information shall be filed under seal in accordance with the local rules and governing procedures of the Eastern District of Texas.

16. The Clerk of this Court is directed to maintain under seal all documents, things, transcripts of deposition testimony, or other materials filed in this litigation which have been designated, in whole or in part, as Protected Information by a party to this action.

17. Within sixty (60) days after the conclusion of this litigation (including all appeals), originals or reproductions of any documents or things produced by a party containing Protected Information shall be returned to the producing party or destroyed. Principal counsel may retain one archival copy of pleadings, correspondence, work product, discovery responses, expert reports and Court exhibits containing Protected Information provided, however that any Protected Information contained in such documents retained by Principal counsel shall remain subject to the protections of this Order. Principal counsel need not purge their email, document management systems or back-up tapes, provided, however that any Protected Information contained in such documents retained by Principal counsel shall remain subject to the protections of this Order. The designation of any material in accordance with this Order as constituting or containing Protected Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any receiving party that the designated material constitutes or contains any confidential or proprietary information.

18. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

19. This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

20. A non-party producing information pursuant to a subpoena or a Court order in this case may designate such material or information "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

21. Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs the other party (or any third party) has offered.

22. Nothing in this Protective Order shall preclude a party from disclosing or using, in any manner or for any purpose, any information that either was lawfully in its possession prior to being designated Protected Information in this litigation or was obtained from a third party having the right to disclose such information publicly.

23. Any party who has produced Protected Information and inadvertently fails to identify such material as CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY shall correct its failure promptly. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation. Inadvertent or unintentional production of documents or information containing Confidential Information which are not designated CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY shall not be deemed a waiver in whole or in part of a claim for confidential treatment. The return of documents or information will not operate as an admission by the receiving party that any particular CONFIDENTIAL or CONFIDENTIAL–ATTORNEYS' EYES ONLY contains or reflects trade secrets or any other type of confidential or proprietary

information. Nothing herein shall prevent the receiving party from challenging the propriety of the designation of the documents by submitting a written challenge to the Court.

24. Pursuant to Rule 502 of the Federal Rules of Evidence, the disclosure of confidential communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications, and/or linguistic tools in screening for privilege, work product, or other protection. The parties agree to follow the procedure for clawing back privileged documents set forth in the Court's Discovery Order. Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product, or other designation of protection.

25. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to his work on this case, are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his final report and all materials upon which he relied.

26. The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize such Protected Information.

27. After termination of this litigation, the provisions of this Protective Order shall continue to be binding, except (a) with respect to those documents and information that become a matter of public record and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to the dissolution or modification of this Protective Order.

This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

28. Any individual qualified under paragraphs 3(a), 3(b), 3(c), or (g) who reviews and/or learns, in whole or in part, Protected Information under this Order shall not prepare, prosecute, or actively and substantively supervise/assist (i.e., review, amend or draft proposed filings) in the preparation or prosecution of any patent application or any reissue proceeding pertaining to fiber optic networks, including without limitation components thereof, during the pendency of this case and for one year after the conclusion of this litigation, including any appeals. However, nothing in this Protective Order shall prohibit counsel from participating in reexaminations. To ensure compliance with the purpose of this provision, the parties shall create an ethical wall between those persons with access to Protected Information and those individuals who prepare, prosecute, or actively and substantively supervise in the preparation or prosecution of any patent application or pertaining to fiber optic networks, including without limitation components thereof.

29. In the event that any party or any other individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any Protected Information, such party or individual shall (a) provide lead counsel for all parties with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the Protected Information at issue consistent with this Protective Order.

30. Disclosure of Protected Information shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Information, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.

Subject to this provision, no Protected Information may leave the territorial boundaries of the United States of America, except for (a) Protected Information on the personal laptop of an attorney at a law firm of record in this litigation and only for that attorney's personal use or (b) Protected Information designated "CONFIDENTIAL," shared with a party representative in accordance with Paragraph 3(c). Without limitation, this prohibition extends to Protected Information (including copies) in physical and electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited. The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent such agreed-to procedures conform with applicable export control laws and regulations.

31. This Order does not confer any right to any one Defendant to access the Protected Information of any other Defendant. Furthermore, no Defendant is required to produce its Protected Information to any other Defendant or Defendant's counsel, but nothing in this Order shall preclude such production.

32. The restrictions on the use of Protected Information established by this Order are applicable only to Protected Information received by a party from another party or from a non-party as a direct result of this case. A party is free to do whatever it desires with its own Protected Information.

33. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

34. Nothing herein shall prevent disclosure beyond the terms of this Protective Order if counsel for the designating party consents in writing or on the record to such disclosure, or if the

Court, after notice to all affected parties, orders such disclosure. Any particular consent given under this Protective Order with respect to confidentiality of the particular document shall not be deemed a general waiver of any other designation.

35. This Protective Order shall not be deemed a waiver of: a) any party's right to object to any discovery request on any ground; b) any party's right to seek an order compelling discovery with respect to any discovery request; c) any party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground; or d) any party's right to use its own documents and its own Protected Information in its sole and complete discretion.

36. This Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY'S EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

37. This Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by Order of the Court or by agreement of the parties.

**So ORDERED and SIGNED this 28th day of March, 2012.**



**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Cheetah Omni LLC, | |
| *Plaintiff*, | HONORABLE LEONARD DAVIS |
| vs. | Case No. 6:11CV390 |
| Alcatel-Lucent USA Inc., | |
| Alcatel-Lucent Holdings, Inc., | **JURY TRIAL DEMANDED** |
| Ciena Corporation, | |
| Ciena Communications, Inc., | |
| Fujitsu Network Communications, Inc., | |
| Tellabs, Inc., | |
| Tellabs Operations, Inc., | |
| Nokia Siemens Networks US LLC, | |
| FutureWei Technologies, Inc., | |
| *Defendants*. | |

# **UNDERTAKING**

I, _____, declare that:

1. My address is _____.

2. My present employer is _____, and the address of my present employer is _____.

3. My present occupation or job description is _____.

4. In addition to my other job functions, I am working as a consultant to _____.

5. My relationship to plaintiff/defendant is _____.

6. I have received a copy of the Protective Order in this action.

# **EXHIBIT A**

2

7. I have carefully read and understand the provisions of the Protective Order and agree to be bound by it.

8. I will return all confidential documents and things which come into my possession or which I have prepared to counsel for the party by whom I am retained. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

9. I declare, under penalty of perjury, that the foregoing is true and correct.


Executed on: _____      _____
                                                                (signature)