UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| Cheetah Omni LLC, | |
|     *Plaintiff*, | HONORABLE LEONARD DAVIS |
| vs. | Case No. 6:11CV390 |
| Alcatel-Lucent USA Inc., *et al.* | JURY TRIAL DEMANDED |
|     *Defendants*. | |

## NOTICE OF SERVICE OF SUBPOENAS

Pursuant to Fed. R. Civ. P. 45, the plaintiff, Cheetah Omni, LLC, will serve the attached Subpoenas and Attachments on non-party Nistica, Inc., commanding the production of documents and deposition testimony pursuant to Fed.R.Civ.P. 30(b)(6), at the location, dates and times specified in the attached subpoenas.

Respectfully submitted,

By:   /s/ Christopher C. Smith
    Thomas A. Lewry (MI Bar No. P36399)
    (Lead Attorney)
    John S. Le Roy (MI Bar No. P61964)
    Robert C.J. Tuttle (MI Bar No. P25222)
    John M. Halan (MI Bar No. P37616)
    John R. Buser (MI Bar No. P64758)
    Christopher C. Smith (MI Bar No. P73936)
    **Brooks Kushman P.C.**
    1000 Town Center, 22nd Floor
    Southfield, Michigan 48075-1238
    Tel: (248) 358-4400 – Fax: (248) 358-3351

Dated: <u>August 23, 2012</u>



T. John Ward, Jr. (TX State Bar No. 00794818)
Jack Wesley Hill
**Ward & Smith Law Firm**
111 W. Tyler St.
Longview, Texas 75601
Tel: (903) 757-6400 – Fax: (903) 757-2323
jw@wsfirm.com
wh@wsfirm.com

Eric Miller Albritton
**Albritton Law Firm**
PO Box 2649
111 West Tyler, 75601
Longview, TX 75606
Tel: (903) 757-8449 – Fax: (903) 758-7397
ema@emafirm.com



## **CERTIFICATE OF SERVICE**

I certify that I served:

**NOTICE OF SERVICE OF SUBPOENAS
and SUBPOENAS AND ATTACHMENTS TO
THIRD PARTY NISTICA, INC.**

on <u>August 23, 2012</u> by delivery via electronic mail as follows:

**Alcatel-Lucent USA Inc.**

| **Robert F. Perry**<br>**Allison H Altersohn**<br>King & Spalding, LLP<br>1185 Avenue of the Americas<br>New York, NY  10036-4003<br>212/556-2316<br>212/556-2222 (fax)<br>    rperry@kslaw.com<br>    aaltersohn@kslaw.com | **Allen Franklin Gardner**<br>**Mike E. Jones**<br>Potter Minton PC<br>110 N College, Suite 500<br>P.O. Box 359<br>Tyler, TX  75710-0359<br>903/597-8311<br>    allengardner@potterminton.com<br>    mikejones@potterminton.com |
|---|---|

**Ciena Communications, Inc.**
**Ciena Corporation**

| **Tyler S Brown**<br>Ciena Corporation<br>1201 Winterson Road<br>Linthicum, MD  21090<br>410/865-8078<br>410/091-7305 (fax)<br>    CIENAEDTX@lw.com | **Elizabeth L DeRieux**<br>Capshaw DeRieux LLP<br>114 E Commerce Avenue<br>Gladewater, TX  75647<br>(903) 233-4816<br>(903) 236-8787 (fax)<br>    CIENAEDTX@lw.com |
|---|---|
| **Matthew J. Moore**<br>Latham & Watkins<br>555 Eleventh Street, NW<br>Suite 1000<br>Washington, DC  20004<br>202-637-2278<br>202-637-2201 (fax)<br>    CIENAEDTX@lw.com | |



