**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Cheetah Omni LLC, | |
| *Plaintiff*, | HONORABLE LEONARD DAVIS |
| vs. | Case No. 6:11CV390 |
| Alcatel-Lucent USA Inc., et al., | JURY TRIAL DEMANDED |
| *Defendants*. | |

# REPLY BRIEF IN SUPPORT OF PLAINTIFF CHEETAH OMNI LLC'S MOTION TO COMPEL NOKIA SIEMENS NETWORKS US LLC TO PROVIDE A COMPLETE RESPONSE TO INTERROGATORY NO. 1



In response to Cheetah's motion, NSN does not dispute that an accused infringer must provide an explanation of its non-infringement position beyond merely listing limitations allegedly missing from the accused technology. Instead, NSN asserts that in addition to "list[ing] every limitation not found in its accused products," NSN "analyze[d] Cheetah's Infringement Contentions." (Dkt. 167, p. 3.)

However, as illustrated by the excerpt from NSN's interrogatory response reproduced below – quoted by NSN in its response (Dkt. 167, p. 3) – NSN's "analysis" constituted little more than denying that the Accused Instrumentalities identified in Cheetah's Infringement Contentions practice certain claim limitations (underlined in excerpt below).

> Also, the WSS diagram shown in JDSU 922 on page 79 does not show that "the array of optical signal processing devices [is] operable to receive at least some of the portion of the first signal part." The WSS diagram shown in JDSU 922 on page 80 does not satisfy the "modulate that portion of the first signal part" claim limitation. Additionally, the slide in JDSU 931 on page 83 does not show "at least some of the mirrors are operable to undergo a partial rotation in response to the control signal." Further the WSS diagram shown in JDSU 923 on page 83does not cause "a majority of the reflected signal [to be] communicated in one direction." Further, the signal shown in JDSU 922 on page 84 does not satisfy the "at least some of the modulated first signal part" claim limitation.

(Dkt. 167, p. 3, quoting Dkt. 162, Ex. 13, pp. 14-15, emphasis added.)

This was just another way of listing the same limitations previously listed in the same interrogatory response,[1] and provides no explanation of NSN's non-infringement position. NSN did not explain why the components of the Accused Instrumentalities identified in Cheetah's infringement contentions do not practice the asserted claim limitations.

---

[1] These limitations, quoted from pages 14-15 of NSN's "analysis," were also listed at pages 6-7 of NSN's "list" in response to the same Interrogatory No. 1. (*See* Dkt. 162, Ex. 13, pp. 6-7, 14-15.)



1

Contrary to the assertion made by NSN, Cheetah is not trying "replace its burden of proving infringement with a new burden on NSN to prove non-infringement." Cheetah is merely trying to learn facts behind NSN's <u>affirmative</u> assertion of non-infringement. (Dkt #91, NSN's Answer to the Amended Complaint, ¶ 72.)

For example, NSN's assertion that the "WSS diagram shown in JDSU 922 on page 79 [of Cheetah's Infringement Contentions] does not show that 'the array of optical signal processing devices [is] operable to receive at least some of the portion of the first signal part" forces Cheetah to speculate as to NSN's position. Is NSN asserting that the component identified by Cheetah is not "array of optical signal processing devices?" If so, then what is the component identified by Cheetah? Or is NSN asserting that such devices do not receive signals? If not, then what is its purpose? Or is NSN asserting that such devices do receive signals, but not of the first signal part? If not, what are the signals it is receiving? All these questions remain unanswered and the same can be said for the other claim limitations listed in NSN's interrogatory response. As a result, Cheetah is in the dark as to NSN's non-infringement position.

NSN's contention that the interrogatory is "nonsensical" and that it "does not even know how to respond to this request given that it potentially encompasses everything in the accused products" is inaccurate. As explained to NSN during the meet and confer conferences, NSN need only respond to the specific components identified by Cheetah – if NSN is asserting that such specific components do not meet the claim limitations, NSN must explain why. As noted in Cheetah's principal brief, other defendants, such as Tellabs, have already done so. (Dkt. 162, p. 6, n 3.) For example, Tellabs did not merely contend that the accused instrumentalities lack a "partially transmitting mirror." Instead, Tellabs also explained why it was making that



contention; more specifically explaining that "the element identified by Cheetah is fully reflective of the operative wavelengths used in CoAdna WSSs." (Dkt. 162, Ex. 16, pp. 11-12.)

The other issue raised in Cheetah's motion is the assertion in NSN's interrogatory response that it was merely providing a "non-limiting list of exemplary limitations that are absent from NSN products." NSN now claims that it meant "that its non-infringement contentions <u>are not final</u> and <u>could</u> be guided by several future deadlines in this case . . . ." If true, NSN should have amended its Response to say so. Instead, despite several meet and confer sessions, NSN maintained its position that its statements are merely "exemplary."

Accordingly, Cheetah's motion to compel should be granted and NSN should be ordered to provide a complete, unequivocal response to Interrogatory No. 1, including an explanation of why it contends that the components of the Accused Instrumentalities identified by Cheetah do not practice the asserted claim limitations.

                Respectfully submitted,

Dated:  November 6, 2012

By:  /s/ John M. Halan  
Thomas A. Lewry (MI Bar No. P36399)  
(Lead Attorney)  
John S. Le Roy (MI Bar No. P61964)  
Robert C.J. Tuttle (MI Bar No. P25222)  
John M. Halan (MI Bar No. P37616)  
John R. Buser (MI Bar No. P64758)  
Christopher C. Smith (MI Bar No. P73936)  
**Brooks Kushman P.C.**  
1000 Town Center, 22nd Floor  
Southfield, Michigan 48075-1238  
Tel:  (248) 358-4400 – Fax:  (248) 358-3351  
Email: tlewry@brookskushman.com  
      jleroy@brookskushman.com  
      rtuttle@brookskushman.com  
      jhalan@brookskushman.com  
      jbuser@brookskushman.com  
      csmith@brookskushman.com



T. John Ward, Jr. (TX State Bar No. 00794818)
Jack Wesley Hill
**Ward & Smith Law Firm**
1127 Judson Rd., Ste. 220.
Longview, Texas 75601
Tel: (903) 757-6400 – Fax: (903) 757-2323
Email: jw@jwfirm.com
       wh@jwfirm.com

Eric Miller Albritton
**Albritton Law Firm**
PO Box 2649
111 West Tyler, 75601
Longview, TX 75606
Tel: (903) 757-8449 – Fax: (903) 758-7397
ema@emafirm.com

*Attorneys for Plaintiff*



4

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record for defendants are being served with a copy of this document via e-mail pursuant to L.R. CV-5(d) on <u>November 6, 2012</u>.

        <u>  /s/   John M. Halan        </u>

