UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **Cheetah Omni LLC,** | |
| *Plaintiff*, | |
| vs. | HONORABLE LEONARD DAVIS |
| **Alcatel-Lucent USA Inc**., et al. | Case No. 6:11CV390 |
| *Defendants*. | JURY TRIAL DEMANDED |

## PLAINTIFF CHEETAH OMNI LLC'S ANSWER TO THE AMENDED COUNTERCLAIMS OF DEFENDANT ALCATEL-LUCENT USA INC.

Plaintiff Cheetah Omni L.L.C. ("Cheetah Omni"), by and through its counsel, for its Answer to the First Amended Counterclaims of defendant Alcatel-Lucent USA Inc. states as follows:

## The Parties

1.  Defendant Alcatel-Lucent USA Inc. ("Alcatel-Lucent") is a Delaware corporation organized and existing under the laws of the State of Delaware with its principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey 07974.

**ANSWER:** Admitted.



2. On information and belief, Plaintiff Cheetah Omni LLC ("Cheetah Omni") is a corporation organized and existing under the laws of Texas having an address at 907 Twin Creeks Drive, Allen, Texas 75013.

**ANSWER:** Admitted that Cheetah Omni is a limited liability company organized and existing under the laws of Texas. Cheetah Omni denies that it currently has an address at 907 Twin Creeks Drive, Allen, Texas 75013.

## Jurisdiction and Venue

3. Subject to Alcatel-Lucent's affirmative defenses and denials, this Court has jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C. §§ 1331, 1367, 1338(a), 2201, and 2202.

**ANSWER:** Cheetah denies Alcatel-Lucent's affirmative defenses and denials. Admitted that this court has jurisdiction over the subject matter of Alcatel-Lucent's counterclaims.

4. To the extent Cheetah Omni's claims are adjudicated in this venue, venue for these Counterclaims is proper in this district for purposes of this particular action only, but, as indicated above, Alcatel-Lucent disputes that venue is more proper or more convenient here than in other jurisdictions. Alcatel-Lucent reserves its rights to seek transfer of this case to another jurisdiction pursuant to Federal Rule of Civil Procedure § 1404(a).

**ANSWER:** Admitted that venue is proper in this district. Cheetah Omni denies that venue is more proper or more convenient in any other jurisdiction. Cheetah Omni denies that this case should be transferred to another jurisdiction.



5. This Court has personal jurisdiction over Cheetah Omni because, at a minimum, it is alleged to reside in this State and Judicial District and has subjected itself to same by filing the underlying action for alleged infringement.

**ANSWER:** Admitted.

## Count One
## Declaratory Judgment of Non-Infringement of
## U.S. Patent No. 6,888,661

6. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 5 of its Counterclaims.

**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 5.

7. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,888,661 ("the '661 patent").

**ANSWER:** All matters relating to the '661 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '661 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

8. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '661 patent.



**ANSWER:** All matters relating to the '661 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '661 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

9. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '661 patent, either literally or under the doctrine of equivalents.

**ANSWER:** All matters relating to the '661 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '661 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

## Count Two
## Declaratory Judgment of Invalidity of U.S. Patent No. 6,888,661

10. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 9.

11. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '661 patent.



**ANSWER:** All matters relating to the '661 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '661 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

12. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '661 patent.

**ANSWER:** All matters relating to the '661 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '661 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

13. The '661 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:** All matters relating to the '661 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '661 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.



# Count Three
## Declaratory Judgment of Non-Infringement of U.S. Patent No. 6,847,479

14. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 13.

15. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,847,479 ("the '479 patent").

**ANSWER:** All matters relating to the '479 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '479 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

16. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '479 patent.

**ANSWER:** All matters relating to the '479 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '479 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.



17. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '479 patent, either literally or under the doctrine of equivalents.

**ANSWER:** All matters relating to the '479 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '479 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

# Count Four
# Declaratory Judgment of Invalidity of U.S. Patent No. 6,847,479

18. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 17 of its Counterclaims.

**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 17.

19. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '479 patent.

**ANSWER:** All matters relating to the '479 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '479 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.



20. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '479 patent.

**ANSWER:** All matters relating to the '479 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '479 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

21. The '479 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:** All matters relating to the '479 patent have been stayed because Cheetah Omni has been enjoined from prosecuting in Texas its claims on the '479 patent by the U.S. District Court for the Eastern District of Michigan (*see* Dtk #186). A responsive pleading is therefore not required, and pursuant to Fed.R.Civ.P. 8(b)(6), the allegation is considered denied or avoided. Cheetah previously responded to this identical allegation in Dkt #89.

### Count Five
### Declaratory Judgment of Non-Infringement of
### U.S. Patent No. 6,856,459

22. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 21 of its Counterclaims.

**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 21.



23. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No. 6,856,459 ("the '459 patent").

