# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| CHEETAH OMNI LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALCATEL-LUCENT USA INC., CIENA CORPORATION, CIENA COMMUNICATIONS, INC., FUJITSU NETWORK COMMUNICATIONS, INC., TELLABS, INC., TELLABS OPERATIONS, INC., TELLABS NORTH AMERICA, INC., NOKIA SIEMENS NETWORKS US LLC, HUAWEI TECHNOLOGIES USA, INC. | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |
| | ) |

Civil Action No. 6:11-cv-390-LED

Jury Trial Demanded

**DEFENDANTS' MOTION TO RECONSIDER THE
CONSTRUCTION OF "SHARING A BEAM SPLITTER" IN
<u>MEMORANDUM OPINION AND ORDER (Dkt. No. 235)</u>**

**<u>INTRODUCTION</u>**

Defendants Tellabs, Inc., Tellabs Operations, Inc., Tellabs North America, Inc., and Alcatel-Lucent USA Inc. (collectively "Defendants")[1] respectfully move the Court to reconsider its construction of the term "sharing a beam splitter" in the April 11, 2013 Memorandum Opinion and Order (Dkt. 235). The term "sharing a beam splitter" is found in method Claim 17 of the '459 Patent.[2] The parties did not explicitly brief the term "sharing a beam splitter."

---

[1] As Plaintiff does not accuse Ciena Communications, Inc., Fujitsu Network Communications, Inc., or Nokia Siemens Networks US LLC of infringing the '459 and '647 Patents, these defendants do not formally join in the submission of this Motion to Reconsider the Construction of "Sharing a Beam Splitter." In addition, defendant Huawei Technologies USA, Inc. has settled and is no longer a party to this matter.

[2] U.S. Patent No. 6,856,459 ("the '459 Patent").

Instead, the parties briefed the term "beam splitter that is shared" found in apparatus Claim 1 of both the '459 Patent and the '647 Patent,[3] as both parties considered the term to be synonymous with "sharing a beam splitter." The Court, however, drew a distinction between the two terms that the parties had not considered or briefed. Specifically, the Court distinguished "phase shifters" (which the Court noted was found in Claim 1) and "stages of phase shift" (which the Court noted was found in Claim 17). (*See* Dkt. 235 at 39-40.) "Phase shifters," according to the Court, are physically distinct structures, whereas "stages of phase shift" are functional "operations," which may share a physical structure. (*See* Dkt. 235 at 39-40.)

Respectfully, the Court's analysis goes on to construe the language of Claim 17 so as to misinterpret another claim term, "phase shift stage(s)," as also referring to functional operations.[4] (*See* Dkt. 235 at 40.) The intrinsic evidence instead shows that a "phase shift stage" must be a physical element and is synonymous with a "phase shifter." To the extent that a "stage of phase shift" is construed to be an operation, the phrase "phase shift stage," by contrast, nevertheless refers to a physical structure as demonstrated by both the dependent claims and Figure 7c. Accordingly, Defendants respectfully move the Court to reconsider its construction of "sharing a beam splitter" and hold that the term means "a beam splitter that is shared between one phase shift stage and at least one other, *i.e.*, different, phase shift stage, wherein a phase shift stage is a physical structure."[5]

---

[3] U.S. Patent No. 6,940,647 ("the '647 Patent").

[4] '459 Patent, ll. 47:51-53.

[5] Defendants could not have raised this argument earlier because the parties agreed that the meaning of "sharing a beam splitter" and "beam splitter that is shared" was the same. Indeed, beginning with the Joint Claim Construction Statement (Dkt. 172), both Cheetah Omni LLC ("Cheetah") and Defendants identified only the term "beam splitter that is shared" as a term that requires construction and stated that the term was relevant to Claims 1 and 17 of the '459 Patent. Each of the parties' claim construction briefs treated this term as relevant to both Claim 1 and Claim 17. (*See* Cheetah's Amended Opening Claim Construction Brief (Dkt. 194) at 38 ("'beam splitter that is shared' ('459 patent, claims 1, 17; '647 patent, claim 1)"); Defendants' Responsive Brief on Claim Construction (Dkt. 206)

## ARGUMENT

A motion for reconsideration should be granted when necessary "to correct manifest errors of law or fact." *Ctr. One v. Vonage Holdings Corp.*, 6:08-cv-467, 2010 WL 3257642, *1 (E.D. Tex. Aug. 17, 2010). Respectfully, the Court's construction of "sharing a beam splitter" contains such an error of law because it is contrary to the intrinsic evidence.

