**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Cheetah Omni LLC<br><br>   *Plaintiff*,<br><br> v.<br><br>Alcatel-Lucent USA Inc., et al.<br><br>   *Defendants*. | Civil Action No. 6:11-cv-390 (LED) |

**DEFENDANTS' RESPONSE TO CHEETAH'S MOTION TO RECONSIDER THE
COURT'S MEMORANDUM OPINION AND ORDER CONSTRUING
"UNMODULATED OPTICAL SIGNAL," "UNMODULATED,"
AND THE "MODULATE" TERMS (DKT #235)**

Defendants Alcatel-Lucent, Ciena Corporation, Ciena Communications, Inc., Fujitsu Network Communications and Nokia Siemens Networks hereby provide their Response to Plaintiff Cheetah Omni's ("Cheetah") Motion to Reconsider the Court's Memorandum Opinion and Order Construing "Unmodulated Optical Signal," "Unmodulated," and the "Modulate" Terms (Dkt #235) ("Cheetah's Motion").[1]

---

[1] The Tellabs defendants neither join nor oppose this Response because the Motion at issue is directed to claims that are not asserted against them.

## I.   INTRODUCTION

Cheetah's Motion should be denied because it fails to identify any error of law or fact, or present newly discovered evidence, the only proper bases for reconsideration. Cheetah merely reargues the issue and re-hashes previously rejected arguments regarding the *Samsung* ruling and the patent figures raised in the briefing and *Markman* hearing.

Moreover, even if Cheetah could satisfy the high standard for reconsideration, which it cannot, this Court's construction of the terms "unmodulated optical signal," "unmodulated," and the "modulate" terms[2] from U.S. Patent No. 7,339,714 ("the '714 Patent") is correct and supported by a thorough analysis of the full briefing and oral arguments of the parties as well as the relevant intrinsic and extrinsic evidence. Accordingly, Cheetah's Motion should be denied.

## II.   APPLICABLE LAW

Reconsideration under Rule 59(e) "is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)); *see also Intel Corp. v. Commonwealth Sci. & Indus. Research Organization*, 2009 U.S. Dist. LEXIS 131912, *20 (E.D. Tex. Apr. 9, 2009) (Davis, J.) (citing *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments."). Rather, reconsideration motions must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Intel Corp.*, 2009 U.S. Dist. LEXIS 131912, *20 (citing *Ross*, 426 F.3d at 763 (quoting *Pioneer Natural Res. USA, Inc.*

---

[2] The "modulate" terms are "to modulate," "modulated," and "modulation."

*v. Paper, Allied Indus. & Energy Workers Int'l Union Local*, 328 F.3d 818, 820 (5th Cir. 2003))).

A court abuses its discretion in denying a motion to reconsider only if it "bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

### III. ARGUMENT

#### A. There Is No Clear Error of Law in the Court's Claim Constructions and Cheetah Presents No Newly Discovered Evidence

Cheetah does not even attempt to satisfy the high standard for reconsideration. Cheetah concedes that there is no "newly discovered" evidence, focusing exclusively on evidence that was previously before the Court (i.e., the *Samsung* ruling and '714 patent specification), and then rearguing its losing position. *Intel Corp.*, 2009 U.S. Dist. LEXIS 131912, *20 (Motions for reconsideration "cannot be used to raise arguments which could, and should, have been made before the judgment issued."). Cheetah also fails to point to any "clear error" in the Court's order, using the phrase only in a background legal section. Moreover, far from committing error, as set forth below, the Court's analysis was reasoned and correct. The Court's opinion on the relevant "modulate" terms spans six pages containing detailed analyses of both parties' positions, the Court's prior ruling in *Samsung*, and intrinsic and extrinsic evidence. (*See* Court's Claim Construction Order, Dkt. 235, pp. 18-23).

#### B. Even If Considered, Cheetah's Arguments Fail on the Merits

Cheetah argues that the Court erred in its construction of the "modulate" terms because Figure 15 of the '714 patent allegedly describes an embodiment where the "optical signal" carries information *before* it is "modulated," and therefore "unmodulated" cannot mean a signal that is not carrying information. (Cheetah's Motion, Dkt. 237, p. 7 (emphasis in original)). Cheetah also argues that the Court's construction of these terms is inconsistent with its opinion in the *Samsung* litigation. Cheetah is wrong on both counts.

Even if Figure 15 illustrates an optical signal that is carrying information, that does not mean that an "unmodulated" signal is a signal that is already carrying information. It simply means, accepting Cheetah's premise, that Figure 15 does not show an unmodulated optical signal (it shows a modulated signal). And not surprisingly, consistent with Figure 15, several claims of the '714 patent do not require an unmodulated optical signal.[3] Thus, Figure 15 is not helpful for Cheetah.[4] Moreover, even if every claim did require an unmodulated optical signal, it is well settled that "not every claim must cover every disclosed embodiment." (Court's Claim Construction Order, Dkt. 235, p. 11 (citing *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010))).

With respect to the Samsung litigation, Cheetah argues that the Court is being inconsistent with its ruling there because the "the Court [in that case] held that Figure 15 is the relevant embodiment for the asserted claims [18 and 19]." (Cheetah's Motion, Dkt. 237, p. 2). This court, however, already expressly considered the *Samsung* ruling and explained that its decision was consistent with that ruling. (Court's Claim Construction Order, Dkt. 235, p. 22). In addition, this Court's decision was consistent with the *Samsung* ruling because the Court's reference to Figure 15 was with respect to *an entirely different claim term*—"a first signal part and a second signal part" — not to the "modulate" terms. *See Samsung*, 2009 U.S. Dist. LEXIS 119541, *11-12. The Court never said that Figure 15 was relevant to the "modulate" terms. *Id*. at *8-11. Thus, the *Samsung* litigation is also not helpful for Cheetah.

