UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

**Cheetah Omni LLC,**

       *Plaintiff,*

vs.

Alcatel-Lucent USA Inc., et al.

       *Defendants.*

HONORABLE LEONARD DAVIS

Case No. 6:11CV390

JURY TRIAL DEMANDED

## CHEETAH'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER CONSTRUING "UNMODULATED OPTICAL SIGNAL," "UNMODULATED," AND THE "MODULATE" TERMS (DKT. #235)



No one has identified intrinsic or extrinsic evidence that <u>requires</u> the "unmodulated optical signal" in the '714 Patent be completely devoid of information before the signal is modulated. The Court's Order cites evidence supporting its construction that "modulating . . . adds information," Dkt #235 at 22, but nothing mandates that the "unmodulated optical signal" be devoid of information. Likewise, Defendants fail to cite any intrinsic or extrinsic evidence that the "unmodulated optical signal" in the '714 Patent must be devoid of information.

The Court based its construction of "unmodulated optical signal" on a syllogism. *Id.* The first premise of the syllogism, which Cheetah does not dispute, was that "modulating an optical signal adds information to the signal." *Id.* The second, unstated, premise was that information can only be added to a signal that "does not yet carry information." *Id.* The Court's second premise is flawed. Information may be added to a signal <u>already</u> carrying information, as shown in Figure 15 of the '714 Patent. Note that the embodiments of Figures 1-7 are not inconsistent with this statement. Those embodiments do not say whether the incoming optical signal carries information or not. As Figure 15 makes clear, the incoming optical signal in that embodiment unambiguously carries information. Accordingly, the Court's construction that "an unmodulated optical signal does not yet carry information" is inconsistent with the specification.

Figure 15 shows a data packet, containing header information and payload information, splits into two parts. An "Electronic Processor" processes the header information while the payload (the <u>unmodulated</u> "first part" in Claims 1 and 18) enters an "Array of VBG." The Electronic Processor modifies the header and sends it to the VBG Array. The VBG Array modulates the "first part" containing the payload, adding the modified header. Thus, Figure 15 shows an unmodulated optical signal, carrying (payload) information, is modulated to add additional information, precisely as claimed in Claims 1 and 18.

1

Notably, while both Cheetah and the Court identify Figure 15 as the relevant embodiment, Defendants identify **no** embodiment covered by the claims.  Given a choice between a claim construction that covers an embodiment and a construction that renders a claim unsupported, the Court should choose the construction that covers the embodiment.  *Interactive Gift Express, Inc. v. CompuServe Inc.*, 256 F.3d 1323, 1344 (Fed. Cir. 2001) (rejecting appellees' proposed construction, which was unsupported by the patent's preferred embodiment).

Defendants attack the relevance of Figure 15.  They claim that the Court's finding, in *Samsung*, that "[t]he relevant embodiment of claims 18 and 19 is Figure 15" was limited to the claim term "a first signal part and a second signal part."  (Defendants' Brief at 4.)  The Court made the "relevant embodiment" statement in a section entitled "A First and Second Signal Part," *Samsung* Dkt #166 at 6-7, but it did not limit its "relevant embodiment" finding to that claim term.  Moreover, the claim term "a first signal part and a second signal part" is highly relevant to the construction of "unmodulated optical signal" as the Court recognized at page 20 of its Order:

> In claims 1 and 18, an optical divider receives an unmodulated optical signal, then separates it into <u>first and second signal parts</u>.  ('714 Patent, Claim 1, at 23:19-22; Claim 18, at 25:40-42.)  Because the input optical signal is unmodulated, <u>the first and second signal parts are also unmodulated</u>.

(Order at 20, emphasis added.)  Accordingly, the Court's finding in *Samsung* that Figure 15 is the "relevant embodiment" applies equally to the construction of "unmodulated optical signal."

Defendants incorrectly argue that Cheetah's construction "would render the term unmodulated superfluous."  (Defendants' Brief at 5.)   To the contrary, Cheetah's construction differentiates the signal that enters the system (the "unmodulated" signal) from the signal that leaves the system.  The "modulated" the signal that leaves the system carries information that was added to the "unmodulated" signal.

2

In footnote 4, defendants contend that the embodiments of Figure 11g and 11h involve interference.  (Defendants' Brief at 4, footnote 4.)  Defendants cite Figure 11g (but not Figure 11h) as operating "in a diffraction mode" and "diffract[ing] the signal."  (*Id.*)  "Diffraction mode" simply means that the mirrors are angled[1] so that the light beam reflects at an angle, in contrast with "reflection mode"[2] where the light reflects straight back toward the input. Figures 11g and 11h do not create information, as Figure 1 and 7 do.  Figures 11g and 11h depict an add/drop multiplexer, which passes the input signal – unaltered – in one direction or another.

Finally, Defendants argue that Cheetah has not given the Court a "proper" basis for reconsidering its construction.  After reciting the applicable law, Cheetah identified the basis for its motion:  "Cheetah submits that there is a need to correct a clear error of law . . . ."  (Opening Brief at 6.)  Claim construction is a "purely legal" issue.  *Markman v. Westview Instruments, Inc.*, 116 S. Ct. 1384, 1396 (1996).  Moreover, Cheetah has not merely rehashed arguments made previously.  It presented new arguments, based on the Court's Order, that could not have been made previously because, *inter alia*, the Court's Order contains analyses, *e.g.*, of interference effects and Figures 1 and 7, not argued by the Defendants.  (*Compare* Order at 20-21 *with* Defendants' Responsive Brief on Claim Construction, Dkt #206 at 13-15.)

For these reasons, the Court should reconsider its construction of "unmodulated optical signal," "unmodulated," and the "modulate" terms and adopt Cheetah's constructions.

---

[1] "In diffraction mode, strips 14 are each rotated by approximately a blaze angle THETA from the original position of strips 14." '714 Patent at 4:22-24.

[2] '714 Patent at 4:10-18.

BK

Respectfully submitted,

Dated:  May 23, 2013

By:  /s/ Thomas A. Lewry
Thomas A. Lewry (MI Bar No. P36399)
(Lead Attorney)
John S. Le Roy (MI Bar No. P61964)
Robert C.J. Tuttle (MI Bar No. P25222)
John M. Halan (MI Bar No. P37616)
Christopher C. Smith (MI Bar No. P73936)
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel:  (248) 358-4400 – Fax:  (248) 358-3351
Email: tlewry@brookskushman.com
        jleroy@brookskushman.com
        rtuttle@brookskushman.com
        jhalan@brookskushman.com
        csmith@brookskushman.com

T. John Ward, Jr. (TX State Bar No. 00794818)
Jack Wesley Hill
**Ward & Smith Law Firm**
1127 Judson Road, Suite 220
PO Box 1231
Longview, Texas 75606
Tel:  (903) 757-6400 – Fax:  (903) 757-2323
Email:  jw@jwfirm.com
        wh@jwfirm.com

Eric Miller Albritton
**Albritton Law Firm**
PO Box 2649
111 West Tyler, 75601
Longview, TX 75606
Tel: (903) 757-8449 – Fax: (903) 758-7397
ema@emafirm.com

4



## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that counsel of record for Defendants are being served with a copy of this document via e-mail pursuant to LR CV-5(d) on May 23, 2013.

_/s/ Thomas A. Lewry_

