# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **Cheetah Omni LLC,** | |
| *Plaintiff,* | HONORABLE LEONARD DAVIS |
| vs. | Case No. 6:11CV390 |
| **Alcatel-Lucent USA Inc**., et al. | JURY TRIAL DEMANDED |
| *Defendants*. | |

# CHEETAH'S SUR-REPLY OPPOSING DEFENDANTS' MOTION TO RECONSIDER THE CONSTRUCTION OF "SHARING A BEAM SPLITTER" IN MEMORANDUM OPINION AND ORDER (DKT. #235)



Defendants' main argument is that "stage" in method Claim 17 is structural because dependent Claim 18 identifies structure (mirrors) within the stage. But that argument does not resolve whether the stage, itself, is a structure or whether it merely defines the location where structure exists.

Defendants also cite a definition from an IEEE dictionary. But that dictionary definition is inconclusive. According to the IEEE dictionary, "stage" can mean <u>either</u> one step of a process <u>or</u> the apparatus employed in such a step. (Defs' Ex. 3.) Claim 17 is a method claim, so the first definition – one step in a process – is the more appropriate definition. Thus, the IEEE dictionary is of no help.

Defendants criticize Cheetah's Collins English Dictionary definition as dated after the filing date of the patent-in-suit. But Defendants present no evidence that the meaning of "stage" has changed in the intervening years. Moreover, Defendants cite no evidence that Dr. Islam used "stage" contrary to the ordinary meaning of the word. When the patent says "stage" it does so in the ordinary sense of the word – a step in a process or a location of the phase shifting actions – consistent with Cheetah's dictionary definition. (*See, e.g.*, '459 Patent, Abstract ("at least three stages of phase shifters"), Fig. 17 ("generate copies of the signal received at the second stage"), 3:12-13 ("each of the phase shift stages is operable to introduce a phase shift"), 6:13 ("at least three stages of phase shift"), 20:53-54 ("at least two phase shift stages share a common beam splitter"), 21:24-25 ("bulk wave plates between stages of phase shifters"), 22:33-34 ("a single polarization converter in the first and last phase shift stages").) The patent never limits a "phase shift stage" to particular structures.

The specification shows that Dr. Islam intended the word "stage" to refer to the <u>location</u> of the phase shifters and other components, such as polarization converters (*id.* at 22:33-34).

1

The stage, itself, is not a structure, but it contains structures that perform phase shifting and other functions. The specification "is the single best guide to the meaning of a disputed term." *Phillips*, 415 F.3d 1303, 1315 (Fed. Cir. 2005).

Defendants argue that Cheetah "equates the claimed phase shift stages with physical elements" citing two excerpts from Cheetah's post-Markman infringement contentions. (Defs' Reply at 2.) The two excerpts, Defendants' Exhibits 1 and 2, are identical. The illustrations at the bottom of each slide shows physical components that comprise two stages. But the illustration at the top of each slide shows the stages graphically as the locations where the components reside. For convenience, Cheetah used the same slide for the apparatus claims <u>and</u> the method claim because the slide shows the stage locations and the stage structures. These excerpts are not an admission by Cheetah that "stages" are structure.

Finally, Claim 26, which depends from Claim 17, refutes Defendants' argument that the proper construction of "phase shift stage" requires not just structure, but "<u>different</u> . . . physical structure." Defendants do not dispute that Figure 7c is the only embodiment in the patent that shows the configuration described by Claim 28. Defendants also do not dispute that the first stage of Figure 7c (stage 1) and the last stage (stage 3) use the same components, refuting Defendants' argument that each "phase shift stage" in the method claims must have "different . . . physical structure."

Defendants assert that Claims 17 and 28 use the word "other" to describe the second phase shift stage that shares the beam splitter. But, the patent is clear that Figure 7c's last phase shift stage (stage 3) is another stage, a stage "other" than the first phase shift stage, albeit using the same components, not different components as Defendants' construction requires. ('549 Patent at 23:31-34.) Thus, Defendants' proposed construction eliminates all support for Claim

2

28, which is improper. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1349 (Fed. Cir. 2003).

For these reasons, the Court should deny defendants' Motion for Reconsideration.

Dated: May 31, 2013

Respectfully submitted,

By: /s/ Thomas A. Lewry
Thomas A. Lewry (MI Bar No. P36399)
(Lead Attorney)
John S. Le Roy (MI Bar No. P61964)
Robert C.J. Tuttle (MI Bar No. P25222)
John M. Halan (MI Bar No. P37616)
Christopher C. Smith (MI Bar No. P73936)
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238
Tel: (248) 358-4400 – Fax: (248) 358-3351
Email: tlewry@brookskushman.com
  jleroy@brookskushman.com
  rtuttle@brookskushman.com
  jhalan@brookskushman.com
  csmith@brookskushman.com

T. John Ward, Jr. (TX State Bar No. 00794818)
Jack Wesley Hill
**Ward & Smith Law Firm**
1127 Judson Road, Suite 220
PO Box 1231
Longview, Texas 75606
Tel: (903) 757-6400 – Fax: (903) 757-2323
Email: jw@jwfirm.com
  wh@jwfirm.com

Eric Miller Albritton
**Albritton Law Firm**
PO Box 2649
111 West Tyler, 75601
Longview, TX 75606
Tel: (903) 757-8449 – Fax: (903) 758-7397
ema@emafirm.com

3



**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record for Defendants are being served with a copy of this document via e-mail pursuant to LR CV-5(d) on **May 31, 2013**.

      /s/ Thomas A. Lewry

