**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| Cheetah Omni LLC<br><br>      *Plaintiff*,<br><br>  v.<br><br>Alcatel-Lucent USA Inc., et al.<br><br>      *Defendants*. | Civil Action No. 6:11-cv-390 (LED) |

**DEFENDANTS' SUR-REPLY TO CHEETAH'S MOTION TO RECONSIDER THE
COURT'S MEMORANDUM OPINION AND ORDER CONSTRUING
"UNMODULATED OPTICAL SIGNAL," "UNMODULATED,"
AND THE "MODULATE" TERMS (DKT #235)**

Defendants Alcatel-Lucent USA Inc., Ciena Corporation, Ciena Communications, Inc., Fujitsu Network Communications and Nokia Siemens Networks hereby provide their Sur-Reply to Plaintiff Cheetah Omni's ("Cheetah") Motion to Reconsider the Court's Memorandum Opinion and Order Construing "Unmodulated Optical Signal," "Unmodulated," and the "Modulate" Terms (Dkt #235) ("Cheetah's Motion").[1]

---

[1] The Tellabs defendants neither join nor oppose this Sur-Reply because the Motion at issue is directed to claims that are not asserted against them.

Cheetah argues that the Court erred in construing the "modulated" terms because it fell victim to the faulty "syllogism" that because modulating means adding information to a signal, an unmodulated signal must be a signal that does not carry information. (Cheetah Reply at 1.) The Court, however, did not rely on this logic alone. Rather, the Court found, based on the intrinsic and extrinsic evidence, that "unmodulated" means "not carrying information," and that modulate means "vary to carry information." (Court's Claim Construction Order, Dkt. 235, p. 22.) The Court explained that "[w]hile 'optical signal' alone may be generally assumed to mean a light beam carrying information, this assumption is negated by the word 'unmodulated.' The modifier 'unmodulated' means the signal does not yet carry information." (*Id*.) What Cheetah really wants, and what the Court already rejected, is a circular construction of "unmodulated optical signal" that would allow Cheetah to argue that *any signal* can be called "unmodulated"—*even if it has been previously modulated*—so long as the *claimed invention* has not yet processed it. Stated another way, Cheetah contends that a signal could be both modulated and unmodulated at the same time. This has been, and will always be, wrong, and exposing this flaw in Cheetah's reasoning collapses its other arguments.

Cheetah argues that the Court's construction is wrong because one embodiment in the '714 patent, Figure 15, allegedly describes modulation of a previously modulated signal. (Cheetah Reply at 1.) The '714 patent, however, never even suggests Figure 15 as "modulating" a signal or that this figure is relevant to the meaning of "modulate" or "unmodulated." And even if it was, some claims in the '714 patent require receiving an "unmodulated" optical signal and some do not. *See, e.g.*, '714 Patent, claims 5, 19. As the Court properly recognized, "not every claim must cover every disclosed embodiment." (Court's Claim Construction Order, Dkt. 235, pp. 11, 22 (citing *Baran v. Med. Device Techs., Inc.*, 616 F.3d 1309, 1316 (Fed. Cir. 2010)).)

Cheetah also argues that Defendants identify "no embodiment covered by the claims" consistent with the Court's construction, but this is simply wrong. (Cheetah Reply at 1.) Cheetah, in fact, admits that Figures 1-7 could receive optical signals not carrying information. (Cheetah Reply at 1.) Indeed, Figure 15 is the *only* figure that Cheetah even argues illustrates modulating a signal already carrying information. And again, ***the claims themselves*** flatly distinguish between processing a "modulated signal" (which Cheetah alleges is supported by Figure 15) and modulating an "unmodulated signal" (which even Cheetah admits is supported by the '714 patent).[2]

Cheetah incorrectly states that "no one has identified intrinsic or extrinsic evidence that requires the 'unmodulated optical signal'" to be a signal that does not yet carry information. To the contrary, the Court (and the Defendants) relied on the '714 patent, its prosecution history, and effectively unrebutted and squarely relevant extrinsic evidence to establish that an unmodulated optical signal is "a light beam that does not carry information." (*See* Defendants' Responsive Brief on Claim Construction, Dkt. 206, pp. 13-15; *see also* Court's Claim Construction Order, Dkt. 235, pp. 20-22.)

Cheetah also continues to argue that the Court ruled in *Samsung* that Figure 15 was the relevant embodiment for claims 18 and 19. (Cheetah's Reply, Dkt. 251, p. 3.) The Court, however, already addressed its *Samsung* ruling and explicitly noted that its ruling only dealt with the phrase "optical signal" and ***not*** the phrase "unmodulated optical signal." (Court's Claim

---

[2] Cheetah argues that Figures 11g and 11h do not involve interference, and thus, unlike Figures 1 and 7, cannot create information. Cheetah's Reply, Dkt. 251, p. 4. The '714 patent, however, states that Figure 11g "operates to *diffract* a majority of the signal received toward circulator 818." '714 patent, 16:52-59. Figure 11g does not simply reflect the light—it *diffracts* the light, the same interferometric process described elsewhere throughout the '714 patent, and the same interferometric process that the Court held can "create[] the information contained in the output signal." Court's Claim Construction Order, Dkt. 235, p. 21. Further, as the Court noted, Figures 1 and 7, among many others, describe creating information through diffraction and themselves support the Court's construction. *See id.* at pp. 20-21.

3

Construction Order, Dkt. 235, p. 22.)

Cheetah also argues for the first time in its Reply brief that it presents new arguments based on the Court's Order that could not have been made previously because the Court's Order contains analyses not argued by the Defendants, based on Figures 1 and 7 of the '714 patent. (*Id.*). The '714 Patent, however, is not new evidence, no matter how often Cheetah argues that it is. If Cheetah believed certain figures supported its claim construction position, it should have made those arguments during claim construction briefing and at the *Markman* hearing.[3]

For the foregoing reasons, the Defendants ask that the Court deny Cheetah's Motion to Reconsider in its entirety.

---

[3] *Intel Corp. v. Commonwealth Sci. & Indus. Research Organization*, 2009 U.S. Dist. LEXIS 131910, *20 (E.D. Tex. Apr. 9, 2009) (Davis, J.) (quoting *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (Reconsideration motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued.").

Respectfully submitted,

Dated: June 3, 2013

  /s/Melvin R. Wilcox
Melvin R. Wilcox, III
Texas Bar No. 21454800
mrw@yw-lawfirm.com
YARBROUGH WILCOX GUNTER PLLC
100 E. Ferguson St., Suite 1015
Tyler, Texas 75702
(903) 595-1133; Fax (903) 595-0191

Christopher E. Chalsen (*Pro Hac Vice*)
cchalsen@milbank.com
Lawrence T. Kass (*Pro Hac Vice*)
lkass@milbank.com
Anna Brook (*Pro Hac Vice*)
abrook@milbank.com
MILBANK, TWEED, HADLEY & MCCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005-1413
(212) 530-5000; Fax (212) 822-5844

*Counsel for Fujitsu Network Communications, Inc. and on behalf of Ciena Corporation, Ciena Communications, Inc., Alcatel-Lucent USA Inc., and NokiaSiemens Networks US LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that **DEFENDANTS' SUR-REPLY TO CHEETAH'S MOTION TO RECONSIDER THE COURT'S MEMORANDUM OPINION AND ORDER CONSTRUING "UNMODULATED OPTICAL SIGNAL," "UNMODULATED," AND THE "MODULATE" TERMS (DKT #235)** was served on the counsel of record on June 3, 2013 via Court's CM/ECF system.

                          */s/Melvin R. Wilcox*