# EXHIBIT 1



Ernie L. Brooks
1942-2007

**Brooks Kushman P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238 USA

Tel (248) 358-4400 ● Fax (248) 358-3351

www.brookskushman.com

August 9, 2013

The Honorable Leonard Davis
U.S. District Court for the Eastern District of Texas
200 W. Ferguson, Third Floor
Tyler, TX 75702

      Re:    *Cheetah Omni v. Alcatel-Lucent et al.*
                Case No. 6:11cv390

Dear Judge Davis:

      Plaintiff, Cheetah Omni LLC ("Cheetah"), asks for permission to file a *Daubert* motion to exclude testimony by Defendants' technical experts on the issues of written description and enablement.

      The Defendants raise written description and enablement arguments for the asserted claims of U.S. Patent Nos. 6,882,771 ('771), 6,940,647 ('647), 7,116,862 ('862), and 7,339,714 ('714). Defendants rely on the testimony of their two technical experts as support. As explained below, however, that testimony is unreliable because: (1) it is based on faulty premises and (2) it is merely conclusory. Because such testimony does not satisfy Fed. R. Evid. 702, it must be excluded. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).

### The '771 and '862 Patents

      For the '771 and '862 patents, the Defendants focus on the "moveable mirror" language in the claims. They argue that the '771 and '862 patents, which share the same specification, do not describe or enable the claimed system.

      As support for their argument, Defendants rely on their technical expert, Dr. Joseph Ford. As foundation for his opinion, Dr. Ford states (twice) that the '771 and '862 patents "do[] not describe all the methods of attenuation that could conceivably be covered by [the asserted] claims . . . ." This premise is contrary to law.

      An inventor is not required to "describe all methods . . . that could conceivably be covered by [the asserted] claims." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1071 (Fed. Cir. 2005) ("Enablement does not require the inventor to foresee every means of implementing an invention at pains of losing his patent franchise."); *Rexnord Corp. v. Laitram Corp.* 274 F.3d 1336, 1344 (Fed. Cir. 2001) ("Our case law is clear that an applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention."). This fundamental flaw in Dr. Ford's analysis makes his § 112(a) opinions incorrect and unreliable. *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011) ("Beginning from a fundamentally flawed premise . . . results in a fundamentally flawed

conclusion."). His § 112(a) opinions regarding the '771 and '862 patents should be excluded for this reason alone.

In addition, Dr. Ford's enablement opinion is merely conclusory. To prove non-enablement, Defendants must present evidence regarding "undue experimentation." *In re Wands*, 858 F.2d 731, 736-37 (Fed. Cir. 1988). "Whether undue experimentation is required is not a single, simple factual determination, but rather is a conclusion reached by weighing many factual considerations." *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F. 3d 1330, 1336 (Fed. Cir. 2013) (citation and internal quotation marks omitted).

With respect to "undue experimentation," Dr. Ford states:

> Because the '771 and '862 Patents fails to disclose any method of attenuation other than Interferometric Attenuation, undue experimentation by one of ordinary skill in the art would have been necessary in order to implement the full scope of the claimed system, according to Cheetah's apparent interpretation of the claims.

This sentence contains the <u>entirety</u> of Dr. Ford's analysis of "undue experimentation." That opinion is conclusory. Dr. Ford does not discuss or weigh the "many factual considerations" necessary for an opinion on "undue experimentation." Because his enablement opinion is merely conclusory, it is not helpful and must be excluded. *Cephalon*, 707 F. 3d 1330, 1338 ("*ipse dixit* statements . . . cannot be enough to constitute clear and convincing evidence [of undue experimentation]."); *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc.*, 776 F.2d 281, 294 (Fed. Cir. 1985) ("Lack of factual support for expert opinion going to factual determinations, however, may render the testimony of little probative value in a validity determination."); Fed. R. Evid. 702(a).

## **The '714 Patent**

Defendants assert that the '714 patent does not describe, and does not enable, the "array of optical signal processing devices" limitation of the asserted claims. As with the '771 and '862 patents, Defendants rely on testimony from Dr. Ford.

Again, Dr. Ford offers only a conclusory opinion on "undue experimentation." The entirety of his "undue experimentation" analysis is:

> It is also my opinion that the specification of the '714 Patent would have been insufficient to enable a person of ordinary skill in the art to practice the full scope of the subject matter claimed in the asserted claims of the '714 Patent without undue experimentation.

This conclusory opinion on enablement is not helpful and must be excluded. *Cephalon*, 707 F. 3d at 1338; *Ashland Oil*, 776 F.2d at 294; Fed. R. Evid. 702(a).



Case 6:11-cv-00390-LED   Document 272-1   Filed 08/09/13   Page 4 of 4 PageID #: 5649

Judge Leonard Davis
August 9, 2013
Page 3

### The '647 Patent

For the '647 Patent, Defendants rely on a different technical expert, Dr. Keith Goossen. But, like Dr. Ford, Dr. Goossen's analysis of "undue experimentation" is merely conclusory. He simply says that the '647 Patent "cannot enable a POSITA to practice the alleged invention of claim 1 without undue experimentation." He provides no support for that statement, nor does he analyze the "many factual considerations" needed for an opinion on undue experimentation. His testimony on enablement is not helpful and must be excluded. *Cephalon*, 707 F. 3d at 1338; *Ashland Oil*, 776 F.2d at 294; Fed. R. Evid. 702(a).

For the foregoing reasons, Cheetah asks for permission to file a *Daubert* motion to exclude the testimony of Defendants' technical experts on the issues of written description and enablement.

Very truly yours,

**BROOKS KUSHMAN P.C.**

Thomas A. Lewry

TAL:ds
cc: all counsel of record (by ECF)

