# EXHIBIT 1



Ernie L. Brooks
1942-2007

**Brooks Kushman P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan  48075-1238  USA

Tel (248) 358-4400 ● Fax (248) 358-3351

www.brookskushman.com

August 9, 2013

The Honorable Leonard Davis
U.S. District Court for the Eastern District of Texas
200 W. Ferguson, Third Floor
Tyler, TX 75702

      **Re:**   *Cheetah Omni v. Alcatel-Lucent et al.*
             **Case No. 6:11cv390**

Dear Judge Davis:

      Plaintiff, Cheetah Omni LLC ("Cheetah"), asks for permission to file a motion for summary judgment on Defendant's 35 U.S.C. § 112(a) written description and enablement invalidity defenses.  Cheetah is entitled to summary judgment because Defendants have failed to make a *prima facie* case of invalidity under § 112(a).

      The Defendants raise written description and enablement arguments for the asserted claims of U.S. Patent Nos. 6,882,771 ('771), 6,940,647 ('647), 7,116,862 ('862), and 7,339,714 ('714).  Cheetah addresses each set of arguments separately below.

      The written description defense is fact-based,[1] but it can be decided on summary judgment if the defendant does not have sufficient evidence.  *Howes v. Medical Components, Inc.*, 814 F.2d 638, 643 (Fed. Cir. 1987) ("Summary judgment under Rule 56, Fed.R.Civ.P., is appropriate in patent cases as in any other case where there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.").  Enablement is a legal issue for the court based on underlying factual inquiries.  *Cephalon, Inc. v. Watson Pharms., Inc.*, 707 F. 3d 1330, 1336 (Fed. Cir. 2013).  For both defenses, the defendant has the burden of proof by clear and convincing evidence.  *Ariad*, 598 F.3d at 1354.

**The '771 and '862 Patents**

      For the '771 and '862 patents, the Defendants focus on the "moveable mirror" language in the claims.  The limitation below, from Claim 1 of the '862 Patent, is representative of the claim limitations at issue:

> the MEMS device comprising a moveable mirror operable to receive the portion
> of first part of the optical signal and to reflect the portion of the first part to form a
> MEMS output signal having an amplitude, the amplitude of the MEMS output

---
[1] *Ariad Pharmaceuticals, Inc. v. Eli Lilly & Co.*, 598 F. 3d 1336, 1351 (Fed. Cir. 2010) (*en banc*).

Judge Leonard Davis
August 9, 2013
Page 2

signal capable of being varied depending on the movement of the moveable mirror

Defendants assert that the claim recites only "a moveable mirror operable to receive the portion of first part of the optical signal" without reciting the structure that processes the "second part" of the signal (mentioned earlier in the claim). They argue that the '771 and '862 patents, which share the same specification, do not describe or enable the claimed system. Defendants have simply repackaged the argument they made (and lost) in their motion for Summary Judgment of Indefiniteness (Dkt #235, at 42-45).

As support for their argument, Defendants rely on their technical expert, Dr. Joseph Ford. Dr. Ford's opinions misapply the law and are conclusory. For example, Dr. Ford twice asserts that the '771 and '862 patents "do[] not describe all the methods of attenuation that could conceivably be covered by [the asserted] claims . . . ." This premise, which underlies Dr. Ford's § 112(a) opinions is contrary to law. An inventor is not required to "describe all methods . . . that could conceivably be covered by [the asserted] claims." *Invitrogen Corp. v. Clontech Labs., Inc.*, 429 F.3d 1052, 1071 (Fed. Cir. 2005) ("Enablement does not require the inventor to foresee every means of implementing an invention at pains of losing his patent franchise."); *Rexnord Corp. v. Laitram Corp*. 274 F.3d 1336, 1344 (Fed. Cir. 2001) ("Our case law is clear that an applicant is not required to describe in the specification every conceivable and possible future embodiment of his invention."). This fundamental flaw in Dr. Ford's analysis makes his opinions incorrect and unreliable.[2]

"The enablement requirement is met if the description enables any mode of making and using the claimed invention." *Engel Indus., Inc. v. Lockformer Co.*, 946 F.2d 1528, 1533 (Fed. Cir. 1991) (emphasis added). Dr. Ford admits that the specification contains a description of at least one embodiment that meets the claim limitation, namely what he calls an "Interferometric Attenuation" embodiment. As a matter of law, that is sufficient. *Id*.

Dr. Ford's opinions are also conclusory. For example, with respect to enablement, Dr. Ford states:

> Because the '771 and '862 Patents fails to disclose any method of attenuation other than Interferometric Attenuation, undue experimentation by one of ordinary skill in the art would have been necessary in order to implement the full scope of the claimed system, according to Cheetah's apparent interpretation of the claims.

