IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHEETAH OMNI LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:11-CV-390 |
| ALCATEL-LUCENT USA INC., et al., | § § | |
| Defendants. | § § § | |

## ORDER

Before the Court is Plaintiff Cheetah Omni LLC's ("Cheetah") Motion for Reconsideration of the Court's construction of the "modulate" terms (Docket No. 237). For the following reasons, the motion is **DENIED**.

## BACKGROUND

This Court entered a claim construction order on April 11, 2013 construing certain terms in U.S. Patent Nos. 6,882,771 ("the '771 Patent"), 7,116,862 ("the '862 Patent"), 7,339,714 ("the '714 Patent"), 6,856,459 ("the '459 Patent"), and 6,940,647 ("the '647 Patent"). Docket No. 235. ("*Markman* Order"). Based on the parties' arguments and briefings, the Court construed the "modulate" terms in Claim 1 and Claim 18 of the '714 Patent as follows: "unmodulated optical signal" as "a light beam that does not carry information"; "unmodulated" as "not carrying information"; "to modulate" as "vary to carry information"; "modulated" as "varied to carry information" and "modulation" as "varying to carry information." *Markman* Order at 22–23. Cheetah requests the Court to construe "unmodulated optical signal" as "light beam carrying information that has not been processed by the array of optical signal processing devices,"

"unmodulated" as "not processed by the array of optical signal processing devices," and the various "modulate" terms as "add[ing] information to the optical signal." Docket No. 237 at 1. Cheetah contends that its proposed constructions are more consistent with the intrinsic record as well as the Court's constructions and reasoning in *Cheetah Omni LLC v. Samsung Elects. Am.*, 2009 WL 5196721, at *1 (E.D. Tex. Dec. 21, 2009) (Davis, J.), *aff'd*, 2010 WL 4008194, *1 (Fed. Cir. Oct. 12, 2010) ("*Samsung*").

## APPLICABLE LAW

Motions for reconsideration are made pursuant to Rule 59(e), which allows a motion to alter or amend a judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). Reconsideration motions must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus. & Energy Workers Int'l Union Local*, 328 F.3d 818, 820 (5th Cir. 2003)). The motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* A court abuses its discretion in denying a motion to reconsider only if it "bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

## ANALYSIS

Cheetah faults the Court's constructions for three reasons. First, Cheetah argues that the Court's Construction excludes a relevant embodiment. Docket No. 237 at 1. Next, Cheetah argues its proposed construction is correct because this Court accepted it in a previous case. *Id.* Finally, Cheetah argues that the Court's construction is based on a faulty premise. Docket No. 251 at 1. The Court addresses these arguments and clarifies its reasoning in the *Markman* Opinion below.

Cheetah argues the Court erred in its construction of the "modulate" terms because Fig. 15 of the '714 Patent allegedly describes an embodiment where the "optical signal" carries information before it is "modulated," and therefore "unmodulated" cannot mean a signal that is not carrying information. Docket No. 237 at 7. Specifically, Cheetah note Fig. 15, which shows "an optical add/drop multiplexer array." '714 Patent at col. 20:53. The multiplexer array (1030) adds an optical signal with header information to an optical signal with payload information. Therefore, according to Cheetah, Fig. 15 "'modulates' the outgoing signal merely by adding optical header information to the optical payload data." Docket No. 237 at 5.

Cheetah's argument is based on a misreading of the *Markman* Opinion. The Court's construction makes it clear that modulation is more than merely adding information. Rather, "to modulate" means "*vary* to carry information." *Markman* Order at 22–23 (emphasis added).[1] As Cheetah explains in its motion, the add/drop multiplexer does not vary the optical signal, but simply adds header information to payload information. While Cheetah is correct in stating "modulating an optical signal adds information to the signal," simply adding an optical signal with header information to an optical signal with payload information does not involve modulation because "modulation actually creates the information contained in the output signal." *Markman* Order at 21. Therefore, the process described in Fig. 15 is not the relevant embodiment of modulation.[2]

Cheetah next argues the Court's construction of an "unmodulated optical signal" contradicts the Court's construction of that term in *Samsung*. However, the Court in *Samsung* construed the internal term "optical signal" to mean a "light beam carrying information."

---

[1] As explained in more detail in the *Markman* Opinion, the '714 Patent modulates the wave by varying its phase. *Markman* Order at 21–22.

[2] The Court in *Samsung* did refer to Fig. 15 as a relevant embodiment of Claim 18 and 19, but that was in reference to the process of separating an optical signal into "a first part and a second part" and not in reference to the process of modulation. *Samsung* at *3–4.

*Samsung* at *3. The parties in *Samsung* then agreed on the construction of "unmodulated optical signal" as "optical signal that has not been processed by the array of optical signal processing devices." Thus, the Court in Samsung never construed the complete term "unmodulated optical signal." Moreover, the Court's construction of "unmodulated optical signal" in the present case is not inconsistent with the construction of "optical signal" in *Samsung*, because an unmodulated optical signal is a light beam that has not been varied to carry the information from modulation.

Cheetah's final argument is that the Court's construction of "umodulated optical signal" is based on a faulty syllogism. Cheetah agrees with the Court's first premise that "modulating an optical signal adds information to the signal." Cheetah then characterizes the Court's "second, unstated premise" as "information can [therefore] only be added to a signal that 'does not yet carry information.'" Docket No. 251 at 1. Cheetah argues that this second premise is wrong because information may be added to a signal that is already carrying information, as shown in Fig. 15.

Cheetah's criticism again is based on misreading of the Court's *Markman* Opinion. An "optical signal" is a "light beam carrying information." *Markman* Order at 22. The *Markman* Opinion further explains that modulation is the process by which the system varies the signal to carry information. *Markman* Order at 21. Specifically, the optical signal is varied to carry the information content of a control signal. Hence an "unmodulated optical signal" is one that has not been varied by the system. Because it has not been varied by the system, it does not carry any information from modulation.[3]

## CONCLUSION

Accordingly, Cheetah's Motion for Reconsideration is **DENIED**.

---

[3] As mentioned above, this is why Fig. 15 is not relevant to the term "modulation." Fig. 15 adds an optical signal with header information rather than varying the optical signal to add informational content to the optical signal.

4

**So ORDERED and SIGNED this 5th day of November, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**