IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHEETAH OMNI LLC,** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CASE NO. 6:11-CV-390 |
| § | |
| **ALCATEL-LUCENT USA INC., et al.,** § | |
| § | |
| Defendants. § | |
| § | |

## ORDER

Before the Court is Defendants' Motion for Reconsideration of the Court's construction of "sharing a beam splitter" (Docket No. 238). For the following reasons, the motion is **DENIED**.

### BACKGROUND

This Court entered a claim construction order on April 11, 2013 construing certain terms in U.S. Patent Nos. 6,882,771 ("the '771 Patent"), 7,116,862 ("the '862 Patent"), 7,339,714 ("the '714 Patent"), 6,856,459 ("the '459 Patent"), and 6,940,647 ("the '647 Patent"). Docket No. 235 ("*Markman* Order"). Based on the parties' arguments and briefings, the Court construed the term "sharing a beam splitter" of Claim 17 of the '459 Patent as "[a] beam splitter that is shared between one phase shift operation and at least one other, i.e., different, phase shift operation." *Markman* Order at 40. Defendants argue the Court's construction should be altered to "a beam splitter that is shared between one phase shift ~~operation~~ stage and at least one other, i.e., different, phase shift ~~operation~~ stage, wherein a phase shift stage is a physical structure." Docket No. 238 at 2. Defendants argue that this alteration is necessary because a phase shift stage must

have structure. Defendants further contend that they could not raise this argument at the *Markman* hearing because the parties did not brief "sharing a beam splitter."

## APPLICABLE LAW

Motions for reconsideration are made pursuant to Rule 59(e), which allows a motion to alter or amend a judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996). Reconsideration motions must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Pioneer Natural Res. USA, Inc. v. Paper, Allied Indus. & Energy Workers Int'l Union Local*, 328 F.3d 818, 820 (5th Cir. 2003)). The motion "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* A court abuses its discretion in denying a motion to reconsider only if it "bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.*

## ANALYSIS

Defendants argue that "phase shift stage" in the construed term "phase shift stage sharing a beam splitter" must be a physical element. In contrast, the Court found that "phase shift stages" refer to "phase shift stages of *operations*" rather than physical structures. *Markman* Order at 40 (emphasis added). Defendants assert the Court's construction is wrong because "claims that depend from Claim 17 unambiguously define 'phase shift stage' as a physical element." Docket No. 238 at 3. Defendants also contend that the embodiment pictured in Fig. 7c shows that a phase shift stage is a physical structure.

Defendants' argue "the term 'phase shift stage' was intended by the drafters to be a physical structure, not an operation" because "dependent claims define a 'phase shift stage' as a physical structure." Docket No. 238 at 4. For example, dependent Claim 18 recites "[t]he

method of claim 17, wherein at least one phase shift stage comprises: a plurality of mirrors . . . ." According to Defendants, the plurality of mirrors are structural elements that mandate a "phase shift stage" to be a physical element. Defendants thus argue this term's use as a physical element in Claim 18 contradicts the Court's construction of "phase shift stage" as functional operation.

The Court's construction is not inconsistent with dependent Claim 18. "Phase shift stage," as used in Claim 17, is a functional operation, or a step in the process, for the reasons expressed in the *Markman* Opinion. *Markman* Order at 39–40. Claim 18's plurality of mirrors merely limits the structural elements present during at least one of the phase shift operations. The fact that a phase shift stage is limited by the structural elements it may contain does not require the phase shift stage to be a structure itself. This is true for all the claims that depend from Claim 17. Though they may limit the structural elements present for a given phase shift stage "operation," such a reading does not contradict with the finding that each phase shift stage is a functional operation.

Defendant's reliance on Fig. 7c is likewise unavailing. In the brief supporting its Motion for Reconsideration, Defendants reproduce Fig. 7c with annotations added. Docket No. 238 at 5. Defendants argue that the annotations depict "three 'stages of phase shift' being carried out by two physically distinct 'phase shift stages [and] [a]ccordingly, Figure 7c indicates that a 'phase shift stage' is a physical structure whereas a 'stage of phase shift' is an operation." *Id*.

These attorney-added annotations provide no guidance on why a "phase shift stage" is a physical structure and a "stage of phase shift" is an operation. Further, the description of Fig. 7c in the specification does not differentiate a phase shift stage from a stage of phase shift. *See* '459 Patent at col. 22:66–23:25. At best, Defendants' representation of Fig. 7c shows consistency

with both their proposed construction and the Court's construction. It does not, however, provide any evidence why the Court's construction is clearly erroneous.

## CONCLUSION

Accordingly, Defendants' Motion to Reconsider the Construction of "Sharing a Beam Splitter" is **DENIED**.

**So ORDERED and SIGNED this 5th day of November, 2013.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**