**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **CHEETAH OMNI LLC,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO. 6:11-CV-390** |
| | § | |
| **ALCATEL-LUCENT USA INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## ORDER

Before the Court is Plaintiff Cheetah Omni LLC's ("Cheetah") Emergency Motion to Compel Production and to Extend the Deadline for Plaintiff's Expert Report (Docket No. 255). Cheetah makes two requests in its motion. For the reasons set forth below, Cheetah's request to compel is **DENIED AS MOOT**, and Cheetah's request to extend the deadline to serve its expert report is **GRANTED**. Accordingly, Cheetah's Motion is **DENIED IN PART** and **GRANTED IN PART**.

## BACKGROUND

On July 29, 2011, Cheetah brought suit against six defendant groups accusing their reconfigurable optical add-drop multiplexer ("ROADM") cards of infringing one or more claims of U.S. Patent Nos. 6,882,771 ("the '771 Patent"), 7,116,862 ("the '862 Patent"), 7,339,714 ("the '714 Patent"), 6,856,459 ("the '459 Patent"), and 6,940,647 ("the '647 Patent"). Cheetah's damages theory is a reasonable royalty based on a hypothetical negotiation. One of the factors that courts may consider in determining the royalty rate is "the effect of selling the patented

specialty in promoting sales of other products of the licensee." *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y 1970).

Cheetah seeks to compel the disclosure of these promoted sales, specifically documents related to "the volumes, revenues, costs, and profits from ROADM node components sold with an accused ROADM card and services sold for ROADM nodes with an accused ROADM card." Docket No. 255 at 1. Defendants generally have agreed to produce these documents.[1] However, Cheetah moves to compel this production by June 7, 2013 and to extend the deadline to serve its expert report on damages by five weeks. This extension would allow Cheetah to serve its expert report on July 25, 2013 instead of the original deadline of June 20, 2013.

Defendants oppose both of these requests. By the time briefing was completed, Defendants had produced the requested documents.[2] Accordingly, Defendants contend that Cheetah's request to compel is moot. Defendants also oppose Cheetah's request to extend the deadline for its expert report because the extension compresses the timeline for Defendants to respond with rebuttal reports. Such a result is unjust, according to Defendants, because Cheetah delayed in requesting the information and Defendants timely produced it once requested.

## APPLICABLE LAW

Rule 26 requires a party to supplement its expert reports in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. FED. R. CIV. P. 26(e). However, Rule 37(c)(1) allows a court to sanction an untimely disclosure "unless the violation was harmless or substantially justified." FED. R. CIV. P. 37(c)(1). In the Fifth Circuit, courts look to four factors to decide whether a supplemental expert report should be

---

[1] Defendant Alcatel-Lucent USA, Inc. ("Alcatel") has stated it will produce documents related to the associated products and services that Cheetah requested with the exception of data pertaining to transponder sales. That dispute is the subject of a separate motion to compel (Docket No. 260). Therefore, this order does not address Alcatel's transponder documents.
[2] With the exception of Alcatel's transponder documents as noted in footnote 1.

2

allowed after the expiration of a court-ordered discovery deadline.  Those factors are: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Raytheon Co. v. Indigo Systems Corp.*, No. 4:07-cv-109, 2009 WL 413081, *1–2 (E.D. Tex. Feb. 18, 2009) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)).

## ANALYSIS

### Cheetah's Request to Compel

Defendants have now produced the requested documents, and Cheetah has incorporated the information in its supplemental expert report.  Accordingly, Cheetah's request to compel is **DENIED AS MOOT**.

### Cheetah's Request to Extend its Deadline to Serve Expert Report

Because Cheetah timely served its original expert report on June 20, 2013 and then served a supplemental report on July 25, 2013, Cheetah's request to extend will be treated as a request to rely on its supplemental report.

The majority of the parties' briefing focuses on which party ultimately bears responsibility for Cheetah's failure to timely serve a complete expert report.  Defendants are correct that Cheetah delayed in seeking specific documents and bringing this dispute to the Court's attention.  Defendants disclosed the requested information in a timely manner once Cheetah identified specific products and services.  For example, at least three of the Defendant groups disclosed the requested information the week Cheetah filed its motion to compel.  Docket No. 266 at 2–5.  These Defendants maintain Cheetah failed to identify specific associated products and services until March or April of 2013.  Once Cheetah did so, Defendants promised

to disclose the information in early June.  Docket No. 261 at 4–10.  Nevertheless, Cheetah began seeking this information, albeit in a more general form, since its September 17, 2012 interrogatories.  Docket No. 255 at 5.  Considering the actions of all the parties, Cheetah was not solely to blame for the delay in obtaining this information.

More importantly, Cheetah has shown a need to rely on its supplemental report and that doing so does not prejudice Defendants.  Cheetah's original expert report contains an incomplete analysis of the reasonable royalty and lacks a specific number for the royalty rate.  Docket No. 287-1, Letter Brief in Response at 2.  Thus, denying Cheetah's request to rely on the supplemental report could have serious consequences for its damages theory, whereas there is no evidence that Defendants are prejudiced by Cheetah's supplemental report.[3]  Cheetah warned Defendants, prior to serving its original report and in the report itself, its royalty analysis is incomplete without the sales data from associated products, and that Cheetah expected to supplement by July 25, 2013.  As promised, Cheetah served its supplemental report, with a full reasonable royalty analysis, on July 25, 2013.  This left enough time for Defendants to serve rebuttal reports by the original deadline in the Docket Control Order.  *Id.* at 4; Docket. No. 264 at 4.

## CONCLUSION

In light of Defendants' production, Cheetah's request to compel discovery is **DENIED AS MOOT**.  Additionally, considering the lack of prejudice to Defendants, Cheetah's request to extend the deadline to serve its expert report is **GRANTED**.  Accordingly, Cheetah's Emergency Motion to Compel Production and to Extend Deadline for Plaintiff's Expert Report is **DENIED IN PART** and **GRANTED IN PART**.

---

[3] Defendants have been granted leave to file a motion to strike this supplemental report, based in part on the alleged prejudice caused by Cheetah's supplemental expert report on damages, but that motion is yet to be briefed.  Docket No. 335.

So ORDERED and SIGNED this 8th day of November, 2013.

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**