**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **Cheetah Omni LLC,** | |
| *Plaintiff*, | HONORABLE LEONARD DAVIS |
| vs. | Case No. 6:11CV390 |
| **Alcatel-Lucent USA Inc**., et al. | JURY TRIAL DEMANDED |
| *Defendants*. | |

# CHEETAH'S OPPOSITION TO FUJITSU NETWORK COMMUNICATIONS, INC.'S MOTION FOR SUMMARY JUDGMENT OF INVALIDITY OF CLAIMS 12-14 OF U.S. PATENT NO. 6,882,771



## **TABLE OF CONTENTS**
TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ........................................................................................................ 1

II. ISSUES TO BE DECIDED BY THE COURT .............................................................. 1

III. CHEETAH'S RESPONSE TO FUJITSU'S STATEMENT OF UNDISPUTED MATERIAL FACTS ..................................................................................................... 2

IV. ARGUMENT ................................................................................................................ 6

    A. Legal Principles ................................................................................................ 6

        1. Summary Judgment Standards ............................................................. 6

        2. FNC's Burden of Proof ........................................................................ 6

        3. Anticipation Standards ......................................................................... 6

    B. Ford '271 Does Not Incorporate Goossen 94 by Reference .............................. 7

    C. Ford Does Not Disclose the "Mirror" Required in Claims 12-14 ..................... 9

    D. Ford Does Not Disclose A "Plurality of Mirror Strips" As Recited In Claim 14. ........................................................................................................ 11

V. CONCLUSION ......................................................................................................... 122



# **TABLE OF AUTHORITIES**

### **Cases**
*Advanced Display Sys., Inc. v. Kent State Univ.*,
 212 F.3d 1272 (Fed. Cir. 2000) ............................................................................. 7, 8

*Anderson v. Liberty Lobby, Inc.*,
 477 U.S. 242 (1986) .................................................................................................. 6

*ArcelorMittal France v. AK Steel Corp.*,
 700 F.3d 1314 (Fed.Cir. 2012) ................................................................................. 6

*Aventis Pharmaceuticals Inc. v. Amino Chemicals Ltd.*,
 715 F.3d 1363 (Fed. Cir. 2013) .............................................................................. 10

*C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*,
 911 F.2d 670 (Fed. Cir. 1990) .................................................................................. 6

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) .................................................................................................. 6

*Fisher-Price, Inc., et al. v. Evenflo Co., Inc.*,
 2006 WL 1740263 (W.D.N.Y. June 26, 2006). ...................................................... 10

*Implant Innovations, Inc. v. Nobelpharma AB*,
 1998 U.S. Dist. LEXIS 15794 (N.D. Ill., Sept. 30, 1998) ...................................... 10

*In re Saunders*,
 444 F.2d 599 (CCPA 1971) ...................................................................................... 8

*In re Seversky*,
 474 F.2d 671 (CCPA 1973) ...................................................................................... 8

*Leggett & Platt, Inc., et al. v. Vutek, Inc.*,
 2006 WL 1479537 (E.D. Mo., May 25, 2006), *aff'd.*, 537 F.3d 1349 (Fed. Cir. 2008) ........... 10

*Microsoft Corp. v. i4i Ltd. P'ship*,
 131 S. Ct. 2238 (2011) .............................................................................................. 6

*NCR Corp. v. Palm, Inc., et al.*,
 217 F. Supp. 2d 491 (D. Del. 2002) ....................................................................... 10

*Nichols, et al. v. Strike King Lure Co., et al.*,
 2000 WL 1593616 (N.D. Tex., Oct. 25, 2000). ..................................................... 10



*Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*,
    814 F.2d 628 (Fed.Cir.1987) ................................................................................................ 6

**Statutes**

35 U.S.C. § 282 ............................................................................................................................. 6

37 C.F.R. §1.57(b) .................................................................................................................... 7, 8



## I.     INTRODUCTION

Fujitsu Network Communications, Inc.'s ("FNC's") motion fails for multiple reasons. First, FNC asserts "anticipation" by combining two different references: [1] the Ford '271 patent, and [2] the Goossen 94 paper. That is not anticipation. At best it might be argued as obviousness, but FNC does not assert invalidity based on obviousness, which requires very different proofs. While FNC asserts that the Ford '271 patent incorporates the Goossen 94 paper by reference, it does not. Thus, FNC cannot establish anticipation.

