UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **Cheetah Omni LLC,** | |
| *Plaintiff*, | HONORABLE TIMOTHY B. DYK |
| vs. | Case No. 6:11CV390 |
| **Alcatel-Lucent USA Inc**., *et al*. | JURY TRIAL DEMANDED |
| *Defendants*. | |

## JOINT FINAL PRE-TRIAL ORDER

This cause came before the court at a pre-trial management conference held on February 20, 2014, pursuant to Local Rule CV-16 and Rule 16 of the Federal Rules of Civil Procedure.

**A.   COUNSEL FOR THE PARTIES**

   **Plaintiff:**

   Thomas A. Lewry (Lead Attorney)
   Robert C.J. Tuttle
   John M. Halan
   John S. Le Roy
   Christopher C. Smith
   Brooks Kushman P.C.
   1000 Town Center, 22nd Floor
   Southfield, Michigan 48075-1238
   Tel:  (248) 358-4400 – Fax:  (248) 358-3351

   T. John Ward, Jr. (TX State Bar No. 00794818)
   Jack Wesley Hill
   Claire Henry
   Ward & Smith Law Firm
   1127 Judson Road, Suite 220
   Longview, Texas 75606
   Tel:  (903) 757-6400 – Fax:  (903) 757-2323

    Eric Miller Albritton
Albritton Law Firm
111 West Tyler, 75601
Longview, TX 75606
Tel: (903) 757-8449 – Fax: (903) 758-7397

**Defendant Tellabs:**

James P. Bradley
Texas Bar No. 02826000
Mark Dodd
Texas Bar No. 24040815
Kelley Conaty
Texas Bar No. 24040716
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3306
Fax: (214) 981-3400

Richard F. O'Malley (Lead Attorney)
Lisa A. Schneider
Robert D. Leighton
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL 60603
Tel: 312-853-7000
Fax: 312-853-7036

**B.  STATEMENT OF JURISDICTION**

Jurisdiction in this case is based on 28 U.S.C. §§ 1331 and 1338 in that the plaintiff brings this action under 35 U.S.C. § 1, *et seq*. (the Patent Act). Defendants' counterclaims are based on the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

Jurisdiction is not disputed.

**C.  NATURE OF ACTION**

This is a patent infringement case in which the plaintiff seeks damages for infringement of two patents, U.S. Patent No. 6,856,459 (the '459 patent) and U.S. Patent No. 6,940,647 (the '647 patent). Only the Tellabs Defendants remain in this case, namely, Tellabs, Inc., Tellabs

North America, Inc., Tellabs Operations, Inc. All other defendants have been dismissed from this Action.

### D.  CONTENTIONS OF THE PARTIES

The plaintiff, Cheetah, contends that the Tellabs defendants infringe claims 1 and 14-17 of the '459 patent and claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent by making, using, selling, and offering for sale Reconfigurable Optical Add/Drop Multiplexer (ROADM) products that contain a Liquid Crystal-based Wavelength Selective Switch (WSS).

Defendant Tellabs denies that it has infringed or is infringing, directly or otherwise, claims 1 and 14-17 of the '459 patent by making, using, selling, and/or offering for sale ROADM products that contain a WSS. Tellabs likewise denies that it has infringed or is infringing, directly or otherwise, claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent by making, using, selling, and/or offering for sale ROADM products that contain a WSS. Defendant Tellabs further contends that claims 1 and 14-17 of the '459 patent are invalid because they would have been obvious to one of ordinary skill in this art at the relevant time. Tellabs also contends that claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent are invalid because they would have been obvious to one of ordinary skill in this art at the relevant time. Tellabs further contends that claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent are invalid on the grounds that the patent does not contain a sufficient written description or an enabling disclosure of the claimed subject matter. Defendant Tellabs contends that Cheetah's infringement claims with respect to the asserted claims of the '459 and '647 patents are barred, in whole or in part, by the doctrines of laches and equitable estoppel.

### E.  STIPULATIONS AND UNCONTESTED FACTS

1. Plaintiff Cheetah Omni LLC is a Texas Limited Liability Company.

2. Defendant Tellabs Operations, Inc. is a Delaware corporation having a principal place of business at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois.

3. Defendant Tellabs, Inc. is a Delaware corporation having principal executive offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois.

4. Defendant Tellabs North America, Inc. is a Delaware corporation having offices at One Tellabs Center, 1415 West Diehl Road, Naperville, Illinois 60563.

5. Cheetah filed this lawsuit against Tellabs on July 29, 2011.

6. U.S. Patent No. 6,856,459 ("the '459 patent") is titled "Apparatus and Method for Controlling Polarization of an Optical Signal" and issued February 15, 2005. The asserted claims of the '459 patent have a priority date of December 22, 2000.

