

Ernie L. Brooks
1942-2007

**Brooks Kushman P.C.**
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075-1238 USA

Tel (248) 358-4400 ● Fax (248) 358-3351

www.brookskushman.com

January 30, 2014

The Honorable Timothy B. Dyk
c/o U.S. District Court for the Eastern District of Texas
200 W. Ferguson, Third Floor
Tyler, TX 75702

      **Re:**    *Cheetah Omni v. Alcatel-Lucent et al.*
              **Case No. 6:11cv390**

Dear Judge Dyk:

      At the summary judgment hearing held January 23, 2014, the Court asked the parties to submit a brief addressing the good cause standard for supplementing an expert report in the Eastern District of Texas. In the Fifth Circuit, courts consider four factors in deciding whether to permit a party to supplement an expert report: "(1) the explanation for the failure to [submit a complete report on time]; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (quoting *Geiserman v. MacDonald*, 8993 F.2d 787, 791 (5th Cir. 1990)); *Arbitron, Inc. v. Int'l Demographics, Inc.*, 2009 WL 166555 at *1 (E.D. Tex. 2009). Dr. Lebby's Supplemental Expert Report satisfies these four factors.

      Rule 26(e) is also applicable. It requires a party to supplement its expert reports "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1)(A). Specifically, with respect to expert reports, that duty extends "to information included in the report." Fed. R. Civ. P. 26(e)(2). "[A]dditions or changes to [an expert report] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.*; *Capitol Justice LLC v. Wachovia Bank, N.A.*, 706 F.Supp.2d 34, 39 (D.D.C. 2009) (holding that Rule 26(e) permitted a supplemental expert report where the expert "made corrections to provide a more correct and complete report, and [the defendant] has had ample opportunity to prepare for trial."). In the present case, the Rule 26(a)(3) pretrial disclosure deadline was December 18, 2013. (Dkt. #107, Docket Control Order, p. 2.). Dr. Lebby's June 20, 2013 Expert Report contained an error, first identified by Tellabs on August 8, 2013, and he corrected the error on August 20, 2013, well before the December 18, 2013 Rule 26(a)(3) deadline.

The Honorable Timothy B. Dyk
January 30, 2014
Page 2


**A.    Cheetah's Explanation for Serving a Supplemental Expert Report**

A common claim limitation in all asserted claims requires two phase shifters (or phase shift stages) that share a beam splitter.[1]  Dr. Lebby's Supplemental Expert Report corrected an error that resulted in inconsistent identification of the phase shifters/stages that share the common beam splitter.  Dr. Lebby did not present a new theory of infringement as is clear from the history of the case.  Cheetah includes a time line of relevant events in Exhibit 1.

Tellabs has known since early in the case that Cheetah contends that the birefringent wedge closest to the mirror is part of the two phase shifters/stages that share a common beam splitter.  Indeed, Tellabs' 2012 non-infringement contentions, served in response to Cheetah's Interrogatory No. 1, identify only three non-infringement defenses, <u>none</u> of which contend that Cheetah failed to show two phase shifters/stages that share a common beam splitter. (Dkt. #359, Ex. H, pp. 10-11.)  Tellabs' understanding of Cheetah's position is further evidenced by the arguments Tellabs made during claim construction.  Knowing that Cheetah relies on the same birefringent wedge closest to the mirror are part of each "shared beam splitter" stage, Tellabs argued that two stages must comprise different structures. (Dkt. #206 at 26-28.)  The Court ruled in Tellabs' favor with respect to the apparatus claims, but not for the method claim. (Dkt. #235 at 38-40.)  Tellabs then moved for reconsideration on the construction of the method claims. (Dkt. #238, *semble*.)  If Tellabs did not know that Cheetah relied on the birefringent wedge closest to the mirror as the relevant wedge sharing a beam splitter, Tellabs would have had no reason to doggedly pursue that claim construction.

On May 13, 2013, following the Court's claim construction order, Cheetah served its Operative Infringement Contentions.  Those contentions contained an inconsistency between the light path diagrams and the physical structures as Tellabs' counsel acknowledged at the summary judgment hearing.  But neither side recognized this inconsistency until much later.

After receiving Cheetah's Operative Infringement Contentions, Tellabs had a duty to supplement its non-infringement contentions "in a timely manner" in response to Cheetah's Interrogatory No. 1.  Fed. R. Civ. P. 26(e).  But Tellabs did not supplement its non-infringement contentions.  There are two possible explanations.  Tellabs may simply have not realized that Cheetah had made an error, giving rise to a new non-infringement defense.  Alternatively, Tellabs may have found the error but decided not to supplement its non-infringement contention to sandbag Cheetah.  Cheetah does not ascribe ill will to Tellabs and chooses to believe that Tellabs, like Cheetah, was simply unaware of the error.

On June 20, 2013, Dr. Lebby issued his infringement expert report.  Using parts of Cheetah's Operative Infringement Contentions, Dr. Lebby's infringement report contained the same inconsistency and error that was present in those Infringement Contentions.  Again, no one

---

[1] The apparatus claims in each patent require phase *shifters* that share a beam splitter.  In contrast, the method claim requires phase shift *stages* that share a beam splitter.



The Honorable Timothy B. Dyk
January 30, 2014
Page 3

noticed this error and Tellabs did not serve supplemental non-infringement contentions in response to Dr. Lebby's Expert Report.

