UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHEETAH OMNI LLC**<br>　　　　Plaintiff,<br><br>　　vs.<br><br>**ALCATEL-LUCENT USA, INC. ET AL.**<br>　　　　Defendants. | **Civil Action No. 6:11-cv-390**<br>**U.S. Circuit Judge Timothy B. Dyk**<br>**Jury Demanded** |

**TELLABS, INC.'S, TELLABS OPERATIONS, INC.'S, AND
TELLABS NORTH AMERICA, INC.'S REPLY IN
<u>SUPPORT OF THEIR MOTION FOR BILL OF COSTS</u>**

## INTRODUCTION

Tellabs is the prevailing party. This Court granted Tellabs' motion for summary judgment of non-infringement and entered final judgment in Tellabs favor as to all claims currently being litigated before this Court. The fact that Cheetah may later file another complaint asserting claims regarding a *different* patent and a *different* accused product does not deprive Tellabs of prevailing party status. Cheetah concedes that Tellabs is entitled to $71,687 in costs. But Cheetah's objections to the remainder of Tellabs are unfounded.

## ARGUMENT

### I.     Tellabs Is the Prevailing Party.

Cheetah argues that it is premature for the Court to determine a prevailing party with respect to the '459 and '647 Patents because Cheetah's claims related to the '479 Patent have been stayed.[1] However, Cheetah's claim of infringement under the '479 Patent is a separate and distinct cause of action from Cheetah's claim of infringement under the '459 and '647 Patents. *Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) ("Each patent asserted raises an independent and distinct cause of action.") (internal citations omitted).

Cheetah asserted the '459 and '647 Patents against Tellabs products containing CoAdna WSSs. Cheetah also asserted the '479 Patent against Tellabs products containing Finisar WSSs. (*See* Dkt. No. 50 at 9.)  Cheetah's claims concerning Finisar WSSs will be fully resolved between Cheetah and Finisar in the Eastern District of Michigan lawsuit. Thus, while this Court stayed the case with respect to the '479 Patent, collateral estoppel and/or res judicata would prevent Cheetah from re-litigating those same claims in this Court upon resolution of the Michigan case. While Cheetah informally accused Tellabs' products containing a Nistica WSS

---

[1] Cheetah asserts that Tellabs should be precluded from addressing Cheetah's arguments concerning prevailing party status. (Dkt. No. 448 at 4-5.) However, the fact that Tellabs did not preemptively address arguments that Cheetah *might* have raised does not prohibit Tellabs from responding to arguments actually raised by Cheetah.

of infringing other clams of the '479 Patent, this was never reflected in an amended complaint, and thus, these products are not at issue in this lawsuit.

Moreover, it makes sense for the Court to make the prevailing party determination now. The Advisory Committee Notes to Federal Rule of Civil Procedure 54 state:

> In many nonjury cases the court will want to consider attorneys' fee issues immediately after rendering its judgment on the merits of the case. . . . Prompt filing affords an opportunity for the court to resolve fee disputes shortly after trial, while the services performed are freshly in mind. It also enables the court . . . to make its ruling on a fee request in time for any appellate review of a dispute over fees to proceed at the same time as review on the merits of the case.

While the above passage specifically references attorneys' fees, the rationale also applies to requests for costs. *See Prism Techs., LLC v. McAfee, Inc.*, 8:10CV220, 2013 WL 571789 (D. Neb. Feb. 13, 2013) ("The possibility that the underlying judgment might be reversed, with the result that the award of costs must also be reversed, is simply too speculative to outweigh the benefit of the trial court conducting a review of the bill of costs while the case is still fresh.").

## II.   Tellabs' Costs Are Recoverable.

The bill of costs Tellabs submitted is a product of compromise and reflects only a small portion of the costs Tellabs actually incurred defending Cheetah's baseless infringement claims. During meet and confer efforts with Cheetah, Tellabs agreed to remove over $100,000 in electronic discovery costs that it believes should be recoverable. (*See* Dkt. No. 443, Ex. 2 at 2.) And Tellabs agreed to remove nearly $10,000 of printing and copying costs it believes should be recoverable. (*See* Dkt. No. 442-1 at 2.) The charges remaining on Tellabs' bill of costs are exceedingly reasonable for a complex patent infringement litigation lasting over 2½ years and requiring the production of over 2,000,000 pages of documents.

### A.   Tellabs' TIFF Conversion Costs Are Recoverable.

The only electronic discovery costs Tellabs seeks are those for converting documents to

TIFF images for purposes of document production in this case, as explicitly required by the Discovery Order. (*See* Dkt. No. 111 at 3.) Sidley's accounting system reflects such charges using three cost codes: TMC, TCL, and PRT. Tellabs sent Cheetah a legend for its cost codes explaining that these codes mean "TIF Monochrome," "TIF Color," and "TIF Production," respectively. Cheetah now takes the position that only costs associated with the PRT cost code are recoverable. (Dkt. No. 448 at 6.) Cheetah is wrong.

