UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **CHEETAH OMNI LLC**<br>    Plaintiff,<br><br>vs.<br><br>**ALCATEL-LUCENT USA, INC. ET AL.**<br>    Defendants. | **Civil Action No. 6:11-cv-390**<br>**U.S. Circuit Judge Timothy B. Dyk**<br>**Jury Demanded** |

**TELLABS, INC.'S, TELLABS OPERATIONS, INC.'S, AND
TELLABS NORTH AMERICA, INC.'S SUPPLEMENTAL
BRIEF REGARDING THE IMPACT OF THE
SETTLEMENT BETWEEN CHEETAH OMNI LLC AND
FINISAR CORP. IN THE EASTERN DISTRICT OF
<u>MICHIGAN (Case No. 2:11-cv-15625)</u>**

## BACKGROUND

1. In its amended complaint, Cheetah Omni LLC ("Cheetah") asserted that Tellabs, Inc., Tellabs Operations, Inc., and Tellabs North America, Inc. (collectively "Tellabs") infringed certain claims of U.S. Patent Nos. 6,888,661 ("the '661 Patent"), 6,847,479 ("the '479 Patent"), 6,856,459 ("the '459 Patent"), and 6,940,647 ("the '647 Patent"). (*See* Dkt. No. 50 at 8-11.) Cheetah asserted the '661 Patent and certain of the claims of the '479 Patent against Tellabs' products having wavelength selective switches ("WSSs") from Finisar Corp. ("Finisar"). Cheetah asserted other claims of the '479 Patent against Tellabs' products having WSSs from Nistica, Inc. Cheetah asserted the '459 and '647 Patents against Tellabs' products having WSSs from CoAdna Photonics, Inc.

2. In its answer and counterclaims, Tellabs asserted declaratory judgment counterclaims regarding non-infringement and invalidity of the '479 Patent. (*See, e.g.,* Dkt. No. 75 at 21-22.)

3. Finisar filed a declaratory judgment suit against Cheetah in the Eastern District of Michigan on December 23, 2011 ("the Michigan Case") on behalf of its customers, including Tellabs. (*See* EDMI 2:11-cv-15625-PDB-MKM Dkt. No. 1, attached as Exh. 1.) The Michigan case included counts that the '661 and '479 Patents were invalid. (*See id.* at 7, 9.) On November 9, 2012, Judge Borman, presiding over the Michigan Case, enjoined Cheetah from prosecuting the '661 and '479 Patents in this case. (*See* EDMI 2:11-cv-15625-PDB-MKM Minute Entry from Motion Hearing held on November 9, 2012, attached as Exh. 2 at 11.)

4. On December 5, 2012, this Court ordered a stay in this case with respect to the '661 and '479 Patents. (*See* Dkt. No. 186.) The basis for this order was Judge Borman's order enjoining Cheetah from prosecuting the '661 and '479 Patents. (*See id.*) This Court's order stayed this case with respect to the '661 and '479 Patents "until such time as the injunction may be lifted." (*Id.*)

5.     On February 3, 2014, this Court granted Tellabs' summary judgment of non-infringement with respect to the '459 and '647 Patents. (*See* Dkt. No. 431.)

6.     Cheetah filed an unopposed motion to clarify the injunction in the Michigan Case on April 2, 2014. (*See* EDMI 2:11-cv-15625-PDB-MKM Dkt. No. 145, attached as Exh. 3.) The motion seeks clarification that the Michigan Case injunction does not apply to claims 37-64 of the '479 Patent. (*See id*. at 2.) Judge Borman issued an order on April 2, 2014 granting Cheetah's clarification motion. (*See* EDMI 2:11-cv-15625-PDB-MKM Dkt. No. 146, attached as Exh. 4.)

## IMPACT OF SETTLEMENT

The settlement of the Michigan Case has both an immediate impact and a possible, but delayed, impact on this case. The immediate impact is the resolution of those portions relating to Tellabs' products having WSSs from Finisar. Specifically, Tellabs understands that under the agreement, Cheetah no longer asserts the '661 and '479 Patents against those Tellabs' products having WSSs from Finisar. As its products having WSSs from Finisar are not accused of infringing the '661 Patent, Tellabs is the prevailing party with respect to the '661 Patent. *See Shum v. Intel Corp.*, 629 F.3d 1360, 1367-68 (Fed. Cir. 2010).

The possible, but delayed, impact relates solely to those claims of the '479 Patent asserted against Tellabs' products having WSSs from Nistica. While Judge Borman has clarified that the injunction in the Michigan Case does not apply to claims 37-64 of the '479 Patent, he did not *lift* the stay. Therefore, the stay in this case remains in effect as the requirement for, and timing of, lifting the stay in this case is very clear – "until such time as the [Michigan Case] injunction may be *lifted*." (*See* Dkt. No. 186, emphasis added.) Cheetah has informed Tellabs that it will file a motion to lift the stay in this case with respect to the claims of the '479 Patent asserted against Tellabs' products having WSSs from Nistica.

2

Should the Court lift the stay in this case, Cheetah faces yet another obstacle. Its operative infringement contentions, served on May 13, 2013, do not accuse any Tellabs' products having Nistica WSSs of infringing the '479 Patent.[1] Cheetah would presumably move this Court for leave to amend its infringement contentions. Only if the Court grants Cheetah leave to amend its infringement contentions would the parties face substantive work on the case.

If the Court grants Cheetah leave to amend its contentions, the remaining substantive work would include expert witness discovery, including both reports and depositions. Little or no fact discovery remains as Nistica has produced both documents and a witness for deposition. As this Court has not construed any terms from the '479 Patent, the impact on the Court due to the Michigan settlement may include claim construction. As Tellabs has strong non-infringement positions with respect to the '479 Patent, the impact on the Court would also include consideration of and ruling on a corresponding motion for summary judgment.

In addition, should the Court lift the stay in this case, Tellabs' declaratory judgment counterclaims regarding non-infringement and invalidity of the '479 Patent will again be "live."

## **CONCLUSION**

The settlement of the Michigan Case has both an immediate impact and a possible, but delayed, impact on this case. The immediate impact is that Tellabs is the prevailing party with respect to its products having WSSs from Finisar. The possible, but delayed, impact is that if and only if Cheetah is successful in its efforts before this Court, it may further pursue its claims against Tellabs' products having WSSs from Nistica. A further possible, but delayed, impact is the reactivation of Tellabs' declaratory judgment counterclaims with respect to the '479 Patent.

---

[1] Due to the previously imposed stay in this case (December 5, 2012), Cheetah's subsequently served operative infringement contentions (May 13, 2013) could not accuse Tellabs' products having Nistica WSSs of infringing the '479 Patent.

Respectfully submitted,

Dated:  April 4, 2014 /s/ *Mark A. Dodd*

James P. Bradley
Texas Bar No. 02826000
Email: jbradley@sidley.com
Mark Dodd
Texas Bar No. 24040815
Email: mdodd@sidley.com
Kelley Conaty
Texas Bar No. 24040716
kconaty@sidley.com
**SIDLEY AUSTIN LLP**
717 N. Harwood, Suite 3400
Dallas, Texas 75201
Tel: (214) 981-3306
Fax: (214) 981-3400

Richard F. O'Malley
Attorney-in-Charge
Lisa A. Schneider
Robert D. Leighton
**SIDLEY AUSTIN LLP**
One South Dearborn
Chicago, IL  60603
Tel: 312-853-7000
Fax: 312-853-7036

*Attorneys For Defendants Tellabs, Inc., Tellabs Operations Inc., and Tellabs North America, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 4, 2014.

/s/ *Mark A. Dodd*