# Exhibit 1

to

Tellabs, Inc.'s, Tellabs Operations, Inc.'s, and
Tellabs North America, Inc.'s Supplemental Brief Regarding the Impact
of the Settlement between Cheetah Omni LLC and Finisar Corp. in the
Eastern District of Michigan (Case No. 2:11-cv-15625)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FINISAR CORPORATION,

        Plaintiff,

v.

CHEETAH OMNI, LLC,

        Defendant.

CIVIL ACTION NO. _____

Hon.

## COMPLAINT FOR DECLARATORY JUDGMENT

## AND

## JURY DEMAND

Plaintiff Finisar Corporation ("Finisar") files this Complaint for Declaratory Judgment against Defendant Cheetah Omni, LLC ("Cheetah") and in support thereof alleges as follows:

### Nature of the Action

1. This is an action for a declaratory judgment of non-infringement and invalidity of United States Patent Nos. 6,888,661 (the "'661 Patent"), 6,847,479 (the "'479 Patent"), 6,445,502 (the "'502 Patent") and 6,721,473 ("'473 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and for such other relief as the Court deems just and proper.

### The Parties

2. Plaintiff Finisar is a Delaware corporation with a principal place of business at 1389 Moffett Park Drive, Sunnyvale, California, 94089.

3. Defendant Cheetah is a Texas limited liability company with a principal place of business at 647 Spring Valley Drive, Ann Arbor, Michigan, 48105.

## Jurisdiction and Venue

4. These claims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

5. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338 and 28 U.S.C. §§ 2201 and 2202.

6. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c).

7. This Court has personal jurisdiction over Cheetah because its primary place of business is in this district.

8. Cheetah has admitted that this Court has subject matter jurisdiction and personal jurisdiction over Cheetah and that this venue is proper by filing in this Court on June 3, 2011 complaints for patent infringement in Case Nos. 2:11-cv-12427 and 2:11-cv-12429 involving some of the customers of Finisar and one of the patents that are implicated in this action.

## Patents-in-Suit

9. The '661 Patent, entitled "Square Filter Function Tunable Optical Devices," names on its face Mohammed N. Islam and Amos Kuditcher as inventors and states that it was issued on May 3, 2005 to assignee Cheetah Omni, LLC (Exhibit A).

10. The '479 Patent, entitled "Variable Blazed Grating," names on its face Mohammed N. Islam and Amos Kuditcher as inventors and states that it was issued on January 25, 2005 to assignee Cheetah Omni, LLC (Exhibit B).

11. The '502 Patent, entitled "Variable Blazed Grating," names on its face Mohammed N. Islam and Amos Kuditcher as inventors and states that it was issued on September 3, 2005 to assignee Cheetah Omni, LLC (Exhibit C).

12. The '473 Patent, entitled "Variable Blazed Grating Based Signal Processing," names on its face Mohammed N. Islam and Amos Kuditcher as inventors and states that it was issued on April 13, 2004 to assignee Cheetah Omni, LLC (Exhibit D).

13. The '479, '502 and '473 Patents (collectively, the "VBG Patents") are all directed to a "variable blazed grating" ("VBG"), an element of an optical processing device expressly claimed in each of the VBG Patents. The '479 Patent is a continuation of the '502 Patent.

## Background

14. Finisar is a leading provider of optical subsystems and components that are used to interconnect equipment in short-distance local area networks, storage area networks, longer distance metropolitan area networks, fiber-to-the-home networks, cable television networks, and wide area networks.

15. Finisar's products include a Wavelength Selective Switch ("WSS") and a Waveshaper Programmable Optical Processors ("Waveshaper"), which are both based on Liquid Crystal on Silicon (LCoS) technology.

16. On information and belief, Cheetah was founded by Dr. Mohammed N. Islam, a professor at the University of Michigan and a named inventor of each of the patents-at-issue in this action.

17. On information and belief, over the past five (5) years Cheetah has asserted its patents in about ten (10) actions in various Federal District Courts, including this Court.