**Fujitsu Network Communications, Inc.**

| | |
|---|---|
| **Christopher E Chalsen**<br>**James Robert Klaiber**<br>**Lawrence T Kass**<br>Milbank Tweed Hadley & McCloy<br>1 Chase Manhattan Plaza<br>New York, NY  10005-1413<br>212/530-5380<br>212/822-5380 (fax)<br>          cchalsen@milbank.com<br>          jklaiber@milbank.com<br>          lkass@milbank.com | **Melvin R Wilcox, III**<br>Yarbrough - Wilcox, PLLC<br>100 E. Ferguson, Suite 1015<br>Tyler, TX 75702<br>903.595.1133<br>903.595.0191 (fax)<br>          mrw@yw-lawfirm.com |

**FutureWei Technologies, Inc.**

| | |
|---|---|
| **C. Noah Graubart**<br>Fish & Richardson PC<br>1180 Peachtree Street NE, 21st Floor<br>Atlanta, GA  30309<br>404-892-5005<br>404-892-5002 (fax)<br>          graubart@fr.com | **Thomas Howard Reger, II**<br>Fish & Richardson PC<br>1717 Main St., Suite 5000<br>Dallas, TX  75201<br>214/292-4084<br>214/747-2091 (fax)<br>          reger@fr.com |

**Tellabs North America, Inc.**
**Tellabs Operations, Inc.**
**Tellabs, Inc.**

| | |
|---|---|
| **Richard F O'Malley, Jr.**<br>**Robert D Leighton**<br>**Lisa A Schneider**<br>Sidley Austin<br>Bank One Plaza<br>One South Dearborn Ave.<br>Chicago, IL  60603<br>312-853-9459<br>312-853-7036(fax)<br>          romalley@sidley.com<br>          rleighton@sidley.com<br>          lschneider@sidley.com | **Mark Alan Dodd**<br>**James Patrick Bradley**<br>Sidley Austin - Dallas<br>717 N Harwood, Suite 3400<br>Dallas, TX  75201<br>214/981-3306<br>214/981-3400 (fax)<br>          mdodd@sidley.com<br>          jbradley@sidley.com |


**Nokia Siemens Networks US LLC**
> **Michael E. Jones**
> Potter Minton P.C.
> 110 N. College, Suite 500
> P.O. Box 359
> Tyler, Texas  75710-0359
> 903-597-8311
>           mikejones@potterminton.com

   /s/ Christopher C. Smith



AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| Cheetah Omni, LLC | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   6:11cv390 |
| | ) | |
| Alcatel-Lucent USA, Inc., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Eastern District of Texas ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:  Jefferson Wagener, Agent for Nistica, Inc.
   745 Route 202-206, Suite 201, Bridgewater, NJ 08807

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See Deposition Topics attached hereto.

| Place: | Veritext Reporting<br>25B Vreeland Rd., Ste 301<br>Florham Park, NJ 07932 | Date and Time:<br><br>9/21/2012 at 9AM |
|---|---|---|

The deposition will be recorded by this method:  Video

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   8/23/2012

   *CLERK OF COURT*

OR

_____   *Christopher C. Smith*
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Plaintiff
Cheetah Omni, LLC _____ , who issues or requests this subpoena, are:
Christopher C. Smith, Brooks Kushman P.C.
1000 Town Center / 22nd Floor / Southfield, MI 48075 / 248-358-4400 / csmith@brookskushman.com

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 6:11cv390 (E.D. Texas)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# Attachment to Deposition Subpoena
# Nistica, Inc.

**Definitions**

1. The term "Defendants" includes Alcatel-Lucent, Ciena, Fujitsu, Tellabs, Nokia Siemens Networks, and FutureWei.

2. The term "Suppliers" includes all suppliers of each fo the Defendants, including but not limited to Oplink Communications, Inc.

3. The term "WSS" refers to a Wavelength Selective Switch. Types of WSS devices include, but are not limited to, Micro Electro-Mechanical/Digital Light Processing Systems ("MEMS/DLP"), Liquid Crystal on Silicon ("LCoS") and Liquid Crystal ("LC"). Discovery regarding WSS devices is limited to each of the WSS devices You have sold to the Defendants.

4. The term "You" or "Your" refers to Nistica, Inc. or any related entity that sells WSSs to the Defendants or Suppliers.

**Deposition Topics**

1. The authentication of documents produced by You in response to the documents subpoena served concurrently with this subpoena.