**ANSWER:**   Cheetah Omni admits that an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the '459 patent.  Cheetah Omni denies that the controversy concerns the issue of noninfringement of the '459 patent.

24. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '459 patent.

**ANSWER:**   Cheetah Omni denies that Alcatel-Lucent is entitled to a declaratory judgment of noninfringement of the '459 patent.

25. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '459 patent, either literally or under the doctrine of equivalents.

**ANSWER:**   Denied.

# Count Six
## Declaratory Judgment of Invalidity of U.S. Patent No. 6,856,459

26. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 25 of its Counterclaims.



**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 25.

27. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '459 patent.

**ANSWER:** Cheetah Omni admits that an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the '459 patent. Cheetah Omni denies that the controversy concerns the issue of invalidity of the '459 patent.

28. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '459 patent.

**ANSWER:** Cheetah Omni denies that Alcatel-Lucent is entitled to a declaratory judgment of invalidity of the '459 patent.

29. The '459 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:** Denied.

### Count Seven
### Declaratory Judgment of Non-Infringement of
### U.S. Patent No. 6,940,647

30. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 29 of its Counterclaims.



**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 29.

31. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of noninfringement of U.S. Patent No 6,940,647 ("the '647 patent").

**ANSWER:** Cheetah Omni admits that an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the '647 patent. Cheetah Omni denies that the controversy concerns the issue of noninfringement of the '647 patent.

32. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '647 patent.

**ANSWER:** Cheetah Omni denies that Alcatel-Lucent is entitled to a declaratory judgment of noninfringement of the '647 patent.

33. Alcatel-Lucent has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '647 patent, either literally or under the doctrine of equivalents.

**ANSWER:** Denied.



# Count Eight
# Declaratory Judgment of Invalidity of U.S. Patent No. 6,940,647

34. Alcatel-Lucent restates and incorporates by reference its allegations in paragraphs 1 through 33 of its Counterclaims.

**ANSWER:** Cheetah Omni restates and incorporates by reference its Answers to paragraphs 1 through 33.

35. By virtue of the Amended Complaint in this action and Alcatel-Lucent's First Amended Answer above, an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the issue of invalidity of the '647 patent.

**ANSWER:** Cheetah Omni admits that an actual case or controversy exists between Cheetah Omni and Alcatel-Lucent regarding the '647 patent. Cheetah Omni denies that the controversy concerns the issue of invalidity of the '647 patent.

36. A judicial determination is necessary and appropriate so that Alcatel-Lucent may ascertain its rights regarding the '647 patent.

**ANSWER:** Cheetah Omni denies that Alcatel-Lucent is entitled to a declaratory judgment of invalidity of the '647 patent.

37. The '647 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103 and 112.

**ANSWER:** Denied.



## PRAYER FOR RELIEF

**WHEREFORE**, Cheetah asks the Court:

A. to deny the relief requested in Alcatel-Lucent's Counterclaims;

B. to grant judgment in favor of Cheetah from the Counterclaims;

C. to award Cheetah its costs, including reasonable attorney fees; and

D. to grant Cheetah all of the relief to which it is entitled.

## JURY DEMAND

Cheetah demands a trial by jury.

Respectfully submitted,

Date: December 12, 2012

By: /s/ Thomas A. Lewry
Thomas A. Lewry (MI Bar No. P36399)
(Lead Attorney)
John S. Le Roy (MI Bar No. P61964)
Robert C.J. Tuttle (MI Bar No. P25222)
John M. Halan (MI Bar No. P37616)
John R. Buser (MI Bar No. P64758)
Christopher C. Smith (MI Bar No. P73936)
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400 – Fax: (248) 358-3351
Email: tlewry@brookskushman.com
jleroy@brookskushman.com
rtuttle@brookskushman.com
jhalan@brookskushman.com
jbuser@brookskushman.com
csmith@brookskushman.com

T. John Ward, Jr. (TX State Bar No. 00794818)
**WARD & SMITH LAW FIRM**
111 W. Tyler St.
Longview, Texas 75601
Tel: (903) 757-6400 – Fax: (903) 757-2323
Email: jw@wsfirm.com



Joe Kendall (TX State Bar No. 11260700)
**Provost Umphrey, L.L.P.**
490 Park Street, P.O. Box 4905
Beaumont, Texas 77704
Tel: (409) 835-6000 – Fax: (409) 838-8888
Email: jkendall@provostumphrey.com

*Attorneys for Plaintiff Cheetah Omni LLC*



14

**CERTIFICATE OF ELECTRONIC SERVICE**

The undersigned hereby certifies that counsel of record for all named Defendants who are registered and have consented to electronic filing are being served with a copy of this document via e-mail pursuant to LR CV-5(d) on **December 12, 2012**.

    /s/ Thomas A. Lewry
    Thomas A. Lewry