As explained above, the Court drew a distinction between "beam splitter that is shared" in Claim 1 and "sharing a beam splitter" in Claim 17. Specifically, the Court construed the terms as follows:

| Term | Construction |
|---|---|
| "Beam splitter that is shared" | "a beam splitter that is shared between one phase shifter and at least one other, *i.e.*, different, phase shifter." |
| "Sharing a beam splitter" | "a beam splitter that is sharing between one phase shift operation and at least one other, *i.e.*, different, phase shift operation." |

(*See* Dkt. 235 at 40.) In reaching these constructions, the Court noted that "Claim 1 requires 'at least three stages of phase *shifters*,' while Claim 17 requires 'at least three stages of phase *shift*.'" (*Id.* (emphasis in original).) The Court found that "phase shifters" are "separate phase shift structures" but that "phase shift stages" refer to "phase shift stages of operations" rather than physical structures. (*Id.*)

Contrary to the Court's construction, a "phase shift stage" must be a physical element rather than an operation because claims that depend from Claim 17 unambiguously define a "phase shift stage" as a physical element (*e.g.*, a plurality of mirrors). Indeed, the Federal Circuit has held that "we must not interpret an independent claim in a way that is inconsistent with a

---

at 26 ("'beam splitter that is shared' ('459 Patent Cls. 1, 17; '647 Patent Cl. 1)"); Cheetah's Claim Construction Reply Brief (Dkt. 211) at 9 ("'beam splitter that is shared' ('459 claims 1, 17; '647 claim 1)").) The parties treated "beam splitter that is shared" as relevant to Claim 17 because the term is synonymous with "sharing a beam splitter."

3

claim which depends from it." *Wright Med. Tech., Inc. v. Osteonics Corp.*, 122 F.3d 1440, 1445 (Fed. Cir. 1997). *See also Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*) (internal citation omitted) ("Other claims of the patent in question, both asserted and unasserted, can also be valuable sources of enlightenment as to the meaning of a claim term. Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can often illuminate the meaning of the same term in other claims.").

Claim 18, for example, depends from Claim 17 and defines a "phase shift stage" as a plurality of mirrors with certain characteristics:

> 18. The method of claim 17, wherein at least one phase shift stage comprises:
> a plurality of mirrors, each operable to receive one of the principal modes of polarization and to reflect those signals toward an output;
> wherein at least one of the plurality of mirrors comprises a moveable mirror operable to selectively change its position to alter the phase of the first principal mode relative to the phase of the second principal mode.

('459 Patent, Cl. 18 (emphasis added).) Other dependent claims similarly define a "phase shift stage" as a physical structure. (*See, e.g.*, '459 Patent, Cl. 19 (defining a moveable mirror used in the phase shift stage as comprising a MEMS device); '459 Patent, Cls. 20-27 (defining the physical characteristics of the mirror(s) used in a phase shift stage).) These dependent claims demonstrate that the term "phase shift stage" was intended by the drafters to be a physical structure, not an operation. And this conclusion is consistent with the Federal Circuit's guidance to interpret independent and dependent claims consistently. *See Wright Med.*, 122 F.3d at 1445.

This construction is further supported by Figure 7c, which also indicates that a "phase shift stage" is a physical structure. Specifically, Figure 7c shows two physically separate "phase shift stages" sharing a "beam splitter:"



('459 Patent, Fig. 7c (annotations added).) The Court held that Claim 17 reads on Figure 7c. (Dkt. 235 at 40.) This figure depicts three "stages of phase shift" being carried out by two physically distinct "phase shift stages." (*See also* '459 Patent, ll. 22:66-23:25 (describing operation of Figure 7c).) Accordingly, Figure 7c indicates that a "phase shift stage" is a physical structure whereas a "stage of phase shift" is an operation.

## CONCLUSION

For the foregoing reasons, the Court should reconsider its construction of the term "sharing a beam splitter" and hold that the term means "a beam splitter that is shared between one phase shift stage and at least one other, *i.e.*, different, phase shift stage, wherein a phase shift stage is a physical structure."

Dated: April 25, 2013                              Respectfully submitted,

                                                   /s/  Robert D. Leighton

Mark A. Dodd (Texas Bar No. 24040815)
Email: mdodd@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3306
Fax: (214) 981-3400

Richard F. O'Malley
Lisa A. Schneider
Robert D. Leighton
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Tel: 312-853-7000
Fax: 312-853-7036

*Attorneys For Defendants Tellabs, Inc., Tellabs Operations Inc., and Tellabs North America, Inc.*

 */s/* Allison H. Altersohn
Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON PC
110 North College
Suite 500
Tyler, Texas 75702
Tel: 903-597-8311
Fax: 903-593-0846
*mikejones@potterminton.com*
*allengardner@potterminton.com*

Robert F. Perry
Allison H. Altersohn
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Telephone: (212) 556 2100
Facsimile: (212) 556 2222
*rperry@kslaw.com*
*aaltersohn@kslaw.com*

*Attorneys For Defendant*

*Alcatel-Lucent Usa Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3) this 25th day of April, 2013.

/s/  Robert D. Leighton

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Tellabs met and conferred with counsel for Cheetah on April 25, 2013 on the merits of the foregoing motion.  The parties were unable to reach agreement and Cheetah opposes the foregoing motion.

/s/  Robert D. Leighton

CH1 7627433