---

[3] For instance, independent claims 5 and 19 do not require an unmodulated optical signal.

[4] Cheetah also refers to Figures 11g and 11h in the background section of its brief as alleged components of Figure 15. (Cheetah's Motion, Dkt. 237, pp. 3-5). These figures do not change the analysis. In addition, Cheetah argues that these Figures do "not involve the 'interference' effects described by the Court." (*Id*. at 4). This is incorrect. The specification expressly refers to Figure 11g operating "in a diffraction mode" and "diffract[ing]" the signal. '714 Patent, col. 16, ll. 52-60.

Here, after analyzing all of the intrinsic and extrinsic evidence, the Court properly recognized that an unmodulated optical signal does not carry any information, and that modulation varies the signal to carry information. As the Court stated:

> The '714 Patent describes a type of "modulation" (i.e., phase shift modulation) that differs from more commonly used frequency modulation (FM) and amplitude modulation (AM). In FM, an information signal of 1s and 0s is used to "modulate" a carrier wave to change its frequency between f1 and f2, according to the pattern of 1s and 0s. Similarly, in AM, an information signal of 1s and 0s is used to "modulate" a carrier wave to change its amplitude between A1 and A2, according to the pattern of 1s and 0s. A receiver (FM or AM) demodulates the received carrier wave to extract the original pattern of 1s and 0s of the information signal.
>
> In the modulation scheme of the '714 Patent, a carrier wave is not phase-shifted in response to an information signal and its pattern of 1s and 0s. Instead, two lightwave signals are phase-shifted relative to one another in response to an information signal having a pattern of 1s and 0s such that, when they are combined (interference), there are corresponding changes in the intensity of an output lightwave signal. These changes in intensity reproduce the information signal content pattern. Thus, the output lightwave signal is "modulated" in its intensity according to the information signal.

(Court's Claim Construction Order, Dkt. 235, p. 21, n.7). Thus, the Court properly found that an unmodulated signal does not carry information and the process of modulating the signal adds information to it.

In contrast, Cheetah wants to interpret "unmodulated" as a signal that has not yet been processed by the claimed invention (Cheetah's Motion, Dkt. 237, p. 8), but this would render the term unmodulated superfluous because *any* signal that has not yet been "processed" by the invention would necessarily be unmodulated. This circular construction is legally incorrect and has already been rejected by this Court. *See, e.g., Bicon Inc. v. Straumann Co.*, 441 F.3d 945, 951 (Fed. Cir. 2006) (rejecting proposed construction because it rendered claim language

superfluous).

Cheetah finally argues that "Figures 1 and 7 [are] not relevant to the analysis of asserted [c]laims 1 and 18" because claims 1 and 18 require "(i) an array of moving mirrors plus (ii) at least one other moving mirror" and these figures, allegedly, do not depict "the claimed two-movable-mirror configuration." (Cheetah's Motion, Dkt. 237, p. 3). Cheetah misses the point because those figures are relevant (as is the rest of the evidence relied upon by the Court) in determining what the patent means by an "unmodulated" optical signal. (Court's Claim Construction Order, Dkt. 235, pp. 20-21 (describing how Figures 1 and 7 relate to the proper construction of this term)). Moreover, the Federal Circuit has made clear that a patent figure does not need to include *every* feature of a claim for it to be relevant to, and instructive for, construing certain terms in a claim. *See Altair Engineering, Inc. v. LEDdynamics, Inc.*, 2011 WL 836440, *3 (Fed. Cir. 2011). In short, the Court properly considered Figures 1 and 7 when construing these terms.

## IV.  CONCLUSION

For the foregoing reasons, the Defendants ask that the Court deny Cheetah's Motion to Reconsider in its entirety. *See Intel Corp.*, 2009 U.S. Dist. LEXIS 131912, *20 ("A court abuses its discretion in denying a motion to reconsider only if it 'bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'") (citing *Ross*, 426 F.3d at 763 (quoting *Pioneer Natural Res. USA, Inc. v.*, 328 F.3d at 820)).

Respectfully submitted,

Dated: May 13, 2013

   */s/    Melvin R. Wilcox*
Melvin R. Wilcox, III
Texas Bar No. 21454800
mrw@yw-lawfirm.com
Yarbrough & Wilcox PLLC
100 E. Ferguson St.
Tyler, Texas 75702
(903) 595-1133; Fax (903) 595-0191

Christopher E. Chalsen (*Pro Hac Vice*)
cchalsen@milbank.com
Lawrence T. Kass (*Pro Hac Vice*)
lkass@milbank.com
Anna Brook (*Pro Hac Vice*)
abrook@milbank.com
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000; Fax (212) 822-5844

*Counsel for Fujitsu Network Communications, Inc. and on behalf of Ciena Corporation, Ciena Communications, Inc., Alcatel-Lucent USA Inc., and NokiaSiemens Networks US LLC*


**CERTIFICATE OF SERVICE**

I hereby certify that **DEFENDANTS' RESPONSE TO CHEETAH'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER CONSTRUING "UNMODULATED OPTICAL SIGNAL," "UNMODULATED," AND THE "MODULATE" TERMS (DKT #235)** was served on May 13, 2013 via Court's CM/ECF system and by electronic mail as follows:

- Cheetah Omni LLC counsel email distribution (Cheetah-BK@brookskushman.com)
- Defendants counsel email distribution (Cheetah-Defendants@kslaw.com)

*/s/Melvin R. Wilcox*