That sentence contains the entirety of Dr. Ford's discussion of "undue experimentation," a necessary component of Defendant's enablement defense. *Cephalon*, 707 F. 3d at 1336. His opinion is conclusory and cannot be used to satisfy Defendants' burden of proof on enablement. *Id*. at 1338 ("*ipse dixit* statements . . . cannot be enough to constitute clear and convincing evidence [of undue experimentation]."); *Ashland Oil, Inc. v. Delta Resins & Refractories, Inc*.,

---

[2] Cheetah is filing a separate *Daubert* letter brief seeking to exclude Dr. Ford's testimony as unreliable and unhelpful.



Judge Leonard Davis
August 9, 2013
Page 3

776 F.2d 281, 294 (Fed. Cir. 1985) ("Lack of factual support for expert opinion going to factual determinations, however, may render the testimony of little probative value in a validity determination."). Because Defendants have no other evidence on this critical issue, they cannot make a *prima facie* case. Cheetah is entitled to summary judgment.

### The '714 Patent

Defendants assert that the '714 patent does not describe, and does not enable, the "array of optical signal processing devices" limitation of the asserted claims. As with the '771 and '862 patents, Defendants rely on testimony from Dr. Ford.

Dr. Ford admits that the '714 specification "describes processing an optical signal by using a variable blazed grating apparatus." Because the specification admittedly describes at least one embodiment covered by the claim limitation, the inventors had "possession as shown in the disclosure"[3] and Defendants cannot meet their heavy burden of proof. *Engel Indus.*, 946 F.2d at 1533. In addition, Dr. Ford offers only a conclusory opinion on enablement. The entirety of his "undue experimentation" analysis is:

> It is also my opinion that the specification of the '714 Patent would have been insufficient to enable a person of ordinary skill in the art to practice the full scope of the subject matter claimed in the asserted claims of the '714 Patent without undue experimentation.

That conclusory opinion is insufficient to meet the Defendants' burden of proof. *Cephalon*, 707 F. 3d at 1338; *Ashland Oil*, 776 F.2d at 294. Cheetah is entitled to summary judgment.

### The '647 Patent

For the '647 Patent, Defendants contend that Claim 1 of the patent "does not describe or illustrate 'a first beam splitter operable to divide the optical signal into at least a first part and a second part, the first part of the optical signal having an input state of polarization.'" Claim 1 was an original claim in the patent application for the '647 patent, which Dr. Islam filed on October 28, 2004. *Northern Telecom, Inc. v. Datapoint Corp.*, 908 F.2d 931, 938 (Fed. Cir. 1990) ("The original claims as filed are part of the patent specification."). Claim 1, in this instance, provides its own written description because it describes the invention in detail. *Union Oil Co. of Cal. v. Atlantic Richfield Co.*, 208 F. 3d 989, 998 n.4 (Fed. Cir. 2001) ("One of this court's predecessor courts clarified that disclosure in an originally filed claim satisfies the written description requirement."). The Federal Circuit moderated that absolute rule in *Ariad* for

---

[3] *Ariad*, 598 F. 3d at 1351 ("[T]he test for [written description] sufficiency is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date. . . .The term 'possession,' however, has never been very enlightening. . . . Thus, 'possession as shown in the disclosure' is a more complete formulation.")



Judge Leonard Davis
August 9, 2013
Page 4

original claims that describe a broad genus, particularly in chemical cases. *Ariad*, 598 F. 3d at 1349-50 ("a generic claim may define the boundaries of a vast genus of chemical compounds, and yet the question may still remain whether the specification, including original claim language, demonstrates that the applicant has invented species sufficient to support a claim to a genus."). Here, Claim 1 describes specific optical components and concretely specifies their arrangement in the system. The *Ariad* exception does not apply here.

For enablement, Defendants rely on an opinion from their technical expert, Dr. Keith Goossen. But, like Dr. Ford, Dr. Goossen's non-enablement opinion is merely conclusory.[4] He simply says that the '647 Patent "cannot enable a POSITA to practice the alleged invention of claim 1 without undue experimentation." He provides no analysis or support for that statement.

Because Claim 1 is an original claim that provides its own written description support, and because Dr. Goossen's testimony on enablement is conclusory, Defendants cannot make a *prima facie* case and Cheetah is entitled to summary judgment.

For the foregoing reasons, Cheetah asks for permission to file a motion for summary judgment on Defendant's written description and enablement defenses.

Very truly yours,

**BROOKS KUSHMAN P.C.**

Thomas A. Lewry

TAL:ds
cc: all counsel of record (by ECF)

---

[4] Cheetah's separate *Daubert* letter brief also seeks to exclude Dr. Goossen's testimony as unhelpful.