Second, even in combination, the two references do not disclose the "moveable mirror" recited in each asserted claim. The only moving structure is an "*anti*-reflective" membrane – the antithesis of a mirror.

Finally, asserted Claim 14 additionally requires that the moveable mirror comprise a "plurality of adjacent mirror *strips*." Neither Ford nor Goossen discloses "strips."

For these independent reasons, the Court should deny FNC's motion.

## II.     ISSUES TO BE DECIDED BY THE COURT

1.     Cheetah disagrees with the statement of Issue 1. The proper statement of Issue 1 is: Whether Ford incorporates Goossen 94 by reference, and if so, whether Ford with the added teachings of Goossen anticipates, by clear and convincing evidence, the "moveable mirror" limitation of claims 12-14 of the '771 Patent.

**Cheetah answers: "No."**

2.     Cheetah disagrees with the statement of Issue 2. The proper statement of Issue 2 is: Whether Ford anticipates, by clear and convincing evidence, claims 12-14 of the '771 Patent.

**Cheetah answers: "No."**



**III. CHEETAH'S RESPONSE TO FUJITSU'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

For purposes of this summary judgment motion, only, Cheetah does not dispute the facts contained in Fujitsu's "Statement of Undisputed Material Facts" section except as indicated below. The paragraph numbers below correspond to the paragraph numbers of Fujitsu's enumerated facts.

3. SOF 3 is not relevant to any issue in the case. Cheetah never withdrew dependent Claims 11-14 and those claims incorporate all limitations of Claim 8. (Dkt. #338, Ex. C, p. 1.) In addition, contrary to FNC's contention, during discovery, Cheetah did distinguish independent claim 8 from the Ford reference. (Ex. 1, 8/8/13 Ippen Report at ¶¶ 48-50, 86-88.) To prove anticipation, FNC must show, by clear and convincing evidence, that a single prior art reference discloses every limitation of claims 11-14 including the limitations of Claim 8.

12. FNC is wrong that Ford "incorporates Goossen 94 by reference." Whether a patent or application "incorporates by reference" another document is a legal issue. A proper incorporation by reference requires precise language. Mere mention of another document, as is done in the Ford patent, is not a proper "incorporation by reference."

14. Claim 8 contains many limitations. The key limitation for purposes of this motion is the requirement of a "moveable mirror." The other limitations FNC discusses in SOF 14-21 are not relevant if FNC cannot prove that Ford discloses a "moveable mirror." Ford (with or without Goossen 94) does not disclose this "moveable mirror." Instead, Ford discloses the opposite – a <u>M</u>echanical ***<u>Anti-Reflection</u>*** <u>S</u>witch ("MARS"). (Dkt. #338, Ex. E, Ford '271, 4:13-14, emphasis added.)

2



15. As explained above with respect to SOF 12, Ford does not incorporate Goossen 94 by reference. FNC does not assert that the Ford reference alone anticipates the asserted claims. In addition, what Ford discloses is not a moving mirror. A MARS has a "coating" or "membrane" through which a majority of the light passes. (Dkt. #338, Ex. G, Goossen 94, p. 1, col. 2; Dkt. #338, Ex. F, Erich Ippen Dep. Tr. at 133:12-19.) Ford refers to the membrane as an "ANTI-REFLECTION LAYER," not a mirror. (Dkt. #338, Ex. E, Ford '271, 4:16-17.) Goossen 94 explains that the membrane is "a vertically-moving *anti-reflection* coating," not a mirror. (Dkt. #338, Ex. G, Goossen 94, p. 1, col. 2, emphasis added.)

16. Dr. Ippen testified that, while "[e]verything is partially reflective," the membrane/coating of a MARS device is substantially ("70 percent") *transmissive* (Dkt. #338, Ex. F, Erich Ippen Dep. Tr. at 133:12-19), contrary to the '771 Patent's definition of "mirror" as "at least substantially *reflective*" (Dkt. #338, Ex. A, '771 Patent, 5:8-10, emphasis added).