7. U.S. Patent No. 6,940,647 ("the '647 patent") is titled "Apparatus and Method for Controlling Polarization of an Optical Signal" and issued September 6, 2005. The asserted claims of the '647 patent have a priority date of October 28, 2004.

8. Mohammed N. Islam and Amos Kuditcher are the named joint inventors on the '459 and '647 patents.

## F. CONTESTED ISSUES OF FACT AND LAW

**Cheetah's Statement of Contested Issues**

1. Whether the Tellabs defendants infringe claims 1 and 14-17 of the '459 patent.

2. Whether the Tellabs defendants infringe claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent.

3. If infringement is found, the amount of damages to which Cheetah is entitled.

4. If infringement is found, whether Cheetah is entitled to attorney fees and costs incurred in pursuing its claims.

5.      If infringement is found, whether Cheetah is entitled to an injunction against further infringement.

**Defendants' Statement of Contested Issues**

1.      Whether Tellabs has infringed or is infringing claims 1 and 14-17 of the '459 patent by making, using, selling, and/or offering for sale ROADM products that contain a WSS.

2.      Whether claims 1 and 14-17 of the '459 patent are invalid because they would have been obvious to one of ordinary skill in this art at the relevant time.

3.      Whether Tellabs has infringed or is infringing claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent by making, using, selling, and/or offering for sale ROADM products that contain a WSS.

4.      Whether claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent are invalid because they would have been obvious to one of ordinary skill in this art at the relevant time.

5.      Whether claims 1, 9, 15, 16, 20, 22, 24, and 26 of the '647 patent are invalid on the grounds that the patent does not contain a sufficient written description or an enabling disclosure of the claimed subject matter.

6.      If the jury finds Tellabs has infringed or is infringing one or more valid claims of the '459 and/or '647 patents, the amount of money, if any, to be awarded to Cheetah as a reasonable royalty to compensate for any infringement by Tellabs.

7.      If a jury finds infringement of one or more valid claims of the '459 and/or '647 patents, whether Cheetah is entitled to an injunction against further infringement by Tellabs.

8.      Whether Cheetah's claims with respect to the asserted claims of the '459 and '647 patents are barred, in whole or in part, by laches.

9. Whether Cheetah's claims with respect to the asserted claims of the '459 and '647 patents are barred, in whole or in part, by equitable estoppel.

10. Whether Tellabs is entitled to its attorneys' fees and costs incurred in responding to Cheetah's claims.

### G. LIST OF WITNESSES

Cheetah's witness list is Attachment A.

Tellabs' witness list is Attachment B.

### H. LIST OF EXHIBITS

Cheetah's exhibit list is Attachment C.

Tellabs' exhibit list is Attachment D.

The parties agree that they will separately file deposition designations on January 16, rebuttal designations and objections on January 27, and objections to rebuttal designations on January 31, per the Court's Docket Control Order (Dkt. 107).

### I. LIST OF ANY PENDING MOTIONS

**Defendants' Motions**

1. Tellabs' Sealed Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,856,459 and 6,940,647 (Dkt. 345).

2. Defendants' Sealed Motion to Strike the Supplemental Reports of James J. Nawrocki (Dkt. 346 and 347).

### J. PROBABLE LENGTH OF TRIAL

The probable length of trial is 7 days.

K.  **MANAGEMENT CONFERENCE LIMITATIONS**

1. **Motions in Limine**: Each side is limited to one motion in limine addressing no more than ten disputed issues. In addition, the parties may file a joint motion in limine addressing any agreed issues.

2. **Exhibits**: Each side is limited to designating 250 exhibits for trial absent a showing of good cause.

3. **Deposition Designations**: Each side is limited to designating 10 hours of deposition testimony for use at trial absent a showing of good cause. As trial approaches, if either side needs to designate more than 10 hours, the party may file a motion for leave and show good cause.

L.  **CERTIFICATIONS**

The undersigned counsel for each of the parties in this action do hereby certify and acknowledge the following:

(1) Full and complete disclosure has been made in accordance with the Federal Rules of Civil Procedure and the Court's orders;

(2) Discovery limitations set forth in the Federal Rules of Civil Procedure, the Local Rules, and the Court's orders have been complied with and not altered by agreement or otherwise;

(3) Each exhibit in the List of Exhibits herein:

    (a) is in existence;
    (b) is numbered; and
    (c) has been disclosed and shown to opposing counsel.

Approved as to form and substance:

By: /s/ Thomas A. Lewry
Thomas A. Lewry (MI Bar No. P36399)
(Lead Attorney)
*Attorneys for Plaintiff*

By: /s/ Mark Dodd (*w/permission*)
Mark Alan Dodd
Sidley Austin LLP - Dallas
*Attorneys for Defendants*