On August 8, 2013, Tellabs' non-infringement expert, Dr. Chiao, served his Non-Infringement Expert Report. That Report was the first time Tellabs asserted a non-infringement defense asserting that the phase shifters/stages did not share a common beam splitter. Immediately upon seeing Tellabs' new defense in Dr. Chiao's expert report, Cheetah and Dr. Lebby took steps to correct the error. On August 20, 2013 – just 12 days after Dr. Chiao issued his expert report – Dr. Lebby issued a Supplemental Expert Report correcting the inconsistency.[2] *Cf. Mondis Technology, Ltd. v. LG Electronics, Inc.*, 2011 WL 2149925 at *2, 3 (E.D. Tex. 2011) (finding that plaintiff was diligent in seeking to amend infringement contentions where it moved "within two weeks of the deposition and one month of when TPV produced the service manual").

In summary, Cheetah did not fail to meet its deadline for serving an expert report. However, the report Cheetah served contained an error that created an inconsistency in Cheetah's infringement allegations. Before Cheetah served its Operative Infringement Contentions, Tellabs knew that Cheetah was relying on the birefringent wedge closest to the mirror as part of the phase shifters/stages that share a common beam splitter. Afterward, Cheetah's error resulted in two inconsistent non-infringement positions being presented in Dr. Lebby's Expert Report. Because Cheetah was unaware of this inconsistency until it was pointed out in Dr. Chiao's expert Report, Cheetah did not realize that a correction was needed.

**B.    Correcting The Inconsistency is Important to Cheetah's Infringement Case**

Because Dr. Lebby's expert report presents two inconsistent infringement positions, it is critical that he be permitted to serve a supplemental report that corrects the inconsistency. If the Court ruled that Dr. Lebby could not correct the error, Cheetah might be required to present these two inconsistent positions to the jury, which would serve no purpose and likely confuse the jury. Furthermore, as Tellabs has argued in its summary judgment brief, the inconsistency could result in a finding of non-infringement, even though the parties have always understood, at least until Dr. Chiao's August 8, 2013 expert report, that the phase shifters/stages sharing a common beam splitter limitation was not in dispute and not a basis for non-infringement.

**C.    Tellabs Has Not Been Prejudiced**

Tellabs has suffered no prejudice as a result of the error. Tellabs never relied on the phase shifters/stages sharing a common beam splitter limitation as a non-infringement defense until August 8, 2013. Dr. Lebby issued his Supplemental Expert Report 12 days later. Tellabs

---

[2] In the same Supplemental Expert Report, Dr. Lebby addressed new deposition testimony that Tellabs obtained after Dr. Lebby issued his June 20, 2013 Expert Report. Tellabs does not dispute that this part of Dr. Lebby's Supplemented Expert Report is proper.



The Honorable Timothy B. Dyk
January 30, 2014
Page 4

has not identified any prejudice that arose during those 12 days and Tellabs cannot say that it was surprised by Dr. Lebby's correction.. Moreover, when Dr. Lebby issued his Supplemental Expert Report, the March 10, 2014 trial date trial was still over six month away and both fact and expert discovery were still open.[3] *Cf. TracBeam L.L.C. v. AT & T Inc.*, 2013 WL 6175372 at *8 (E.D. Tex. 2013) (Davis, C.J.) (granting leave to supplement expert report despite argument that "the case is too close to trial to allow TracBeam's new infringement theories."). Tellabs deposed Dr. Lebby on September 6, 2013 covering both the Original and Supplemental Expert Reports. Tellabs had ample opportunity to take discovery on Dr. Lebby's Supplemental Expert Report.

At the summary judgment hearing, Tellabs asserted prejudice because it, purportedly, was unable to argue that the two phase shifters/stages failed to meet the Court's claim construction requiring two different phase shifters. First, that argument does not apply to method claim 17. Second, Tellabs made the argument during claim construction (*See* Dkt #235 at 38-40) and on summary judgment (Dkt #366 at 5-8). Finally, if necessary, Tellabs still has time to supplement Dr. Chiao's Non-Infringement Expert Report.

### D.   No Continuance is Necessary

No continuance is necessary to prevent any purported prejudice. Even if Tellabs believes that it needs to supplement Dr. Chiao's report to address the issue of "different phase shifters" for the apparatus claims, it has had time to do so without a continuance.

For these reasons, Cheetah properly served Dr. Lebby's Supplemental Expert Report in compliance with Fed. R. Civ. P. 26(e) and good cause exists for the supplementation.

Very truly yours,

**BROOKS KUSHMAN P.C.**

Thomas A. Lewry

TAL:ds
Attachment: Exhibit 1
cc: all counsel of record (*by ECF*)

---

[3] Fact and expert discovery closed September 12, 2013. (Dkt #107, Docket Control Order, p. 3.)



# EXHIBIT 1

# Time Line – "Intervening Wedge" Issue

| | |
|---|---|
| June 12, 2012 | Tellabs answers Int. No. 1: Identifies non-infringement defenses |
| May 13, 2013 | Cheetah's serves Operative Infringement Contentions |
| June 20, 2013 | Dr. Lebby issues Infringement Report |
| August 8, 2013 | Dr. Chiao issues Non-Infringement Report:  Raises "intervening wedge" non-infringement theory |
| August 20, 2013 | Dr. Lebby issues Supplemental Infringement Report: Fixes "red box" placement on physical structure |
| September 6, 2013 | Tellabs deposes Dr. Lebby |
| September 10, 2013 | Tellabs supplements answer to Int. No. 1 to add "intervening wedge" non-infringement theory |