      Tellabs did not create TIFF images for reasons other than document production. The breakdown of Tellabs' TIFF conversion costs into three categories is a reflection of the industry-standard procedure for preparing productions of TIFF images. First, documents are collected in native format, *e.g.*, Word files. These documents are then converted to TIFF images, either black and white, or color. The TMC and TCL costs reflect this step. Because these TIFF images lack Bates numbers and confidentiality designations, they cannot be produced in this form. Thus, a second TIFF image is created that includes a production Bates number and a confidentiality designation. The cost code PRT reflects the cost for creating this second TIFF image. The creation of **both** TIFF images is necessary for document productions that require Bates stamped documents in TIFF format, as was explicitly required in this case. (*See* Dkt. No. 111 at 3 ("[A] producing party will produce discovery materials in single page TIFF imaged electronic files with . . . **Bates numbers**, . . . and **confidentiality designation**.") (emphasis added).) Some document production vendors invoice the creation of these two TIFF images as one charge. For example, a vendor might charge $0.05 per monochrome production page, instead of the $0.03 for TCM and $0.02 for PRT reflected on Tellabs' invoices. Regardless of the way such costs are invoiced, both steps are required for document productions in TIFF format. In this case, Cheetah agreed to production in TIFF format and cannot now object to the costs associated with such a production format. Tellabs' bill of costs included costs for 2,595,632 TMC conversions, 2,733

3

TCL conversions, and 2,478,668 PRT conversions. And Tellabs' bill of costs summary attributes each of these charges to a particular production period. (Dkt. No. 442-2 at 21-23.)  Tellabs produced 2,483,291 Bates stamped pages of documents to Cheetah.[2] While all of Tellabs' TIFF conversion costs are properly taxable, at a minimum, the Court should award Tellabs $0.05 per page produced to Cheetah, or $124,164—and this is the amount Tellabs now seeks.[3]

### B. Tellabs' Deposition Transcript Costs Are Recoverable.[4]

Cheetah argues that Tellabs' costs for synchronization of video transcripts are not recoverable, but fails to cite any Fifth Circuit precedent so holding. Other courts have held such costs are necessary for the efficient presentation of video depositions at trial and are recoverable. *See, e.g., Seyler v. Burlington N. Santa Fe Corp.*, No. 99-2342-KHV, 2006 WL 3772312 (D. Kan. Dec. 20, 2006) ("Time stamping synchronizes the video deposition to the written transcript. . . . Time stamping is in part for the convenience of counsel, but it is primarily a cost to show the video deposition at trial. Accordingly, it is recoverable under Section 1920."); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005) (affirming award of costs for "the synchronization of the video and deposition transcripts"); *Hynix Semiconductor Inc. v. Rambus Inc.*, 697 F. Supp. 2d 1139, 1151 (N.D. Cal. 2010) ("Hynix's objection to the costs of synchronizing deposition videos is overruled.").

Cheetah objects to two invoices that reflect videographer costs for the depositions of James Harlan (representative of subpoenaed third Party Xtera) on March 20, 2013 and

---

[2] The difference between the TIFFs created and the Bates numbers used is the result of the fact that a document might have been collected for production and TIFF'd but was ultimately determined to be privileged or non-responsive prior to the PRT phase of the production. Moreover, certain file types were produced in native format. For natively produced files, a TIFF "slip sheet" might have been created and reflected as PRT charge. In other instances, a native file might have been produced without the creation of any slip sheet.

[3] This amount assumes each page produced incurred a $0.03 charge for TMC.  In realty, a subset of these pages were color and incurred a $0.10 charge for TCL.  (*See, e.g.,* Dkt. 442-1, Ex. 5 at 5.)

[4] Tellabs does not object to Cheetah's proposed reduction of $147 for shipping and handling costs.

Mohammed Islam on December 6, 2012 because those invoices do not specify whether they include video synchronization costs. As explained above, video synchronization costs are recoverable and these invoices are fully taxable regardless of whether they include such costs.

Cheetah also argues that costs for exhibits corresponding to the transcripts are not recoverable, but again fails to cite any Fifth Circuit precedent so holding. Copies of deposition exhibits were necessary to understand the deposition testimony in this case and are recoverable.

### C. Tellabs' Audio-Visual Costs Are Recoverable.

Cheetah objects to $12,564 of the costs Tellabs incurred to prepare audio-visual presentations for trial because trial "never happened." (Dkt. 448 at 11.) But the fact that Tellabs prevailed on summary judgment prior to trial does not suddenly render these costs unrecoverable. Indeed, the Court granted summary judgment on February 3, 2014—only 17 days before the pretrial conference. Tellabs would not have been able to prepare presentations in so short a period. Had the Court denied Tellabs' motion, these presentations would have been used at trial. Tellabs should not be penalized for having prevailed on summary judgment.[5]

Cheetah mischaracterizes *Finisar Corp. v. DirecTV Grp., Inc.*, No. 1:05-CV-264, 2006 WL 2699732 (E.D. Tex. Aug. 4, 2006) as a case where the court excluded audio-visual support costs incurred before trial. (Dkt. No. 448 at 11.) In reality, the *Finisar* court simply found that the over $400,000 plaintiff requested for audio-visual services included costs for nearly two months of maintaining a "war room" and was excessive. *Finisar Corp.* at *2*. The court then held "the technology used at this trial [was] necessary and reasonable" and "awarded $18,225.00 for audio/visual services." *Id.*

---

[5] Cheetah also argues that a portion of Tellabs' audio-visual costs may be unrecoverable because they include costs for video synchronization. As explained above, costs for video synchronization are properly taxable. In the event the Court determines that costs for synchronization are unrecoverable, Tellabs should still be awarded its audio-visual costs except for $1,405.75 from invoice No. 4263 that relates to synchronization. (*See* Dkt. No. 442-1, Ex. 6 at 4-5.)

Respectfully submitted,

Dated:  March 20, 2014

/s/   Robert D. Leighton

James P. Bradley
Texas Bar No. 02826000
Email: jbradley@sidley.com
Mark Dodd
Texas Bar No. 24040815
Email: mdodd@sidley.com
Kelley Conaty
Texas Bar No. 24040716
kconaty@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3306
Fax: (214) 981-3400

Richard F. O'Malley
Attorney-in-Charge
Lisa A. Schneider
Robert D. Leighton
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL  60603
Tel: 312-853-7000
Fax: 312-853-7036

*Attorneys For Defendants Tellabs, Inc., Tellabs Operations Inc., and Tellabs North America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 20, 2014.

/s/  Robert D. Leighton