3

18. Cheetah has been particularly aggressively pursuing through litigation customers of Finisar.

19. On June 3, 2011, Cheetah filed a patent infringement action against Fujitsu Network Communications, Inc. in this Court, Case No. 2:11-cv-12427, alleging infringement of the '611 Patent. Subsequently, Cheetah moved for voluntary dismissal, and the action was dismissed without prejudice. Fujitsu is a customer of Finisar.

20. On June 3, 2011, Cheetah also filed in this Court an action, Case No. 2:11-cv-12429, against Tellabs, Inc., Tellabs Operations, Inc., and Tellabs North America, Inc. Subsequently, Cheetah moved for voluntary dismissal, and this action was also dismissed without prejudice. Tellabs is also a Finisar customer.

21. On July 29, 2011, Cheetah filed a patent infringement action in the United States District Court for the Eastern District of Texas, Case No. 6:11-cv-00390 (the "Texas Action"), against Alcatel-Lucent USA, Inc., Alcatel-Lucent Holding, Inc., Ciena Corporation, Ciena Communications, Inc., Fujitsu Network Communications, Inc., Tellabs, Inc., Tellabs Operations, Inc., Tellabs North America, Inc., Nokia Siemens Networks US LLC, Huawei Technologies USA, Inc., and Huawei Device USA, Inc. (collectively, "Texas Defendants"). The Texas Defendants include Finisar customers.

22. Cheetah did not name Finisar as a defendant in the Texas Action but alleges that products of the Texas Defendants incorporating Finisar's WSS and the LCoS technology infringe the '661 and '479 Patents.

23. Cheetah's systematic and aggressive pursuit of Finisar's customers and products through litigation and other conduct has created a substantial and immediate dispute between

4

Finisar and Cheetah relating to Cheetah's allegation of infringement of the '661 Patent and VBG Patents.

## Count I
### Declaratory Judgment of Non-Infringement of the '661 Patent by Finisar with Respect to Finisar's WSS

24. Finisar realleges and incorporates herein by reference Paragraphs 1 through 23 of this Complaint.

25. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

26. Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's WSS and LCoS technology infringe the '661 Patent.

27. Finisar's LCoS technology, and the WSS which is based on the LCoS technology, do not infringe any claim of the '661 Patent.

28. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

29. Finisar is entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '661 Patent by manufacturing, importing, using, selling or offering for sale Finisar's WSS.

## Count II
### Declaratory Relief for Non-Infringement of the '661 Patent by Finisar's Customers with Respect to Finisar's WSS

30. Finisar realleges and incorporates herein by reference Paragraphs 1 through 29 of this Complaint.

31. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

5

32. Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's WSS and LCoS technology infringe the '661 Patent.

33. Finisar's LCoS technology, and the WSS which is based on the LCoS technology, do not infringe any claim of the '661 Patent.

34. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

35. Finisar is also entitled to a declaratory judgment that Finisar's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid claim of the '661 Patent by using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device or system.

### Count III
### Declaratory Relief for Non-Infringement of the '661 Patent by Finisar with Respect to Finisar's Waveshaper

36. Finisar realleges and incorporates herein by reference Paragraphs 1 through 35 of this Complaint.

37. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

38. Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's LCoS technology infringe the '661 Patent.

39. Finisar's LCoS technology, and Waveshaper which is based on the LCoS technology, do not infringe any claim of the '661 Patent.

40. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

41. Finisar is entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '661 Patent by manufacturing, importing, using, selling or offering for sale Finisar's Waveshaper.

## Count IV
### Declaratory Relief for Invalidity of the '661 Patent

42. Finisar realleges and incorporates herein by reference Paragraphs 1 through 41 of this Complaint.

43. The '661 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

44. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

45. Finisar is entitled to a declaratory judgment that the '661 Patent is invalid.

## Count V
### Declaratory Relief for Non-Infringement of the '479 Patent by Finisar with Respect to Finisar's WSS

46. Finisar realleges and incorporates herein by reference Paragraphs 1 through 45 of this Complaint.

47. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

48. Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's WSS and LCoS technology infringe the '479 Patent.