2. The practices for keeping business records at Nistica, Inc., including whether the documents produced by You in response to the documents subpoena served concurrently with this subpoena were kept in the ordinary course of business pursuant to your practices.

3. The architecture and operation of each WSS You have sold to the Defendants or Suppliers of Defendants, including but not limited to Oplink Communications, Inc.

4. How the WSS is controlled, including the location, architecture and operation of any processor used to control the WSS.

5. The optical signal paths within the WSS.

6. The architecture and operation of the MEMS/DLP aspect of the WSS.

7. The individual components and architecture of the MEMS/DLP device.

8. Where and how voltage is applied and how electricity is conducted in the MEMS/DLP device.

9. How the mirrors of the MEMS/DLP device operate in response to the application of voltage to the MEMS/DLP device.

10. The geometry and orientation of the mirrors of the MEMS/DLP device.

11. How the WSS achieves equalization (e.g., attenuation or gain) of wavelengths.

12. The architecture, operation and signal path for each multiplexer and demultiplexer (e.g. diffraction grating, prism, etc.) in the WSS.

13. The composition, architecture and operation of semiconductor material in the MEMS/DLP device.

14. The wavelength bands, and center wavelengths, for optical signals processed by the WSS.

15. The dimensions of the mirrors in the MEMS/DLP device.

16. The degree of rotation or tilt of the mirrors in the MEMS/DLP device.

17. The location, architecture and operation of all optical reflectors used in the WSS.

18. The architecture and operation of the various layers of the MEMS/DLP device.

19. The composition, electrical conductivity and reflectivity of the surfaces beneath the mirrors of the MEMS/DLP device.

20. The geometry of the surfaces beneath the mirrors of the MEMS/DLP device.

21. The extent to which any anti-reflective coating is applied to any aspect of the MEMS/DLP device.

22. The application of voltage to the MEMS/DLP device causes the mirrors to rotate or tilt.

23. The model number of each WSS you have sold to each Defendant or Supplier, Your revenue for each such WSS received from each Defendant or Supplier, and the volume of each such WSS sold to each Defendant or Supplier.

24. All information in Your possession referring or relating to Dr. Islam, Cheetah Omni, or any patent or application on which Dr. Islam is a named inventor.

25. The integration of each WSS within Defendants or Suppliers products.

26. Operating requirements specified by Defendants or Suppliers for each WSS.

27. The use of signal sampling, tapping or feedback to facilitate controlling or adjusting operations of each WSS.

28. The architecture and operation of the Nistica Triple Combo product.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | | |
|---|---|---|
| Cheetah Omni, LLC | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  6:11cv390 |
| | ) | |
| Alcatel-Lucent USA, Inc., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | _____Eastern_____ District of ____Texas_____ ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Jefferson Wagener, Agent for Nistica, Inc.
   745 Route 202-206, Ste 201, Bridgewater, NJ 08807

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Document Requests attached hereto

| Place: | Veritext Reporting<br>25B Vreeland Rd., Ste 301<br>Florham Park, NJ 07932 | Date and Time:<br>9/7/2012 10:00 AM |
|---|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 8/23/2012

   *CLERK OF COURT*
                                                              OR
   _____                              *Christopher C. Smith*
   *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____Plaintiff_____
Cheetah Omni, LLC                                       , who issues or requests this subpoena, are:
Christopher C. Smith, Brooks Kushman P.C.
1000 Town Center / 22nd Floor / Southfield, MI 48075 / 248-358-4400 / csmith@brookskushman.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.    6:11cv390 (E.D. Texas)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment to Document Subpoena
## Nistica. Inc.

**Instruction Regarding Privileged Documents**

1. If You refuse to produce Documents responsive to the following categories based on the attorney-client privilege and/or the work product doctrine, You must provide a Privilege Log together with Your production of non-privileged documents.

2. The Privilege Log shall include the following information for each withheld document: (1) the privilege and/or work product rule of law being relied upon; (2) the date the document was created; (3) the identity of the person or persons who created the document; (4) the identity of the present custodian; (5) the identity of all recipients of the document; (6) the general subject matter of the document; and (7) the location of the document.