18. FNC's SOF 18 contradicts the record. The membrane/coating of a MARS modulator is the opposite of a "mirror" as that term is defined in the '771 Patent. To be a "mirror," the membrane must be "at least substantially *reflective*." (Dkt. #338, Ex. A, '771 Patent, 5:8-10, emphasis added.) FNC does not dispute that the membrane is substantially (70%) *transmissive* nor that Goossen discloses that the membrane is "anti-reflective." (Dkt. #338, Ex. F, Erich Ippen Dep. Tr. at 133:12-19; Dkt. #338, Ex. G, Goossen 94, p. 1, col. 2.) Even if "substantially reflective" means just over 50% reflective, and Cheetah does not concede that the bar is that low, the MARS membrane is only 30% reflective – far below that threshold.

19. As explained above with respect to SOF 12, Ford does not incorporate Goossen 94 by reference. FNC does not assert that the Ford reference alone anticipates the asserted

3



claims. As explained in SOF 14-18, Ford (with or without Goossen) does not disclose the claimed "moveable mirror."

21. As explained in SOF 14-18, Ford (with or without Goossen) does not disclose the claimed "moveable mirror" and therefore does not disclose displacing the "moveable mirror" to attenuate, as recited in claim 8.

22. As explained above with respect to SOF 12, Ford does not incorporate Goossen 94 by reference. FNC does not assert that the Ford reference alone anticipates the asserted claims. As explained in SOF 14-18, Ford (with or without Goossen) does not disclose the claimed "moveable mirror." Thus, Ford does not disclose "an inner conductive layer disposed inwardly from the moveable mirror and forming a space between the moveable mirror and the inner conductive layer" as recited in dependent claim 12.

23. As explained above with respect to SOF 12, Ford does not incorporate Goossen 94 by reference. FNC does not assert that the Ford reference alone anticipates the asserted claims. As explained in SOF 14-18, Ford (with or without Goossen) does not disclose the claimed "moveable mirror." Thus, Ford does not disclose "wherein the moveable mirror comprises an at least substantially conductive structure operable to move relative to the inner conductive layer in response to a voltage difference between the moveable mirror and the inner conductive layer" as recited in dependent claim 12.

24. As explained above with respect to SOF 12, Ford does not incorporate Goossen 94 by reference. FNC does not assert that the Ford reference alone anticipates the asserted claims. As explained in SOF 14-18, Ford (with or without Goossen) does not disclose the claimed "moveable mirror." Thus, Ford does not disclose that "the moveable mirror is operable

to facilitate variable attenuation by selectively moving a distance relative to the inner conductive layer," as recited in dependent claim 13.

26. Claim 14 expressly requires "strips," which could be *e.g.*, rectangular, oval-shaped, or some other elongated shape. Dr. Ippen did not testify that the "strips" need not be "elongated" or strip-shaped. (Dkt. #338, Ex. F, Erich Ippen Dep. Tr. at 138:4-18.) Dr. Ippen testified that the '771 specification discloses that "other shapes and configurations" could be used in place of the illustrated mirror "strips." (*Id.*)

27. As explained above with respect to SOF 12, Ford does not incorporate Goossen 94 by reference. FNC does not assert that the Ford reference alone anticipates the asserted claims. As explained in SOF 14-18, Ford (with or without Goossen) does not disclose the claimed "moveable mirror." In addition, Ford does not disclose a plurality of "strips." Instead, a MARS membrane is <u>square</u>, as shown below in yellow, which is about as far from a "strip" as it could be. Thus, Ford does not disclose "the moveable mirror includes a plurality of adjacent mirror <u>strips</u>" as recited in dependent claim 14.



Goossen '94
Fig. 1

5

## IV. ARGUMENT

### A. Legal Principles

#### 1. Summary Judgment Standards

Summary judgment is only appropriate where there is "no genuine issue as to any material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists where "a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). When applying this standard, the court must view the evidence presented "in a light most favorable to the nonmoving party" and "draw all reasonable inferences in favor of the nonmoving party." *C.R. Bard, Inc. v. Advanced Cardiovascular Sys., Inc.*, 911 F.2d 670, 672 (Fed. Cir. 1990).