49. Finisar's LCoS technology, and the WSS which is based on the LCoS technology, do not infringe any claim of the '479 Patent.

7

50. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

51. Finisar is entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '479 Patent by manufacturing, importing, using, selling or offering for sale Finisar's WSS as a separate unit or as part of another device manufactured, imported, used, sold or offered for sale by Finisar.

### Count VI
### Declaratory Relief for Non-Infringement of the '479 Patent by Finisar's Customers with Respect to Finisar's WSS

52. Finisar realleges and incorporates herein by reference Paragraphs 1 through 51 of this Complaint.

53. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

54. Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's WSS and LCoS technology infringe the '479 Patent.

55. Finisar's LCoS technology, and the WSS which is based on the LCoS technology, do not infringe any claim of the '479 Patent.

56. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

57. Finisar is also entitled to a declaratory judgment that Finisar's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid claim of the '479 Patent by using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device.

## Count VII
### Declaratory Relief for Non-Infringement of the '479 Patent by Finisar with Respect to Finisar's Waveshaper

58. Finisar realleges and incorporates herein by reference Paragraphs 1 through 57 of this Complaint.

59. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

60. Cheetah has asserted in the Texas Action that products of Finisar's customers incorporating Finisar's LCoS technology infringe the '479 Patent.

61. Finisar's LCoS technology, and Waveshaper which is based on the LCoS technology, do not infringe any claim of the '479 Patent.

62. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

63. Finisar is entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '479 Patent by manufacturing, importing, using, selling or offering for sale Finisar's Waveshaper.

## Count VIII
### Declaratory Relief for Invalidity of the '479 Patent

64. Finisar realleges and incorporates herein by reference Paragraphs 1 through 63 of this Complaint.

65. The '479 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

9

66. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

67. Finisar is entitled to a declaratory judgment that the '479 Patent is invalid.

### Count IX
### Declaratory Relief for Non-Infringement of the '502 Patent by Finisar with Respect to Finisar's WSS

68. Finisar realleges and incorporates herein by reference Paragraphs 1 through 67 of this Complaint.

69. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

70. Finisar's LCoS technology, and WSS which is based on the LCoS technology, do not infringe any claim of the '502 Patent.

71. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

72. Finisar is also entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '502 Patent by manufacturing, importing, using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device.

### Count X
### Declaratory Relief for Non-Infringement of the '502 Patent by Finisar with Respect to Finisar's Waveshaper

73. Finisar realleges and incorporates herein by reference Paragraphs 1 through 72 of this Complaint.

74.     Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

75.     Finisar's LCoS technology, and Waveshaper which is based on the LCoS technology, do not infringe any claim of the '502 Patent.

76.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

77.     Finisar is also entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '502 Patent by manufacturing, importing, using, selling or offering for sale Finisar's Waveshaper.

## Count XI
### Declaratory Relief for Invalidity of the '502 Patent

78.     Finisar realleges and incorporates herein by reference Paragraphs 1 through 77 of this Complaint.

79.     The '502 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

80.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

81.     Finisar is entitled to a declaratory judgment that the '502 Patent is invalid.

## Count XII
### Declaratory Relief for Non-Infringement of the '473 Patent by Finisar with Respect to Finisar's WSS

82.     Finisar realleges and incorporates herein by reference Paragraphs 1 through 81 of this Complaint.

83. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

84. Finisar's LCoS technology, and WSS which is based on the LCoS technology, do not infringe any claim of the '473 Patent.

85. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

86. Finisar is also entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '473 Patent by manufacturing, importing, using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device.

### Count XIII
**(Declaratory Relief for Non-Infringement of the '473 Patent by Finisar with Respect to Finisar's Waveshaper)**

87. Finisar realleges and incorporates herein by reference Paragraphs 1 through 86 of this Complaint.

88. Cheetah has been systematically and aggressively pursuing customers of Finisar through litigation.

89. Finisar's LCoS technology, and Waveshaper which is based on the LCoS technology, do not infringe any claim of the '473 Patent.

90. Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

91.     Finisar is also entitled to a declaratory judgment that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of the '473 Patent by manufacturing, importing, using, selling or offering for sale Finisar's Waveshaper.

## Count XIV
### Declaratory Relief for Invalidity of the '473 Patent

92.     Finisar realleges and incorporates herein by reference Paragraphs 1 through 91 of this Complaint.

93.     The '473 Patent is invalid because the purported inventions therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 102, 103 and/or 112.

94.     Based on the facts alleged herein, and under all the circumstances, there is a substantial controversy between Cheetah and Finisar of sufficient immediacy and reality to warrant the issuance of a declaratory judgment by this Court.

95.     Finisar is entitled to a declaratory judgment that the '473 Patent is invalid.

## Prayer for Relief

WHEREFORE, Finisar respectfully requests that this Court enter a Judgment and Order:

    A.     Declaring United States Patent No. 6,888,661 invalid;

    B.     Declaring United States Patent No. 6,847,479 invalid;

    C.     Declaring United States Patent No. 6,445,502 invalid;

    D.     Declaring United States Patent No. 6,721,473 invalid;

    E.     Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,888,661 by manufacturing, importing, using, selling or offering for sale Finisar's WSS;

F. Declaring that Finisar's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,888,661 by using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device;

G. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,888,661 by manufacturing, importing, using, selling or offering for sale Finisar's Waveshaper;

H. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,847,479 by manufacturing, importing, using, selling or offering for sale Finisar's WSS as a separate unit or as part of another device manufactured, imported, used, sold or offered for sale by Finisar;

I. Declaring that Finisar's customers have not infringed and are not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,847,479 by using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device;

J. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,847,479 by manufacturing, importing, using, selling or offering for sale Finisar's Waveshaper;

K. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,445,502 by using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device;

L. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,445,502 by using, selling or offering for sale Finisar's Waveshaper;

M. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,721,473 by using, selling or offering for sale Finisar's WSS, separately, or in combination with or upon incorporation into another device;

N. Declaring that Finisar has not infringed and is not now infringing, directly, contributorily, or by inducement, any valid claim of United States Patent No. 6,721,473 by using, selling or offering for sale Finisar's Waveshaper;

O. Preliminarily and permanently enjoining Cheetah from commencing or proceeding with any legal action arising out of the '661 and/or any of the VBG Patents against any of Finisar's customers whose products incorporate Finisar's WSS and LCoS technology;

P. Declaring this suit exceptional under 35 U.S.C. § 285 due to Cheetah's conduct, and awarding Finisar its reasonable attorneys' fees, and cost of this action; and

Q.  Awarding Finisar such other and further relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED

By: s/A. Michael Palizzi
A. Michael Palizzi (P47262)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Ste. 2500
Detroit, Michigan 48226
(313) 963-4620
palizzi@millercanfield.com

David Radulescu, Esq.
Tigran Vardanian, Esq.
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010-1601
(212) 849-7000
davidradulescu@quinnemanuel.com
tigranvardanian@quinnemanuel.com

Dated:  December 22, 2011  *Attorneys for Plaintiff Finisar Corporation*

## JURY DEMAND

Finisar respectfully demands a trial by jury on each and every issue, question, and/or count so triable.

RESPECTFULLY SUBMITTED

By: s/A. Michael Palizzi
A. Michael Palizzi (P47262)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Ste. 2500
Detroit, Michigan 48226
(313) 963-4620
palizzi@millercanfield.com

|  | David Radulescu, Esq.<br>Tigran Vardanian, Esq.<br>QUINN EMANUEL URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010-1601<br>(212) 849-7000<br>davidradulescu@quinnemanuel.com<br>tigranvardanian@quinnemanuel.com |
|---|---|
| Dated: December 22, 2011 | *Attorneys for Plaintiff Finisar Corporation* |

19,678,640.1\149007-00001

17