**Instruction Regarding Confidential Documents**

1. If You contend that any Document responsive to the following categories is Confidential, You may designate it "Confidential – Outside Attorneys Eyes Only" pursuant to E.D. Texas Local P.R. 2-2.

**Definitions**

1. The term "Defendants" includes Alcatel-Lucent, Ciena, Fujitsu, Tellabs, Nokia Siemens Networks, and FutureWei.

2. The term "Suppliers" includes all suppliers of each of the Defendants, including but not limited to Oplink Communications, Inc.

3. The term "Documents" includes hard-copy papers and Electronically Stored Information (e.g. .doc, .ppt, .xls, .pdf, .pst, etc.).

4. The term "WSS" refers to a Wavelength Selective Switch. Types of WSS devices include, but are not limited to, Micro Electro-Mechanical/Digital Light Processing Systems ("MEMS/DLP"), Liquid Crystal on Silicon ("LCoS") and Liquid Crystal ("LC"). Discovery regarding WSS devices is limited to each of the WSS devices You have sold to the Defendants or Suppliers.

5. The term "You" or "Your" refers to Nistica, Inc. or any related entity that sells WSSs to the Defendants.

**Document Categories**

1. A schematic for each WSS You have sold to the Defendants or Suppliers.

2. Specifications for each WSS You have sold to the Defendants or Suppliers.

3. Assembly drawings each WSS You have sold to the Defendants or Suppliers.

4. Documents sufficient to show the architecture and operation of each WSS You have sold to the Defendants or Suppliers.

5. Documents sufficient to show how the WSS is controlled, including the location, architecture and operation of any processor used to control the WSS.

6. Documents sufficient to show the optical signal paths within the WSS.

7. Documents sufficient to show the architecture and operation of the MEMS/DLP aspect of the WSS.

8. Documents sufficient to show the individual components and architecture of the MEMS/DLP device.

9. Documents sufficient to show where and how voltage is applied and how electricity is conducted in the MEMS/DLP device.

10. Documents sufficient to show how the mirrors of the MEMS/DLP device operate in response to the application of voltage to the MEMS/DLP device.

11. Documents sufficient to show the geometry and orientation of the mirrors of the MEMS/DLP device.

12. Documents sufficient to show how the WSS achieves equalization (e.g., attenuation or gain) of wavelengths.

13. Documents sufficient to show the architecture, operation and signal path for each multiplexer and demultiplexer (e.g. diffraction grating, prism, etc.) in the WSS.

14. Documents sufficient to show the composition, architecture and operation of semiconductor material in the MEMS/DLP device.

15. Documents sufficient to show the wavelength bands, and center wavelengths, for optical signals processed by the WSS.

16. Documents sufficient to show the dimensions of the mirrors in the MEMS/DLP device.

17. Documents sufficient to show the degree of rotation or tilt of the mirrors in the MEMS/DLP device.

18. Documents sufficient to show the location, architecture and operation of all optical reflectors used in the WSS.

19. A schematic of each WSS.

20. Documents sufficient to show the architecture and operation of the various layers of the MEMS/DLP device.

21. Documents sufficient to show the composition, electrical conductivity and reflectivity of the surfaces beneath the mirrors of the MEMS/DLP device.

22. Documents sufficient to show the geometry of the surfaces beneath the mirrors of the MEMS/DLP device.

23. Documents sufficient to show the extent to which any anti-reflective coating are applied to any aspect of the MEMS/DLP device.

24. Documents sufficient to show how the application of voltage to the MEMS/DLP device causes the mirrors to rotate or tilt.

25. Documents sufficient to show the architecture and operation of the Nistica Triple Combo WSS product.

26. Documents sufficient to identify the model number of each WSS you have sold to each Defendant or Supplier, Your revenue for each such WSS received from each Defendant or Supplier, and the volume of each such WSS sold to each Defendant or Supplier.

27. All Documents referring or relating to Dr. Islam, Cheetah Omni, or any patent or application on which Dr. Islam is a named inventor.