#### 2. FNC's Burden of Proof

Each patent claim is presumed valid. 35 U.S.C. § 282. To overcome that presumption, FNC must come forward with clear and convincing evidence of invalidity. *Microsoft Corp. v. i4i Ltd. P'ship,* 131 S. Ct. 2238, 2242 (2011).

#### 3. Anticipation Standards

A claim is anticipated "only if each and every element as set forth in the claim is found, either expressly or inherently described, in a single prior art reference." *Verdegaal Bros., Inc. v. Union Oil Co. of Cal.*, 814 F.2d 628, 631 (Fed.Cir.1987). The absence of any claim limitation in a prior art reference precludes a finding of anticipation. *ArcelorMittal France v. AK Steel Corp.*, 700 F.3d 1314, 1323 (Fed.Cir. 2012). "Accordingly, invalidity by anticipation requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the

6



invention without undue experimentation." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000).

**B.      Ford '271 Does Not Incorporate Goossen 94 by Reference**

FNC's argument is founded upon its belief that the Ford Patent incorporates Goossen 94 by reference. FNC asserts that the combination of Ford and Goossen 94 anticipate claims 8 and 12-14. (SOF 12, 15, 18, 21-24, 27; FNC's Motion at 8.) If FNC's "incorporation by reference" argument fails, its motion fails.

FNC bases its incorporation by reference argument on the following statement in Ford: "[a] suitable modulator 41 would be the mechanical antireflection switch (MARS) modulator developed at AT&T Bell Labs and described in [Goossen 94]." (SOF 12, FNC Motion at 8.) This statement does <u>not</u> incorporate Goossen 94 by reference into the Ford patent. A patent may incorporate another document by reference <u>only</u> if it "us[es] the root words 'incorporat(e)' and 'reference' (e.g., 'incorporate by reference')." 37 C.F.R. §1.57(b).[1]

FNC devotes only a footnote to this critical issue. (FNC's Motion at 8, n. 4.) It cites, without discussion, *Advanced Display Sys., Inc.*, 212 F.3d at 1282. to support its argument. That case, and the precedent cited in that case, refutes FNC's "incorporation by reference" argument.

In *Advanced Display*, the Federal Circuit held that "[w]hether and to what extent material has been incorporated by reference into a host document is a question of law." *Advanced*

---

[1] 37 C.F.R. §1.57(b) states in pertinent part:

[A]n incorporation by reference must be set forth in the specification and must:

(1) Express a clear intent to incorporate by reference by using the root words **"incorporat(e)" and "reference"** (e.g., "incorporate by reference"); and

(2) Clearly identify the referenced patent, application, or publication.



*Display*, 212 F.3d at 1283. There are two parts to the inquiry: (1) whether <u>any</u> material has been incorporated by reference and (2) if so, to what extent? *Id.* FNC does not address any of these issues. That failure alone dooms FNC's incorporation by reference argument, and thus FNC's summary judgment motion.

In addition, *Advanced Display* does not hold, as FNC suggests, that a mere mention of a publication incorporates the publication by reference. In *Advanced Display* the patent at issue complied with 37 C.F.R. § 1.57(b) in that it consistently used the phrase "incorporate by reference" to incorporate material into the specification. (Ex. 2, U.S. Patent No. 5,453,863 at 1:8-13; 4:66-67.) Even so, use of the proper "incorporation by reference" language was not enough to ensure that the material was, in fact, incorporated into the patent. *Advanced Display*, 212 F.3d at 1282-83.

"To incorporate material by reference, the host document must [1] **<u>identify with detailed particularity what specific material it incorporates</u>** and [2] **<u>clearly indicate where that material is found in the various documents</u>**." *Id.* at 1282 (emphasis added).

The two cases cited in *Advanced Display* provide additional guidance. *In re Seversky*, 474 F.2d 671, 674 (CCPA 1973) and *In re Saunders*, 444 F.2d 599, 602 (CCPA 1971). Both cases hold that merely mentioning another document is <u>not</u> "incorporation by reference." *Seversky*, 474 F.2d at 674 ("mere reference to another application, or patent, or publication is <u>not</u> an incorporation of anything therein into the application containing such reference."); *Saunders*, 444 F.2d at 602 (rejecting the assertion that mere mention of a secondary application acted as incorporation by reference).

In the present case, the Ford patent does not satisfy any of the requirements. Because it does not use "the root words 'incorporat(e) and "reference,'" it fails to incorporate any material

8

into the patent. The Ford patent also fails to identify "with detailed particularity" any "specific material" that it purportedly incorporates. Finally, the Ford patent does not "clearly indicate" where any specific material is found in the Goossen 94 paper. The Ford patent's statement about the Goossen 94 paper is similar to the language rejected in *Saunders*, which merely said that aspects of the claimed invention "can be prepared in accordance with the procedures described and claimed in the copending application." *Saunders*, 444 F.2d at 602.

Because the Ford patent does not incorporate by reference the Goossen 94 paper by reference, and because FNC's anticipation arguments are based on a combination of Ford and Goossen 94, FNC's motion must be denied.

**C.     Ford Does Not Disclose the "Mirror" Required in Claims 12-14**

Assuming, *arguendo*, that Ford properly incorporates some specific part of Goossen 94, which it does not, FNC cannot prove anticipation because the MARS "anti-reflective" membrane is the antithesis of the "mirror" required by the claims.

At the threshold, Goossen discloses that the MARS membrane is "a vertically-moving ***anti-reflection*** coating." (Dkt. #338, Ex. G, Goossen 94, col. 2.) Indeed, the "AR" in "MARS" stands for "Anti-Reflection." (Dkt. #338, Ex. E, Ford '271, 4:13-14, "mechanical anti-reflection switch (MARS)." Ford describes the moving membrane as an "ANTI-REFLECTION LAYER." (Dkt. #338, Ex. E, Ford '271, 4:16-17.) FNC <u>ignores</u> these key facts.

FNC calls the MARS membrane a "mirror" because it is "partially reflective." (FNC Motion at 8.) But being "partially reflective" is not enough to meet the '771 patent's definition of "mirror": "Throughout this document, the term 'mirror' refers to an ***at least substantially reflective*** surface or collection of surfaces." (Dkt. #338, Ex. A, '771 Patent, 5:8-10, emphasis

9



added.)[2]  The membrane/coating of a MARS modulator is the opposite of a "mirror" as that term is defined in the '771 Patent.  To be a "mirror," the membrane must be "at least substantially *reflective*."  (Dkt. #338, Ex. A, '771 Patent, 5:8-10, emphasis added.)  But, as FNC does not dispute, the membrane is substantially (70%) *transmissive*, not reflective, and even Goossen characterizes it as "anti-reflective."  (Dkt. #338, Ex. F, Erich Ippen Dep. Tr. at 133:12-19; Dkt. #338, Ex. G, Goossen 94, p. 1, col. 2.)  Even if "substantially reflective" means just over 50% reflective, which cannot be the case because barely over 50% (the mid-point) is not "substantially" reflective, the MARS membrane is only 30% reflective – far below that threshold.  No jury could conceivably find that the MARS membrane is a "mirror" within the meaning of the '771 Patent's definition.

---

[2] The term "substantially" has repeatedly been interpreted in patent cases:

- "substantially" – "commonly understood as meaning 'largely' or 'most' – i.e., at a minimum, some figure greater than 50 percent." *Fisher-Price, Inc., et al. v. Evenflo Co., Inc.*, 2006 WL 1740263 (W.D.N.Y. June 26, 2006).

- "substantially all light" – "all but an insignificant amount." *Nichols, et al. v. Strike King Lure Co., et al.*, 2000 WL 1593616 (N.D. Tex., Oct. 25, 2000).

- "substantially all of said panel" – "largely or essentially all of the panel." *NCR Corp. v. Palm, Inc., et al.*, 217 F. Supp. 2d 491 (D. Del. 2002).

- "substantially pure" – "means at least 98% purity with respect to all impurities" *Aventis Pharmaceuticals Inc. v. Amino Chemicals Ltd.*, 715 F.3d 1363 (Fed. Cir. 2013).

- "substantially conical" – "mostly but not necessarily perfectly conical."  *Implant Innovations, Inc. v. Nobelpharma AB,* 1998 U.S. Dist. LEXIS 15794 (N.D. Ill., Sept. 30, 1998).

- "substantially cure" – "to a great extent or almost completely cured."  *Leggett & Platt, Inc., et al. v. Vutek, Inc.*, 2006 WL 1479537 (E.D. Mo., May 25, 2006), *aff'd.*, 537 F.3d 1349 (Fed. Cir. 2008).

10



### D. Ford Does Not Disclose A "Plurality of Mirror Strips" As Recited In Claim 14.

Dependent claim 14 adds the limitation "wherein the moveable mirror includes a plurality of adjacent mirror strips." FNC asserts that the Ford/Goossen 94 combination discloses this limitation, but it never identifies any "strips" in those references.

As shown in Figure 3c, reproduced below, the '771 Patent specification illustrates examples of the claimed "mirror strips," 135b.



FIG. 3c

Consistent with this illustration, the '771 specification describes "strips" 135b as "elongated rectangular strips":

> Although the illustrated embodiment shows strips 135b as being **elongated rectangular strips**, other shapes and configurations could be used without departing from the present invention.

(Dkt. #338, Ex. A, '771 Patent, 11:47-50, emphasis added.)

FNC argues that Cheetah's expert, Dr. Ippen, agreed that Claim 14's strips "include[] shapes other than elongated rectangles." (FNC's Motion at 9.) Dr. Ippen was merely referring to the specification passage above which recognizes that other mirror shapes may be used. (Dkt. #338, Ex. F, Ippen Dep. Tr. at 138:4-18.) He was not referring to dependent claim 14, which requires that the mirrors be in the shape of "strips." Regardless, the '771 Patent does not require

11



"elongated rectangles." Other elongated shapes are certainly within the scope of Claim 14 as long as those shapes are characterized as "strips."

No matter what elongated shape the strips may take, Ford does not disclose mirror "strips." A MARS membrane, as shown below in yellow, is <u>square</u> with equal lengths on all four sides, it is not elongated and is certainly not a "strip."



Goossen '94
Fig. 1

Thus, Ford does not anticipate claim 14.

## V.   CONCLUSION

Because Ford does not incorporate Goossen 94, and because Ford does not disclose the "moveable mirror" and "plurality of adjacent strips" limitations of the asserted claims, the Court should deny FNC's motion for summary judgment of anticipation.

Dated: November 14, 2013

Respectfully submitted,

By: /s/ John S. LeRoy
Thomas A. Lewry (MI Bar No. P36399)
(Lead Attorney)
John S. Le Roy (MI Bar No. P61964)
Robert C.J. Tuttle (MI Bar No. P25222)
John M. Halan (MI Bar No. P37616)
Christopher C. Smith (MI Bar No. P73936)
**Brooks Kushman P.C.**
1000 Town Center, 22nd Floor
Southfield, Michigan 48075-1238

12



Tel: (248) 358-4400 – Fax: (248) 358-3351
Email: tlewry@brookskushman.com
jleroy@brookskushman.com
rtuttle@brookskushman.com
jhalan@brookskushman.com
csmith@brookskushman.com

T. John Ward, Jr. (TX State Bar No. 00794818)
Jack Wesley Hill
**Ward & Smith Law Firm**
1127 Judson Road, Suite 220
PO Box 1231
Longview, Texas 75606
Tel: (903) 757-6400 – Fax: (903) 757-2323
Email: jw@jwfirm.com
wh@jwfirm.com

Eric Miller Albritton
**Albritton Law Firm**
PO Box 2649
111 West Tyler, 75601
Longview, TX 75606
Tel: (903) 757-8449 – Fax: (903) 758-7397
ema@emafirm.com

13



**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on November 14, 2013.

                */s/ John S. LeRoy*

